**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## MOTION TO COMPEL

Winn-Dixie Stores, Inc., on behalf of itself and its reorganized subsidiaries and affiliates (collectively, "Winn-Dixie"), moves the Court pursuant to Rule 7034, Federal Rules of Bankruptcy Procedure, to compel the Property Appraisers for Collier, Lake, Palm Beach, St. Johns, Seminole, and Volusia counties (collectively, the "Property Appraisers") to (i) serve amended responses to Winn-Dixie's requests for production, (ii) produce all non-confidential documents that are in the Property Appraisers' possession, custody or control, (iii) produce confidential documents pursuant to an order governing the confidentiality of documents, and (iv) serve signed responses to Winn-Dixie's interrogatories, and in support says:

1.    On May 14, 2010, Winn-Dixie served identical Requests for Production (the "Document Requests") and Interrogatories (the "Interrogatories") to the Property Appraisers. Copies of the Document Requests and Interrogatories are attached as composite Exhibits A and B, respectively.

2.  The Property Appraisers' responses were due on June 17, 2010.

3.  The Property Appraisers requested an extension from Winn-Dixie, and Winn-Dixie granted the Property Appraisers a 20-day extension (until July 7, 2010) to serve responses to the Document Requests and Interrogatories.

4.  The Property Appraisers ignored the July 7, 2010, deadline and served, but did not file, a motion requesting an additional 60 days to respond to the Document Requests and Interrogatories.

5.  The Property Appraisers did not receive any additional extensions from the Court or Winn-Dixie.

6.  On July 27, 2010, approximately three weeks after the expiration of Winn-Dixie's 20-day extension, the Property Appraisers served responses to the Document Requests (the "Responses"), copies of which are attached as composite Exhibit C.  None of the Property Appraisers responded to Winn-Dixie's Interrogatories.

7.  The Document Requests asked the Property Appraisers to produce the following categories of documents:

> 1.  All documents you considered or relied in performing a comparable sales approach appraisal of the Property.
>
> 2.  All documents you considered or relied upon in performing a cost approach appraisal of the Property.

2

3. All documents you considered or relied upon in performing an income approach appraisal of the Property.

4. All documents you considered or relied upon in your consideration of the present cash value of the Property, which is the amount a willing purchaser would pay a willing seller, exclusive of reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm's length.

5. All documents you considered or relied upon in your consideration of the highest and best use to which the Property can be expected to be put in the immediate future and the present use of the Property.

6. All documents you considered or relied upon in your consideration of the location of the Property.

7. All documents you considered or relied upon in your consideration of the quantity or size of the Property.

8. All documents you considered or relied upon in your consideration of the cost of the Property.

9. All documents you considered or relied upon in your consideration of the condition of the Property.

10. All documents you considered or relied upon in your consideration of the income from the Property.

11. All documents you considered or relied upon in your consideration of the net proceeds of the sale of any of the Property, as received by Winn-Dixie, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements.

12. All documents relating to or referring to any studies you prepared for the purpose of establishing assessments of the Property or tangible personal property in general.

13. All documents relating or referring to any investigation you conducted to determine whether there was any functional or external obsolescence affecting the value of used grocery store fixtures and equipment in 2005 or 2006.

14. All documents relating or referring to any market data relating to used grocery store fixtures and equipment that you referred to or relied upon or considered in connection with your assessment of the Property.

15. All documents constituting any replacement cost estimates made for the Property.

16. All documents that you considered or relied upon in the process of estimating the replacement costs of the Property.

17. All documents which you considered or relied upon in estimating the reproduction costs of the Property, including any indexes or other supporting data you used to estimate reproduction costs.

4

18. All documents you considered or relied upon in estimating economic lives for the Property in connection with you assessment of the Property.

19. All guides pertaining to estimates of economic life for assessing tangible personal property which you considered or used in the process of assessing the Property.

20. All documents you considered or relied upon in estimating accrued depreciation for purposes of assessing the Property under the cost approach, including, but not limited to, (i) guides or tables provided by others, (ii) guides or tables which you developed yourself, and (iii) all documents containing data upon which such estimates of accrued depreciation were based.

21. Appraisals performed by others that you considered or relied upon in assessing the Property.

22. Any directives, bulletins, opinion letters or similar documents you received from the Florida Department of Revenue on the subject of assessing tangible personal property that you considered or relied upon in connection with your assessment of the Property.

23. All tax returns (DR-405) of other tax considered or relied upon for the purpose of assessing the Property.

24. All documents submitted by other taxpayers that you considered or relied upon in completing your assessment of the Property.

