# COMPOSITE EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

**WINN-DIXIE STORES, INC.'S REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO**
**COLLIER COUNTY PROPERTY APPRAISER**

Winn-Dixie Stores, Inc. and its affiliated debtors ("Winn-Dixie"), pursuant to

Rule 7034, Federal Rules of Bankruptcy Procedure, request the Collier County Property

Appraiser produce and permit counsel for Winn-Dixie to inspect and copy each of the

following items at the offices of Smith Hulsey & Busey, 225 Water Street, Suite 1800,

Jacksonville, Florida 32202, within 30 days of the date of service of this request.

Definitions and Instructions

For the purpose of these requests, the following definitions apply:

A.    The "Appraiser," "you" and "your" means the Collier County Property Appraiser, his agents, representatives, employees, officials or anyone acting on his behalf.

B.    "Objection to Claim" means the Debtors' Omnibus Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities (Doc. No. 10046).

C.    "Property" means the personal property identified on the Tangible Personal Property Tax Returns that Winn-Dixie submitted to the Appraiser for the tax years 2005 and 2006.

    D.     "DOR Guidelines" mean the Standard Measures of Value: Tangible Personal Property Appraisal Guidelines published by the Florida Department of Revenue (Rev. 12/97).

    E.     The term "replacement cost new" has the meaning given to that term in the DOR Guidelines.

    F.     The term "income approach appraisal" has the meaning given that term in the DOR Guidelines.

    G.     The term "cost approach appraisal" has the meaning given that term in the DOR Guidelines.

    H.     The term "comparable sales approach appraisal" has the meaning given that term in the DOR Guidelines.

    I.     The term "reproduction cost new" has the meaning given that term in the DOR Guidelines.

    J.     The terms "obsolescence," "function obsolescence," and "external obsolescence" have the meaning given those terms in the DOR Guidelines.

    K.     "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, the Appraiser and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

    L.     "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, without limiting the generality of the foregoing, tax records, property record cards, property data cards, public records, appraisals, surveys, manuals, guides, instructions, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, bills of lading, credit memos, debit memos, letters of credit, warehouse receipts, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, including audio and video recordings and computer stored information such as word processing documents and e-mails. The foregoing definition includes originals of documents and all copies that are different in any way from the originals.

M.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

N.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

O.    "Identify" means to set forth:

    1.    When used with reference to a person:

        a.    the person's full name;

        b.    the person's current or last known home and business addresses and telephone numbers; and

        c.    if employed, the name of the person's employer and the position held.

    2.    When used with reference to a corporation or other business entity:

        a.    its complete name;

        b.    its current mailing address; and

        c.    its current telephone number.

    3.    When used with reference to a document:

        a.    its subject matter;

        b.    its substance in summary form;

        c.    the identity of each person involved in preparing it; and

        d.    the identity of each person currently in possession of it.

    4.    When used with reference to a tangible physical object:

        a.    the object's description;

        b.    the object's identification code, if any;

        c.    the object's make, model and year, if applicable;

        d.    the object's current location; and

        e.    the person to contact to arrange an inspection of the object.

5.    When used with reference to a statute:

    a.    the Title and Code under which the statute was enacted;
    b.    the section of the statute;
    c.    the subsection of the statute; and
    d.    the subparagraph(s) of the statute.

P.    "Person" means all natural persons and entities, including without limitation, corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus and boards.

Q.    "State with specificity" or "describe with specificity" means to (i) state the substance of the facts supporting your response, (ii) identify documents supporting your response, and (iii) identify all witnesses who have knowledge or information supporting your response, listing the information or knowledge that each such witness possesses.

R.    In response to these requests, you are required to disclose all information known to you, your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

S.    If you are unable to respond the requests after conducting a reasonable investigation, so state and answer to the extent possible, further stating the information you cannot provide and the efforts made to obtain such information.

T.    Unless otherwise stated in a specific request, the time period relevant to these requests is tax years 2005 and 2006.

## Documents Requested

1.    All documents you considered or relied in performing a comparable sales approach appraisal of the Property.

2.    All documents you considered or relied upon in performing a cost approach appraisal of the Property.

3.    All documents you considered or relied upon in performing an income approach appraisal of the Property.

4.    All documents you considered or relied upon in your consideration of the present cash value of the Property, which is the amount a willing purchaser would pay a willing seller, exclusive of reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm's length.

5.    All documents you considered or relied upon in your consideration of the highest and best use to which the Property can be expected to be put in the immediate future and the present use of the Property.

6.    All documents you considered or relied upon in your consideration of the location of the Property.

7.    All documents you considered or relied upon in your consideration of the quantity or size of the Property.

8.    All documents you considered or relied upon in your consideration of the cost of the Property.

9.    All documents you considered or relied upon in your consideration of the condition of the Property.

10.    All documents you considered or relied upon in your consideration of the income from the Property.

11.    All documents you considered or relied upon in your consideration of the net proceeds of the sale of any of the Property, as received by Winn-Dixie, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements.

12.    All documents relating to or referring to any studies you prepared for the purpose of establishing assessments of the Property or tangible personal property in general.

13.    All documents relating or referring to any investigation you conducted to determine whether there was any functional or external obsolescence affecting the value of used grocery store fixtures and equipment in 2005 or 2006.

14.    All documents relating or referring to any market data relating to used grocery store fixtures and equipment that you referred to or relied upon or considered in connection with your assessment of the Property.

15.    All documents constituting any replacement cost estimates made for the Property.

16.    All documents that you considered or relied upon in the process of estimating the replacement costs of the Property.

17.    All documents which you considered or relied upon in estimating the reproduction costs of the Property, including any indexes or other supporting data you used to estimate reproduction costs.

18.    All documents you considered or relied upon in estimating economic lives for the Property in connection with you assessment of the Property.

19.    All guides pertaining to estimates of economic life for assessing tangible personal property which you considered or used in the process of assessing the Property.

20.    All documents you considered or relied upon in estimating accrued depreciation for purposes of assessing the Property under the cost approach, including, but not limited to, (i) guides or tables provided by others, (ii) guides or tables which you developed yourself, and (iii) all documents containing data upon which such estimates of accrued depreciation were based.