25. The Florida Department of Revenue Form DR 493 (Rev. 6/92) entitled "Summary of S.193.011(8), F.S., Adjustments Made to Recorded Selling Prices in Arriving at Assessed Value," that you submitted with your initial assessment roll for tax years 2005 and 2006.

26. Any written requests from you to Winn-Dixie for information concerning the Property for the taxable year at issue.

27. Any photographs of the Property.

28. All records of any inspections of the Property at any time during the period from 2001 through 2006.

29. All documents, notes, memoranda or correspondence prepared or received by you relating to the Property

30. Any inventories or equipment listings which you have prepared concerning the Property.

31. Any legal opinions you received from counsel on the subject of assessing tangible personal property that you considered or relied upon in connection with your assessment of the Property.

32. Any documents prepared by Stephen L. Barreca that you considered or relied upon in any way in assessing the Property.

33. Reports of any experts you consulted with regard to your assessments of the Property.

   34. Reports of any experts you have consulted with regard to the issues raised in the Objection to Claim.

 8. Instead of responding to each request, as required by Rule 7034(b)(2)(B), the Property Appraisers served identical blanket responses to the 34 individual requests. Below, as an example, is the Collier County Property Appraiser's response:

> Abe Skinner, as Collier County Property Appraiser ("Property Appraiser"), notifies Plaintiff that production of the matters requested may be accomplished t any time between the hours of 9:00 A.M. and 5:00 P.M., Monday through Friday, at the offices of the Property Appraiser, Collier County, and that should Plaintiff desire a copy of any items, copies may be furnished upon Plaintiff's paying the charges provided therefor by law under Chapter 119, the Public Records Act of the State of Florida. Pursuant to Bankruptcy Rule 7034 and Rule 34, Fed.R.Civ.P., the requested documents will be produced as they are kept in the usual course of business and as ordinarily maintained in the office of the Property Appraiser, rather than being organized and labeled to correspond with the categories in the request.
>
> The Property Appraiser objects to the requested place of production in Jacksonville, which would require that the records be removed from the county where they are required to be kept, as this would violate Section 119.021(1)(a), Florida Statutes.
>
> The Property Appraiser objects to the production of any records that are confidential under §§ 192.105, 193.074 or 195.027(3), Florida Statutes, as well as any documents that invade the work product privilege of counsel. In particular, Requests Nos. 23 and 24 call for the production of information which is confidential by the cited statutes. By way of privilege log, Property

>Appraiser identifies al tangible personal property tax returns and information furnished by other taxpayers in the County to the Property Appraiser's office in response to requests made under Section 195.027, Florida Statutes.
>
>Your attention is respectfully invited to https://taxlaw.state.fl.us, click on "Property Tax Oversight," where you can find the Florida Constitution, the relevant Florida Statutes, the Florida Administrative Code and some case law. Of particular relevance, the Florida Department of Revenue has issued "Standard Measures of Value: Tangible Personal Property Appraisal Guidelines" which may be found at http://dor.myflorida.com/dor/pdf/paguide.pdf. The Barreca study is attached to the Property Appraiser's Response to Fourth Omnibus Objection to Claims. The Final Judgment in *Wal-Mart Stores v. Mazourek*, Case No. 97-2994, is available from the Clerk of the Circuit Court of the Fifth Judicial Circuit, Collier County, recorded in O/R Book 1299 at Page 1539. A copy of the transcript of testimony and Exhibits is available from Debtor's Co-Counsel Robert E.V. Kelley, Jr., Hill, Ward & Henderson, Tampa, Florida.

9.   The Responses to Winn-Dixie's requests are deficient because (i) the Responses do not comply with the requirements of Rule 7034(b)(2), (ii) the Property Appraisers have waived all objections, (iii) Florida Statutes permit the production of confidential information, and (iv) the Property Appraisers need to produce documents in their possession, custody or control.

>A.   *The Responses do not comply with the requirements of Rule 7034(b)(2)*

10.   The Responses do not include an individual response to each request for production. Pursuant to Rule 7034(b)(2), the Property Appraisers are required

8

to respond to "each" request and state that the documents will be produced or state an objection:

> (2) *Responses and Objections*.
>
> ***
>
> (B) *Responding to Each Item*. For *each* item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.
>
> (C) *Objections*. An objection to part of a request must specify the part and permit the rest.
>
> Rule 7034(b)(2), Fed. R. Bankr. P. (emphasis added).

The Property Appraisers' "blanket responses" do not comply with Rule 7034(b)(2).