21.    Appraisals performed by others that you considered or relied upon in assessing the Property.

22.    Any directives, bulletins, opinion letters or similar documents you received from the Florida Department of Revenue on the subject of assessing tangible personal property that you considered or relied upon in connection with your assessment of the Property.

23.    All tax returns (DR-405) of other tax considered or relied upon for the purpose of assessing the Property.

24.    All documents submitted by other taxpayers that you considered or relied upon in completing your assessment of the Property.

25.    The Florida Department of Revenue Form DR 493 (Rev. 6/92) entitled "Summary of S.193.011(8), F.S., Adjustments Made to Recorded Selling Prices in Arriving at Assessed Value," that you submitted with your initial assessment roll for tax years 2005 and 2006.

26.    Any written requests from you to Winn-Dixie for information concerning the Property for the taxable year at issue.

27.    Any photographs of the Property.

28.    All records of any inspections of the Property at any time during the period from 2001 through 2006.

29.    All documents, notes, memoranda or correspondence prepared or received by you relating to the Property

30.     Any inventories or equipment listings which you have prepared concerning the Property.

31.     Any legal opinions you received from counsel on the subject of assessing tangible personal property that you considered or relied upon in connection with your assessment of the Property.

32.     Any documents prepared by Stephen L. Barreca that you considered or relied upon in any way in assessing the Property.

33.     Reports of any experts you consulted with regard to your assessments of the Property.

34.     Reports of any experts you have consulted with regard to the issues raised in the Objection to Claim.

SMITH HULSEY & BUSEY

By:_____

Stephen D. Busey
Allan E. Wulbern

Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.

## Certificate of Service

I certify that a copy of the foregoing is being furnished by mail to Gaylord A.

Wood, Jr., Esq., Law Offices of Wood & Stuart, P.A., Post Office Box 1987, Bunnell,

Florida 32110-1987 this _____ day of May, 2010.

_____
Attorney

704569

9

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

## WINN-DIXIE STORES, INC.'S REQUEST FOR
## PRODUCTION OF DOCUMENTS TO
## LAKE COUNTY PROPERTY APPRAISER

Winn-Dixie Stores, Inc. and its affiliated debtors ("Winn-Dixie"), pursuant to

Rule 7034, Federal Rules of Bankruptcy Procedure, request the Lake County Property

Appraiser produce and permit counsel for Winn-Dixie to inspect and copy each of the

following items at the offices of Smith Hulsey & Busey, 225 Water Street, Suite 1800,

Jacksonville, Florida 32202, within 30 days of the date of service of this request.

### Definitions and Instructions

For the purpose of these requests, the following definitions apply:

A.    The "Appraiser," "you" and "your" means the Lake County Property
Appraiser, his agents, representatives, employees, officials or anyone acting on his
behalf.

B.    "Objection to Claim" means the Debtors' Omnibus Objection to
Florida Tax Claims and Motion for Order Determining Tax Liabilities (Doc. No.
10046).

C.    "Property" means the personal property identified on the Tangible
Personal Property Tax Returns that Winn-Dixie submitted to the Appraiser for the tax
years 2005 and 2006.

D.      "DOR Guidelines" mean the Standard Measures of Value: Tangible Personal Property Appraisal Guidelines published by the Florida Department of Revenue (Rev. 12/97).

E.      The term "replacement cost new" has the meaning given to that term in the DOR Guidelines.

F.      The term "income approach appraisal" has the meaning given that term in the DOR Guidelines.

G.      The term "cost approach appraisal" has the meaning given that term in the DOR Guidelines.

H.      The term "comparable sales approach appraisal" has the meaning given that term in the DOR Guidelines.

I.      The term "reproduction cost new" has the meaning given that term in the DOR Guidelines.

J.      The terms "obsolescence," "function obsolescence," and "external obsolescence" have the meaning given those terms in the DOR Guidelines.

K.      "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, the Appraiser and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

L.      "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, without limiting the generality of the foregoing, tax records, property record cards, property data cards, public records, appraisals, surveys, manuals, guides, instructions, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, bills of lading, credit memos, debit memos, letters of credit, warehouse receipts, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, including audio and video recordings and computer stored information such as word processing documents and e-mails. The foregoing definition includes originals of documents and all copies that are different in any way from the originals.

2

M.     The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

N.     The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

O.     "Identify" means to set forth:

    1.     When used with reference to a person:

        a.     the person's full name;
        b.     the person's current or last known home and business addresses and telephone numbers; and
        c.     if employed, the name of the person's employer and the position held.

    2.     When used with reference to a corporation or other business entity:

        a.     its complete name;
        b.     its current mailing address; and
        c.     its current telephone number.

    3.     When used with reference to a document:

        a.     its subject matter;
        b.     its substance in summary form;
        c.     the identity of each person involved in preparing it; and
        d.     the identity of each person currently in possession of it.

    4.     When used with reference to a tangible physical object:

        a.     the object's description;
        b.     the object's identification code, if any;
        c.     the object's make, model and year, if applicable;
        d.     the object's current location; and
        e.     the person to contact to arrange an inspection of the object.

5.    When used with reference to a statute:

    a.    the Title and Code under which the statute was enacted;
    b.    the section of the statute;
    c.    the subsection of the statute; and
    d.    the subparagraph(s) of the statute.

P.    "Person" means all natural persons and entities, including without limitation, corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus and boards.

Q.    "State with specificity" or "describe with specificity" means to (i) state the substance of the facts supporting your response, (ii) identify documents supporting your response, and (iii) identify all witnesses who have knowledge or information supporting your response, listing the information or knowledge that each such witness possesses.

R.    In response to these requests, you are required to disclose all information known to you, your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

S.    If you are unable to respond the requests after conducting a reasonable investigation, so state and answer to the extent possible, further stating the information you cannot provide and the efforts made to obtain such information.

T.    Unless otherwise stated in a specific request, the time period relevant to these requests is tax years 2005 and 2006.