### B.    *The Property Appraisers have waived all objections.*

11.    The Property Appraisers object to the production of unidentified documents that "invade the work product privilege of counsel." Winn-Dixie served its Requests for Production on May 14. The Property Appraisers' responses to those discovery requests were due on June 17. Pursuant to the Property Appraisers' request for an extension, Winn-Dixie offered to allow the Property Appraisers until July 7 to serve responses. The Property Appraisers rejected that offer and served, but did not file, a motion requesting an additional sixty days to respond to Winn-Dixie's discovery. Because Property Appraisers

9

have not received any extensions from Winn-Dixie or the Court beyond July 7, the Responses the Property Appraisers served on July 27 are past due, and the Property Appraisers have waived all objections. *See Third Party Verification, Inc. v. SignatureLink*, Inc., 2007 WL 1288361 *3 (M.D. Fla. 2007) ("A party who fails to file timely objections waives *all* objections, *including those based on privilege or work product*.") (emphasis added).

        C.     *Florida Statutes permit the production of confidential information.*

12. Request Nos. 23 and 24 ask the Property Appraisers to produce all tax returns and documents submitted by other tax payers that the Property Appraisers considered or relied upon in the process of assessing Winn-Dixie's property. The Property Appraisers objected to those requests, asserting that they seek documents that Florida Statutes protect as confidential. Winn-Dixie acknowledges that Florida Statutes provide that tax returns and other documents submitted by tax payers are confidential. Nonetheless, the relevant statutes also provide that a court can order the production of such documents. *See*, *e.g.*, Fla. Stat. §§ 192.105(1), 195.027(3) (2009). Winn-Dixie respectfully requests the Court enter an order compelling the Property Appraisers to produce confidential documents and require Winn-Dixie maintain their confidentiality.

> D. *The Property Appraisers need to produce documents in their possession, custody or control.*

13.     The Responses "invite" Winn-Dixie's attention to a website,[1] the Florida Constitution, the "relevant" Florida Statutes, the Florida Administrative Code, "some case law," the Department of Revenue's guidelines for appraising tangible personal property, a study by Steve Barreca, the Fifth Judicial Circuit Court's Final Judgment in the case of *Wal-Mart Stores v. Mazourek*, and the transcript and exhibits from that case. It is not apparent from the Responses, however, whether *any* of these documents are in the Property Appraisers' "possession custody or control." Rule 7034(a)(1), Fed. R. Bankr. P. The Property Appraisers need to tell Winn-Dixie whether the documents to which the Property Appraisers have "invited" Winn-Dixie's attention are in their possession, custody or control. If they are, the Court should order the Property Appraisers to produce them. *See* Rule 7034(b)(2)(E)(i), Fed. R. Bankr. P. ("A party *must produce documents…*") (emphasis added).

14.     On August 4, 2010, counsel for Winn-Dixie sent Gaylord Wood, the attorney for the Property Appraisers, the letter attached as Exhibit D requesting the Property Appraisers supplement the Responses to the Requests for Production, produce documents and serve responses to the Interrogatories by August 11. Mr. Wood *never* responded to that letter.

---

[1] An Internet website is not a document.

11

WHEREFORE, based upon the foregoing, Winn-Dixie respectfully request that the Court enter an Order compelling the Property Appraisers to (i) serve amended responses to Winn-Dixie' requests for production, (ii) produce all non-confidential documents that are in the Property Appraisers' possession, custody or control, (iii) produce confidential documents pursuant to an order governing the confidentiality of documents, and (iv) serve signed responses to the interrogatories propounded by Winn-Dixie.  In addition, Winn-Dixie requests the Court impose sanctions against the Property Appraisers pursuant to Rule 7037(a)(5)(A), Federal Rules of Bankruptcy Procedure, and order the Property Appraisers to pay the attorneys' fees and expenses Winn-Dixie incurs in connection with this motion.

### Rule 7026(c) and Rule 7037(a)(2)(A) Certification

The undersigned certifies that he has in good faith attempted to confer with the Property Appraisers' attorney in an effort to resolve the issues raised in this motion without Court action.

SMITH HULSEY & BUSEY

By   */s/ Allan E. Wulbern*
         Allan E. Wulbern

Florida Bar Number 0175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Counsel for Winn-Dixie Stores, Inc.

13

## Certificate of Service

I certify that on August 18, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to Gaylord A. Wood, Jr., Esq., Law Offices of Wood & Stuart, P.A., Post Office Box 1987, Bunnell, Florida 32110-1987.

                                                        */s/ Allan E. Wulbern*
                                                                Attorney

00717297