4

Documents Requested

1.    All documents you considered or relied in performing a comparable sales approach appraisal of the Property.

2.    All documents you considered or relied upon in performing a cost approach appraisal of the Property.

3.    All documents you considered or relied upon in performing an income approach appraisal of the Property.

4.    All documents you considered or relied upon in your consideration of the present cash value of the Property, which is the amount a willing purchaser would pay a willing seller, exclusive of reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm's length.

5.    All documents you considered or relied upon in your consideration of the highest and best use to which the Property can be expected to be put in the immediate future and the present use of the Property.

6.    All documents you considered or relied upon in your consideration of the location of the Property.

7.    All documents you considered or relied upon in your consideration of the quantity or size of the Property.

8.    All documents you considered or relied upon in your consideration of the cost of the Property.

9.    All documents you considered or relied upon in your consideration of the condition of the Property.

10.    All documents you considered or relied upon in your consideration of the income from the Property.

5

11.    All documents you considered or relied upon in your consideration of the net proceeds of the sale of any of the Property, as received by Winn-Dixie, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements.

12.    All documents relating to or referring to any studies you prepared for the purpose of establishing assessments of the Property or tangible personal property in general.

13.    All documents relating or referring to any investigation you conducted to determine whether there was any functional or external obsolescence affecting the value of used grocery store fixtures and equipment in 2005 or 2006.

14.    All documents relating or referring to any market data relating to used grocery store fixtures and equipment that you referred to or relied upon or considered in connection with your assessment of the Property.

15.    All documents constituting any replacement cost estimates made for the Property.

16.    All documents that you considered or relied upon in the process of estimating the replacement costs of the Property.

17.    All documents which you considered or relied upon in estimating the reproduction costs of the Property, including any indexes or other supporting data you used to estimate reproduction costs.

18.    All documents you considered or relied upon in estimating economic lives for the Property in connection with you assessment of the Property.

19.    All guides pertaining to estimates of economic life for assessing tangible personal property which you considered or used in the process of assessing the Property.

20.    All documents you considered or relied upon in estimating accrued depreciation for purposes of assessing the Property under the cost approach, including, but not limited to, (i) guides or tables provided by others, (ii) guides or tables which you developed yourself, and (iii) all documents containing data upon which such estimates of accrued depreciation were based.

21.    Appraisals performed by others that you considered or relied upon in assessing the Property.

22.    Any directives, bulletins, opinion letters or similar documents you received from the Florida Department of Revenue on the subject of assessing tangible personal property that you considered or relied upon in connection with your assessment of the Property.

23.    All tax returns (DR-405) of other tax considered or relied upon for the purpose of assessing the Property.

24.    All documents submitted by other taxpayers that you considered or relied upon in completing your assessment of the Property.

25.    The Florida Department of Revenue Form DR 493 (Rev. 6/92) entitled "Summary of S.193.011(8), F.S., Adjustments Made to Recorded Selling Prices in Arriving at Assessed Value," that you submitted with your initial assessment roll for tax years 2005 and 2006.

26.    Any written requests from you to Winn-Dixie for information concerning the Property for the taxable year at issue.

27.    Any photographs of the Property.

28.    All records of any inspections of the Property at any time during the period from 2001 through 2006.

29.    All documents, notes, memoranda or correspondence prepared or received by you relating to the Property

7

30.    Any inventories or equipment listings which you have prepared concerning the Property.


31.    Any legal opinions you received from counsel on the subject of assessing tangible personal property that you considered or relied upon in connection with your assessment of the Property.


32.    Any documents prepared by Stephen L. Barreca that you considered or relied upon in any way in assessing the Property.


33.    Reports of any experts you consulted with regard to your assessments of the Property.


34.    Reports of any experts you have consulted with regard to the issues raised in the Objection to Claim.


SMITH HULSEY & BUSEY


By:_____

Stephen D. Busey
Allan E. Wulbern

Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.


8

## Certificate of Service

I certify that a copy of the foregoing is being furnished by mail to Gaylord A. Wood, Jr., Esq., Law Offices of Wood & Stuart, P.A., Post Office Box 1987, Bunnell, Florida 32110-1987 this 14th day of May, 2010.

_____
Attorney

704579

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

**WINN-DIXIE STORES, INC.'S REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO**
**PALM BEACH COUNTY PROPERTY APPRAISER**

Winn-Dixie Stores, Inc. and its affiliated debtors ("Winn-Dixie"), pursuant to

Rule 7034, Federal Rules of Bankruptcy Procedure, request the Palm Beach County

Property Appraiser produce and permit counsel for Winn-Dixie to inspect and copy each

of the following items at the offices of Smith Hulsey & Busey, 225 Water Street, Suite

1800, Jacksonville, Florida 32202, within 30 days of the date of service of this request.

Definitions and Instructions

For the purpose of these requests, the following definitions apply:

A.      The "Appraiser," "you" and "your" means the Palm Beach County
Property Appraiser, his agents, representatives, employees, officials or anyone acting
on his behalf.

B.      "Objection to Claim" means the Debtors' Omnibus Objection to
Florida Tax Claims and Motion for Order Determining Tax Liabilities (Doc. No.
10046).

C.      "Property" means the personal property identified on the Tangible
Personal Property Tax Returns that Winn-Dixie submitted to the Appraiser for the tax
years 2005 and 2006.

D.      "DOR Guidelines" mean the Standard Measures of Value: Tangible Personal Property Appraisal Guidelines published by the Florida Department of Revenue (Rev. 12/97).

E.      The term "replacement cost new" has the meaning given to that term in the DOR Guidelines.

F.      The term "income approach appraisal" has the meaning given that term in the DOR Guidelines.

G.      The term "cost approach appraisal" has the meaning given that term in the DOR Guidelines.

H.      The term "comparable sales approach appraisal" has the meaning given that term in the DOR Guidelines.

I.      The term "reproduction cost new" has the meaning given that term in the DOR Guidelines.

J.      The terms "obsolescence," "function obsolescence," and "external obsolescence" have the meaning given those terms in the DOR Guidelines.

K.      "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, the Appraiser and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

L.      "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, without limiting the generality of the foregoing, tax records, property record cards, property data cards, public records, appraisals, surveys, manuals, guides, instructions, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, bills of lading, credit memos, debit memos, letters of credit, warehouse receipts, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, including audio and video recordings and computer stored information such as word processing documents and e-mails. The foregoing definition includes originals of documents and all copies that are different in any way from the originals.

2

M.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

N.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

O.    "Identify" means to set forth:

    1.    When used with reference to a person:

        a.    the person's full name;
        b.    the person's current or last known home and business addresses and telephone numbers; and
        c.    if employed, the name of the person's employer and the position held.

    2.    When used with reference to a corporation or other business entity:

        a.    its complete name;
        b.    its current mailing address; and
        c.    its current telephone number.

    3.    When used with reference to a document:

        a.    its subject matter;
        b.    its substance in summary form;
        c.    the identity of each person involved in preparing it; and
        d.    the identity of each person currently in possession of it.

    4.    When used with reference to a tangible physical object:

        a.    the object's description;
        b.    the object's identification code, if any;
        c.    the object's make, model and year, if applicable;
        d.    the object's current location; and
        e.    the person to contact to arrange an inspection of the object.

3

5.    When used with reference to a statute:

    a.    the Title and Code under which the statute was enacted;
    b.    the section of the statute;
    c.    the subsection of the statute; and
    d.    the subparagraph(s) of the statute.

P.    "Person" means all natural persons and entities, including without limitation, corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus and boards.

Q.    "State with specificity" or "describe with specificity" means to (i) state the substance of the facts supporting your response, (ii) identify documents supporting your response, and (iii) identify all witnesses who have knowledge or information supporting your response, listing the information or knowledge that each such witness possesses.

R.    In response to these requests, you are required to disclose all information known to you, your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

S.    If you are unable to respond the requests after conducting a reasonable investigation, so state and answer to the extent possible, further stating the information you cannot provide and the efforts made to obtain such information.

T.    Unless otherwise stated in a specific request, the time period relevant to these requests is tax years 2005 and 2006.

## Documents Requested

1.      All documents you considered or relied in performing a comparable sales approach appraisal of the Property.

2.      All documents you considered or relied upon in performing a cost approach appraisal of the Property.

3.      All documents you considered or relied upon in performing an income approach appraisal of the Property.

4.      All documents you considered or relied upon in your consideration of the present cash value of the Property, which is the amount a willing purchaser would pay a willing seller, exclusive of reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm's length.

5.      All documents you considered or relied upon in your consideration of the highest and best use to which the Property can be expected to be put in the immediate future and the present use of the Property.

6.      All documents you considered or relied upon in your consideration of the location of the Property.

7.      All documents you considered or relied upon in your consideration of the quantity or size of the Property.

8.      All documents you considered or relied upon in your consideration of the cost of the Property.

9.      All documents you considered or relied upon in your consideration of the condition of the Property.

10.      All documents you considered or relied upon in your consideration of the income from the Property.

11.    All documents you considered or relied upon in your consideration of the net proceeds of the sale of any of the Property, as received by Winn-Dixie, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements.

12.    All documents relating to or referring to any studies you prepared for the purpose of establishing assessments of the Property or tangible personal property in general.

13.    All documents relating or referring to any investigation you conducted to determine whether there was any functional or external obsolescence affecting the value of used grocery store fixtures and equipment in 2005 or 2006.

14.    All documents relating or referring to any market data relating to used grocery store fixtures and equipment that you referred to or relied upon or considered in connection with your assessment of the Property.

15.    All documents constituting any replacement cost estimates made for the Property.

16.    All documents that you considered or relied upon in the process of estimating the replacement costs of the Property.

17.    All documents which you considered or relied upon in estimating the reproduction costs of the Property, including any indexes or other supporting data you used to estimate reproduction costs.

18.    All documents you considered or relied upon in estimating economic lives for the Property in connection with you assessment of the Property.

19.    All guides pertaining to estimates of economic life for assessing tangible personal property which you considered or used in the process of assessing the Property.

20.    All documents you considered or relied upon in estimating accrued depreciation for purposes of assessing the Property under the cost approach, including, but not limited to, (i) guides or tables provided by others, (ii) guides or tables which you developed yourself, and (iii) all documents containing data upon which such estimates of accrued depreciation were based.

21.    Appraisals performed by others that you considered or relied upon in assessing the Property.

22.    Any directives, bulletins, opinion letters or similar documents you received from the Florida Department of Revenue on the subject of assessing tangible personal property that you considered or relied upon in connection with your assessment of the Property.

23.    All tax returns (DR-405) of other tax considered or relied upon for the purpose of assessing the Property.

24.    All documents submitted by other taxpayers that you considered or relied upon in completing your assessment of the Property.

25.    The Florida Department of Revenue Form DR 493 (Rev. 6/92) entitled "Summary of S.193.011(8), F.S., Adjustments Made to Recorded Selling Prices in Arriving at Assessed Value," that you submitted with your initial assessment roll for tax years 2005 and 2006.

26.    Any written requests from you to Winn-Dixie for information concerning the Property for the taxable year at issue.

27.    Any photographs of the Property.

28.    All records of any inspections of the Property at any time during the period from 2001 through 2006.

29.    All documents, notes, memoranda or correspondence prepared or received by you relating to the Property

30.    Any inventories or equipment listings which you have prepared concerning the Property.


31.    Any legal opinions you received from counsel on the subject of assessing tangible personal property that you considered or relied upon in connection with your assessment of the Property.


32.    Any documents prepared by Stephen L. Barreca that you considered or relied upon in any way in assessing the Property.


33.    Reports of any experts you consulted with regard to your assessments of the Property.


34.    Reports of any experts you have consulted with regard to the issues raised in the Objection to Claim.


SMITH HULSEY & BUSEY


By: _____
      Stephen D. Busey
      Allan E. Wulbern

Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.


8

Certificate of Service

I certify that a copy of the foregoing is being furnished by mail to Gaylord A. Wood, Jr., Esq., Law Offices of Wood & Stuart, P.A., Post Office Box 1987, Bunnell, Florida 32110-1987 this _14th_ day of May, 2010.

_____
Attorney

704585

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## WINN-DIXIE STORES, INC.'S REQUEST FOR
## PRODUCTION OF DOCUMENTS TO
## ST. JOHNS COUNTY PROPERTY APPRAISER

Winn-Dixie Stores, Inc. and its affiliated debtors ("Winn-Dixie"), pursuant to

Rule 7034, Federal Rules of Bankruptcy Procedure, request the St. Johns County

Property Appraiser produce and permit counsel for Winn-Dixie to inspect and copy each

of the following items at the offices of Smith Hulsey & Busey, 225 Water Street, Suite

1800, Jacksonville, Florida 32202, within 30 days of the date of service of this request.

### Definitions and Instructions

For the purpose of these requests, the following definitions apply:

A.    The "Appraiser," "you" and "your" means the St. Johns County Property Appraiser, his agents, representatives, employees, officials or anyone acting on his behalf.

B.    "Objection to Claim" means the Debtors' Omnibus Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities (Doc. No. 10046).

C.    "Property" means the personal property identified on the Tangible Personal Property Tax Returns that Winn-Dixie submitted to the Appraiser for the tax years 2005 and 2006.

D.     "DOR Guidelines" mean the Standard Measures of Value: Tangible Personal Property Appraisal Guidelines published by the Florida Department of Revenue (Rev. 12/97).

E.     The term "replacement cost new" has the meaning given to that term in the DOR Guidelines.

F.     The term "income approach appraisal" has the meaning given that term in the DOR Guidelines.

G.     The term "cost approach appraisal" has the meaning given that term in the DOR Guidelines.

H.     The term "comparable sales approach appraisal" has the meaning given that term in the DOR Guidelines.

I.     The term "reproduction cost new" has the meaning given that term in the DOR Guidelines.

J.     The terms "obsolescence," "function obsolescence," and "external obsolescence" have the meaning given those terms in the DOR Guidelines.

K.     "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, the Appraiser and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

L.     "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, without limiting the generality of the foregoing, tax records, property record cards, property data cards, public records, appraisals, surveys, manuals, guides, instructions, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, bills of lading, credit memos, debit memos, letters of credit, warehouse receipts, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, including audio and video recordings and computer stored information such as word processing documents and e-mails. The foregoing definition includes originals of documents and all copies that are different in any way from the originals.

2

M.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

N.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

O.    "Identify" means to set forth:

    1.    When used with reference to a person:

        a.    the person's full name;
        b.    the person's current or last known home and business addresses and telephone numbers; and
        c.    if employed, the name of the person's employer and the position held.

    2.    When used with reference to a corporation or other business entity:

        a.    its complete name;
        b.    its current mailing address; and
        c.    its current telephone number.

    3.    When used with reference to a document:

        a.    its subject matter;
        b.    its substance in summary form;
        c.    the identity of each person involved in preparing it; and
        d.    the identity of each person currently in possession of it.

    4.    When used with reference to a tangible physical object:

        a.    the object's description;
        b.    the object's identification code, if any;
        c.    the object's make, model and year, if applicable;
        d.    the object's current location; and
        e.    the person to contact to arrange an inspection of the object.

5.    When used with reference to a statute:

    a.    the Title and Code under which the statute was enacted;
    b.    the section of the statute;
    c.    the subsection of the statute; and
    d.    the subparagraph(s) of the statute.

P.    "Person" means all natural persons and entities, including without limitation, corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus and boards.

Q.    "State with specificity" or "describe with specificity" means to (i) state the substance of the facts supporting your response, (ii) identify documents supporting your response, and (iii) identify all witnesses who have knowledge or information supporting your response, listing the information or knowledge that each such witness possesses.

R.    In response to these requests, you are required to disclose all information known to you, your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

S.    If you are unable to respond the requests after conducting a reasonable investigation, so state and answer to the extent possible, further stating the information you cannot provide and the efforts made to obtain such information.

T.    Unless otherwise stated in a specific request, the time period relevant to these requests is tax years 2005 and 2006.

4

## Documents Requested

1.     All documents you considered or relied in performing a comparable sales approach appraisal of the Property.

2.     All documents you considered or relied upon in performing a cost approach appraisal of the Property.

3.     All documents you considered or relied upon in performing an income approach appraisal of the Property.

4.     All documents you considered or relied upon in your consideration of the present cash value of the Property, which is the amount a willing purchaser would pay a willing seller, exclusive of reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm's length.

5.     All documents you considered or relied upon in your consideration of the highest and best use to which the Property can be expected to be put in the immediate future and the present use of the Property.

6.     All documents you considered or relied upon in your consideration of the location of the Property.

7.     All documents you considered or relied upon in your consideration of the quantity or size of the Property.

8.     All documents you considered or relied upon in your consideration of the cost of the Property.

9.     All documents you considered or relied upon in your consideration of the condition of the Property.

10.    All documents you considered or relied upon in your consideration of the income from the Property.

11.     All documents you considered or relied upon in your consideration of the net proceeds of the sale of any of the Property, as received by Winn-Dixie, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements.

12.     All documents relating to or referring to any studies you prepared for the purpose of establishing assessments of the Property or tangible personal property in general.

13.     All documents relating or referring to any investigation you conducted to determine whether there was any functional or external obsolescence affecting the value of used grocery store fixtures and equipment in 2005 or 2006.

14.     All documents relating or referring to any market data relating to used grocery store fixtures and equipment that you referred to or relied upon or considered in connection with your assessment of the Property.

15.     All documents constituting any replacement cost estimates made for the Property.

16.     All documents that you considered or relied upon in the process of estimating the replacement costs of the Property.

17.     All documents which you considered or relied upon in estimating the reproduction costs of the Property, including any indexes or other supporting data you used to estimate reproduction costs.

18.     All documents you considered or relied upon in estimating economic lives for the Property in connection with you assessment of the Property.

19.     All guides pertaining to estimates of economic life for assessing tangible personal property which you considered or used in the process of assessing the Property.

20.    All documents you considered or relied upon in estimating accrued depreciation for purposes of assessing the Property under the cost approach, including, but not limited to, (i) guides or tables provided by others, (ii) guides or tables which you developed yourself, and (iii) all documents containing data upon which such estimates of accrued depreciation were based.

21.    Appraisals performed by others that you considered or relied upon in assessing the Property.

22.    Any directives, bulletins, opinion letters or similar documents you received from the Florida Department of Revenue on the subject of assessing tangible personal property that you considered or relied upon in connection with your assessment of the Property.

23.    All tax returns (DR-405) of other tax considered or relied upon for the purpose of assessing the Property.

24.    All documents submitted by other taxpayers that you considered or relied upon in completing your assessment of the Property.

25.    The Florida Department of Revenue Form DR 493 (Rev. 6/92) entitled "Summary of S.193.011(8), F.S., Adjustments Made to Recorded Selling Prices in Arriving at Assessed Value," that you submitted with your initial assessment roll for tax years 2005 and 2006.

26.    Any written requests from you to Winn-Dixie for information concerning the Property for the taxable year at issue.

27.    Any photographs of the Property.

28.    All records of any inspections of the Property at any time during the period from 2001 through 2006.

29.    All documents, notes, memoranda or correspondence prepared or received by you relating to the Property

30.    Any inventories or equipment listings which you have prepared concerning the Property.

31.    Any legal opinions you received from counsel on the subject of assessing tangible personal property that you considered or relied upon in connection with your assessment of the Property.

32.    Any documents prepared by Stephen L. Barreca that you considered or relied upon in any way in assessing the Property.

33.    Reports of any experts you consulted with regard to your assessments of the Property.

34.    Reports of any experts you have consulted with regard to the issues raised in the Objection to Claim.

SMITH HULSEY & BUSEY


By: _____
        Stephen D. Busey
        Allan E. Wulbern

Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.

8

## Certificate of Service

I certify that a copy of the foregoing is being furnished by mail to Gaylord A. Wood, Jr., Esq., Law Offices of Wood & Stuart, P.A., Post Office Box 1987, Bunnell, Florida 32110-1987 this 14th day of May, 2010.

_____
Attorney

704589

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## WINN-DIXIE STORES, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO SEMINOLE COUNTY PROPERTY APPRAISER

Winn-Dixie Stores, Inc. and its affiliated debtors ("Winn-Dixie"), pursuant to Rule 7034, Federal Rules of Bankruptcy Procedure, request the Seminole County Property Appraiser produce and permit counsel for Winn-Dixie to inspect and copy each of the following items at the offices of Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, within 30 days of the date of service of this request.

### Definitions and Instructions

For the purpose of these requests, the following definitions apply:

A.     The "Appraiser," "you" and "your" means the Seminole County Property Appraiser, his agents, representatives, employees, officials or anyone acting on his behalf.

B.     "Objection to Claim" means the Debtors' Omnibus Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities (Doc. No. 10046).

C.     "Property" means the personal property identified on the Tangible Personal Property Tax Returns that Winn-Dixie submitted to the Appraiser for the tax years 2005 and 2006.

D.    "DOR Guidelines" mean the Standard Measures of Value: Tangible Personal Property Appraisal Guidelines published by the Florida Department of Revenue (Rev. 12/97).

E.    The term "replacement cost new" has the meaning given to that term in the DOR Guidelines.

F.    The term "income approach appraisal" has the meaning given that term in the DOR Guidelines.

G.    The term "cost approach appraisal" has the meaning given that term in the DOR Guidelines.

H.    The term "comparable sales approach appraisal" has the meaning given that term in the DOR Guidelines.

I.    The term "reproduction cost new" has the meaning given that term in the DOR Guidelines.

J.    The terms "obsolescence," "function obsolescence," and "external obsolescence" have the meaning given those terms in the DOR Guidelines.

K.    "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, the Appraiser and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

L.    "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, without limiting the generality of the foregoing, tax records, property record cards, property data cards, public records, appraisals, surveys, manuals, guides, instructions, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, bills of lading, credit memos, debit memos, letters of credit, warehouse receipts, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, including audio and video recordings and computer stored information such as word processing documents and e-mails. The foregoing definition includes originals of documents and all copies that are different in any way from the originals.

2

M.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

N.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

O.    "Identify" means to set forth:

 1.    When used with reference to a person:

  a.    the person's full name;
  b.    the person's current or last known home and business addresses and telephone numbers; and
  c.    if employed, the name of the person's employer and the position held.

 2.    When used with reference to a corporation or other business entity:

  a.    its complete name;
  b.    its current mailing address; and
  c.    its current telephone number.

 3.    When used with reference to a document:

  a.    its subject matter;
  b.    its substance in summary form;
  c.    the identity of each person involved in preparing it; and
  d.    the identity of each person currently in possession of it.

 4.    When used with reference to a tangible physical object:

  a.    the object's description;
  b.    the object's identification code, if any;
  c.    the object's make, model and year, if applicable;
  d.    the object's current location; and
  e.    the person to contact to arrange an inspection of the object.

3

5.      When used with reference to a statute:

        a.      the Title and Code under which the statute was enacted;
        b.      the section of the statute;
        c.      the subsection of the statute; and
        d.      the subparagraph(s) of the statute.

P.      "Person" means all natural persons and entities, including without limitation, corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus and boards.

Q.      "State with specificity" or "describe with specificity" means to (i) state the substance of the facts supporting your response, (ii) identify documents supporting your response, and (iii) identify all witnesses who have knowledge or information supporting your response, listing the information or knowledge that each such witness possesses.

R.      In response to these requests, you are required to disclose all information known to you, your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

S.      If you are unable to respond the requests after conducting a reasonable investigation, so state and answer to the extent possible, further stating the information you cannot provide and the efforts made to obtain such information.

T.      Unless otherwise stated in a specific request, the time period relevant to these requests is tax years 2005 and 2006.

4

Documents Requested

1.    All documents you considered or relied in performing a comparable sales approach appraisal of the Property.

2.    All documents you considered or relied upon in performing a cost approach appraisal of the Property.

3.    All documents you considered or relied upon in performing an income approach appraisal of the Property.

4.    All documents you considered or relied upon in your consideration of the present cash value of the Property, which is the amount a willing purchaser would pay a willing seller, exclusive of reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm's length.

5.    All documents you considered or relied upon in your consideration of the highest and best use to which the Property can be expected to be put in the immediate future and the present use of the Property.

6.    All documents you considered or relied upon in your consideration of the location of the Property.

7.    All documents you considered or relied upon in your consideration of the quantity or size of the Property.

8.    All documents you considered or relied upon in your consideration of the cost of the Property.

9.    All documents you considered or relied upon in your consideration of the condition of the Property.

10.    All documents you considered or relied upon in your consideration of the income from the Property.

11.    All documents you considered or relied upon in your consideration of the net proceeds of the sale of any of the Property, as received by Winn-Dixie, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements.

12.    All documents relating to or referring to any studies you prepared for the purpose of establishing assessments of the Property or tangible personal property in general.

13.    All documents relating or referring to any investigation you conducted to determine whether there was any functional or external obsolescence affecting the value of used grocery store fixtures and equipment in 2005 or 2006.

14.    All documents relating or referring to any market data relating to used grocery store fixtures and equipment that you referred to or relied upon or considered in connection with your assessment of the Property.

15.    All documents constituting any replacement cost estimates made for the Property.

16.    All documents that you considered or relied upon in the process of estimating the replacement costs of the Property.

17.    All documents which you considered or relied upon in estimating the reproduction costs of the Property, including any indexes or other supporting data you used to estimate reproduction costs.

18.    All documents you considered or relied upon in estimating economic lives for the Property in connection with you assessment of the Property.

19.    All guides pertaining to estimates of economic life for assessing tangible personal property which you considered or used in the process of assessing the Property.

6

20.    All documents you considered or relied upon in estimating accrued depreciation for purposes of assessing the Property under the cost approach, including, but not limited to, (i) guides or tables provided by others, (ii) guides or tables which you developed yourself, and (iii) all documents containing data upon which such estimates of accrued depreciation were based.

21.    Appraisals performed by others that you considered or relied upon in assessing the Property.

22.    Any directives, bulletins, opinion letters or similar documents you received from the Florida Department of Revenue on the subject of assessing tangible personal property that you considered or relied upon in connection with your assessment of the Property.

23.    All tax returns (DR-405) of other tax considered or relied upon for the purpose of assessing the Property.

24.    All documents submitted by other taxpayers that you considered or relied upon in completing your assessment of the Property.

25.    The Florida Department of Revenue Form DR 493 (Rev. 6/92) entitled "Summary of S.193.011(8), F.S., Adjustments Made to Recorded Selling Prices in Arriving at Assessed Value," that you submitted with your initial assessment roll for tax years 2005 and 2006.

26.    Any written requests from you to Winn-Dixie for information concerning the Property for the taxable year at issue.

27.    Any photographs of the Property.

28.    All records of any inspections of the Property at any time during the period from 2001 through 2006.

29.    All documents, notes, memoranda or correspondence prepared or received by you relating to the Property

30.     Any inventories or equipment listings which you have prepared concerning the Property.

31.     Any legal opinions you received from counsel on the subject of assessing tangible personal property that you considered or relied upon in connection with your assessment of the Property.

32.     Any documents prepared by Stephen L. Barreca that you considered or relied upon in any way in assessing the Property.

33.     Reports of any experts you consulted with regard to your assessments of the Property.

34.     Reports of any experts you have consulted with regard to the issues raised in the Objection to Claim.

SMITH HULSEY & BUSEY

By: _____
    Stephen D. Busey
    Allan E. Wulbern

Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.

8

## Certificate of Service

I certify that a copy of the foregoing is being furnished by mail to Gaylord A.

Wood, Jr., Esq., Law Offices of Wood & Stuart, P.A., Post Office Box 1987, Bunnell,

Florida 32110-1987 this _____ day of May, 2010.

_____
Attorney

704588

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| ———————————— | ) | |

## WINN-DIXIE STORES, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO VOLUSIA COUNTY PROPERTY APPRAISER

Winn-Dixie Stores, Inc. and its affiliated debtors ("Winn-Dixie"), pursuant to Rule 7034, Federal Rules of Bankruptcy Procedure, request the Volusia County Property Appraiser produce and permit counsel for Winn-Dixie to inspect and copy each of the following items at the offices of Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, within 30 days of the date of service of this request.

### Definitions and Instructions

For the purpose of these requests, the following definitions apply:

A.    The "Appraiser," "you" and "your" means the Volusia County Property Appraiser, his agents, representatives, employees, officials or anyone acting on his behalf.

B.    "Objection to Claim" means the Debtors' Omnibus Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities (Doc. No. 10046).

C.    "Property" means the personal property identified on the Tangible Personal Property Tax Returns that Winn-Dixie submitted to the Appraiser for the tax years 2005 and 2006.

D.    "DOR Guidelines" mean the Standard Measures of Value: Tangible Personal Property Appraisal Guidelines published by the Florida Department of Revenue (Rev. 12/97).

E.    The term "replacement cost new" has the meaning given to that term in the DOR Guidelines.

F.    The term "income approach appraisal" has the meaning given that term in the DOR Guidelines.

G.    The term "cost approach appraisal" has the meaning given that term in the DOR Guidelines.

H.    The term "comparable sales approach appraisal" has the meaning given that term in the DOR Guidelines.

I.    The term "reproduction cost new" has the meaning given that term in the DOR Guidelines.

J.    The terms "obsolescence," "function obsolescence," and "external obsolescence" have the meaning given those terms in the DOR Guidelines.

K.    "Communication" or "communications" means every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, e-mail or other electronic transmission, personal delivery, document or otherwise, between or among Winn-Dixie, the Appraiser and/or any third party, or the employees or representatives of either, except communications protected by the attorney-client, work-product or other privilege.

L.    "Documents" shall have the same meaning as in Rule 7034, Federal Rules of Bankruptcy Procedure and shall include, without limiting the generality of the foregoing, tax records, property record cards, property data cards, public records, appraisals, surveys, manuals, guides, instructions, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, bills of lading, credit memos, debit memos, letters of credit, warehouse receipts, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, including audio and video recordings and computer stored information such as word processing documents and e-mails. The foregoing definition includes originals of documents and all copies that are different in any way from the originals.

2

M.    The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

N.    The phrase "relating to" means constituting, comprising, containing, consisting of, setting forth, proposing, referring, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, supporting, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

O.    "Identify" means to set forth:

    1.    When used with reference to a person:

        a.    the person's full name;
        b.    the person's current or last known home and business addresses and telephone numbers; and
        c.    if employed, the name of the person's employer and the position held.

    2.    When used with reference to a corporation or other business entity:

        a.    its complete name;
        b.    its current mailing address; and
        c.    its current telephone number.

    3.    When used with reference to a document:

        a.    its subject matter;
        b.    its substance in summary form;
        c.    the identity of each person involved in preparing it; and
        d.    the identity of each person currently in possession of it.

    4.    When used with reference to a tangible physical object:

        a.    the object's description;
        b.    the object's identification code, if any;
        c.    the object's make, model and year, if applicable;
        d.    the object's current location; and
        e.    the person to contact to arrange an inspection of the object.

5.    When used with reference to a statute:

a.    the Title and Code under which the statute was enacted;
b.    the section of the statute;
c.    the subsection of the statute; and
d.    the subparagraph(s) of the statute.

P.    "Person" means all natural persons and entities, including without limitation, corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus and boards.

Q.    "State with specificity" or "describe with specificity" means to (i) state the substance of the facts supporting your response, (ii) identify documents supporting your response, and (iii) identify all witnesses who have knowledge or information supporting your response, listing the information or knowledge that each such witness possesses.

R.    In response to these requests, you are required to disclose all information known to you, your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

S.    If you are unable to respond the requests after conducting a reasonable investigation, so state and answer to the extent possible, further stating the information you cannot provide and the efforts made to obtain such information.

T.    Unless otherwise stated in a specific request, the time period relevant to these requests is tax years 2005 and 2006.

<u>Documents Requested</u>

1.     All documents you considered or relied in performing a comparable sales approach appraisal of the Property.

2.     All documents you considered or relied upon in performing a cost approach appraisal of the Property.

3.     All documents you considered or relied upon in performing an income approach appraisal of the Property.

4.     All documents you considered or relied upon in your consideration of the present cash value of the Property, which is the amount a willing purchaser would pay a willing seller, exclusive of reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm's length.

5.     All documents you considered or relied upon in your consideration of the highest and best use to which the Property can be expected to be put in the immediate future and the present use of the Property.

6.     All documents you considered or relied upon in your consideration of the location of the Property.

7.     All documents you considered or relied upon in your consideration of the quantity or size of the Property.

8.     All documents you considered or relied upon in your consideration of the cost of the Property.

9.     All documents you considered or relied upon in your consideration of the condition of the Property.

10.    All documents you considered or relied upon in your consideration of the income from the Property.

11.    All documents you considered or relied upon in your consideration of the net proceeds of the sale of any of the Property, as received by Winn-Dixie, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements.

12.    All documents relating to or referring to any studies you prepared for the purpose of establishing assessments of the Property or tangible personal property in general.

13.    All documents relating or referring to any investigation you conducted to determine whether there was any functional or external obsolescence affecting the value of used grocery store fixtures and equipment in 2005 or 2006.

14.    All documents relating or referring to any market data relating to used grocery store fixtures and equipment that you referred to or relied upon or considered in connection with your assessment of the Property.

15.    All documents constituting any replacement cost estimates made for the Property.

16.    All documents that you considered or relied upon in the process of estimating the replacement costs of the Property.

17.    All documents which you considered or relied upon in estimating the reproduction costs of the Property, including any indexes or other supporting data you used to estimate reproduction costs.

18.    All documents you considered or relied upon in estimating economic lives for the Property in connection with you assessment of the Property.

19.    All guides pertaining to estimates of economic life for assessing tangible personal property which you considered or used in the process of assessing the Property.

20.    All documents you considered or relied upon in estimating accrued depreciation for purposes of assessing the Property under the cost approach, including, but not limited to, (i) guides or tables provided by others, (ii) guides or tables which you developed yourself, and (iii) all documents containing data upon which such estimates of accrued depreciation were based.

21.    Appraisals performed by others that you considered or relied upon in assessing the Property.

22.    Any directives, bulletins, opinion letters or similar documents you received from the Florida Department of Revenue on the subject of assessing tangible personal property that you considered or relied upon in connection with your assessment of the Property.

23.    All tax returns (DR-405) of other tax considered or relied upon for the purpose of assessing the Property.

24.    All documents submitted by other taxpayers that you considered or relied upon in completing your assessment of the Property.

25.    The Florida Department of Revenue Form DR 493 (Rev. 6/92) entitled "Summary of S.193.011(8), F.S., Adjustments Made to Recorded Selling Prices in Arriving at Assessed Value," that you submitted with your initial assessment roll for tax years 2005 and 2006.

26.    Any written requests from you to Winn-Dixie for information concerning the Property for the taxable year at issue.

27.    Any photographs of the Property.

28.    All records of any inspections of the Property at any time during the period from 2001 through 2006.

29.    All documents, notes, memoranda or correspondence prepared or received by you relating to the Property

30.    Any inventories or equipment listings which you have prepared concerning the Property.


31.    Any legal opinions you received from counsel on the subject of assessing tangible personal property that you considered or relied upon in connection with your assessment of the Property.


32.    Any documents prepared by Stephen L. Barreca that you considered or relied upon in any way in assessing the Property.


33.    Reports of any experts you consulted with regard to your assessments of the Property.


34.    Reports of any experts you have consulted with regard to the issues raised in the Objection to Claim.


SMITH HULSEY & BUSEY


By: _____

Stephen D. Busey
Allan E. Wulbern

Florida Bar No. 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.


8

## Certificate of Service

I certify that a copy of the foregoing is being furnished by mail to Gaylord A. Wood, Jr., Esq., Law Offices of Wood & Stuart, P.A., Post Office Box 1987, Bunnell, Florida 32110-1987 this _14th_ day of May, 2010.

_____

Attorney

704593