# COMPOSITE EXHIBIT C

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | Proceedings under Chapter 11 |
| WINN-DIXIE STORES, INC., et al. | Consolidated Case No. 05-03817-3F1 |
| Debtors. | Jointly Administered |

DEFENDANT'S RESPONSE TO REQUEST TO PRODUCE

ABE SKINNER, as Collier County Property Appraiser ("Property Appraiser"), notifies Plaintiff that production of the matters requested may be accomplished at any time between the hours of 9:00 A.M. and 5:00 P.M., Monday through Friday, at the offices of the Property Appraiser, Collier County, and that should Plaintiff desire a copy of any items, copies may be furnished upon Plaintiff's paying the charges provided therefor by law under Chapter 119, the Public Records Act of the State of Florida. Pursuant to Bankruptcy Rule 7034 and Rule 34, Fed.R.Civ.P., the requested documents will be produced as they are kept in the usual course of business and as ordinarily maintained in the office of the Property Appraiser, rather than being organized and labeled to correspond with the categories in the request.

The Property Appraiser objects to the requested place of production in Jacksonville, which would require that the records be removed from the county where they are required to be kept, as this would violate Section 119.021(1)(a), Florida Statutes.

The Property Appraiser objects to the production of any records that are confidential under §§ 192.105, 193.074 or 195.027(3), Florida Statutes, as well as any documents that invade the work product privilege of counsel. In particular, Requests Nos. 23 and 24 call for the production of information which is confidential by the cited statutes. By way of privilege log, Property Appraiser identifies all tangible personal property tax returns and information furnished by other taxpayers in the County to the Property Appraiser's office in response to requests made under Section 195.027, Florida Statutes.

Your attention is respectfully invited to https://taxlaw.state.fl.us, click on "Property Tax Oversight," where you can find the Florida Constitution, the relevant Florida Statutes, the Florida Administrative Code and some case law. Of particular relevance, the Florida Department of Revenue has issued "Standard Measures of Value: Tangible Personal Property Appraisal Guidelines" which may be found at" http://dor.myflorida.com/dor/pdf/paguide.pdf The Barreca study is attached to the Property Appraiser's Response to Fourth Omnibus Objection to Claims. The Final Judgment in *Wal-Mart Stores v. Mazourek,* Case No. 97-2994, is available from the Clerk of the Circuit Court of the Fifth Judicial Circuit, Hernando County, recorded in O/R Book 1299 at Page 1539. A copy of the Transcript of Testimony and Exhibits is available from Debtor's Co-Counsel Robert E.V. Kelley, Jr., Hill, Ward & Henderson, Tampa, Florida.

                    /s/ *Gaylord A. Wood, Jr.*
                    Law Offices Of WOOD & STUART, P.A.
                    Florida Bar No. 089465
                    Attorney for Property Appraisers of Collier, Hernando, Lake, Martin, Miami-Dade, Palm Beach, Seminole, St. Johns, Sumter and Volusia
                    Post Office Box 1987
                    Bunnell, FL 32110-1987
                    Tel: (386) 437-9400
                    Fax: (386) 437-9414
                    pleadings@woodstuartpa.com


        By: */s/ Gaylord A. Wood, Jr.*
        Attorneys for:

Abe Skinner, as Collier County Property Appraiser
Alvin Mazourek, as Hernando County Property Appraiser
Ed Havill, as Lake County Property Appraiser
Laurel Kelly, as Martin County Property Appraiser
Pedro J. Garcia, as Miami-Dade County Property Appraiser
Gary Nikolits, as Palm Beach County Property Appraiser
David Johnson, as Seminole County Property Appraiser
Sharon Outland, as St. Johns County Property Appraiser
Ronnie Hawkins, as Sumter County Property Appraiser
Morgan Gilreath, as Volusia County Property Appraiser

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In Re: | | Proceedings under Chapter 11 |
| WINN-DIXIE STORES, INC., et al. | | Consolidated Case No. 05-03817-3F1 |
| Debtors. | | Jointly Administered |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Allan E. Wulbern and Stephen D. Busey, attorneys for Winn Dixie.

/s/ Gaylord A. Wood, Jr.
Law Offices Of WOOD & STUART, P.A.
Florida Bar No. 089465
Middle District Attorney No.
Attorney for Property Appraisers of Collier, Hernando, Lake, Martin, Miami-Dade, Palm Beach, Seminole, St. Johns, Sumter and Volusia
Post Office Box 1987
Bunnell, FL 32110-1987
Tel: (386) 437-9400
Fax: (386) 437-9414
pleadings@woodstuartpa.com

By:_____
Attorneys for:

Abe Skinner, as Collier County Property Appraiser
Alvin Mazourek, as Hernando County Property Appraiser
Ed Havill, as Lake County Property Appraiser
Laurel Kelly, as Martin County Property Appraiser
Pedro J. Garcia, as Miami-Dade County Property Appraiser
Gary Nikolits, as Palm Beach County Property Appraiser
David Johnson, as Seminole County Property Appraiser
Sharon Outland, as St.Johns County Property Appraiser
Ronnie Hawkins, as Sumter County Property Appraiser
Morgan Gilreath, as Volusia County Property Appraiser

1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | Proceedings under Chapter 11 |
| WINN-DIXIE STORES, INC., et al. | Consolidated Case No. 05-03817-3F1 |
| Debtors. | Jointly Administered |

DEFENDANT'S RESPONSE TO REQUEST TO PRODUCE

ED HAVILL, as Lake County Property Appraiser ("Property Appraiser"), notifies Plaintiff that production of the matters requested may be accomplished at any time between the hours of 9:00 A.M. and 5:00 P.M., Monday through Friday, at the offices of the Property Appraiser, Lake County, and that should Plaintiff desire a copy of any items, copies may be furnished upon Plaintiff's paying the charges provided therefor by law under Chapter 119, the Public Records Act of the State of Florida. Pursuant to Bankruptcy Rule 7034 and Rule 34, Fed.R.Civ.P., the requested documents will be produced as they are kept in the usual course of business and as ordinarily maintained in the office of the Property Appraiser, rather than being organized and labeled to correspond with the categories in the request.

The Property Appraiser objects to the requested place of production in Jacksonville, which would require that the records be removed from the county where they are required to be kept, as this would violate Section 119.021(1)(a), Florida Statutes.

The Property Appraiser objects to the production of any records that are confidential under §§ 192.105, 193.074 or 195.027(3), Florida Statutes, as well as any documents that invade the work product privilege of counsel. In particular, Requests Nos. 23 and 24 call for the production of information which is confidential by the cited statutes. By way of privilege log, Property Appraiser identifies all tangible personal property tax returns and information furnished by other taxpayers in the County to the Property Appraiser's office in response to requests made under Section 195.027, Florida Statutes.

Your attention is respectfully invited to https://taxlaw.state.fl.us, click on "Property Tax Oversight," where you can find the Florida Constitution, the relevant Florida Statutes, the Florida Administrative Code and some case law.  Of particular relevance, the Florida Department of Revenue has issued "Standard Measures of Value: Tangible Personal Property Appraisal Guidelines" which may be found at" http://dor.myflorida.com/dor/pdf/paguide.pdf  The Barreca study is attached to the Property Appraiser's Response to Fourth Omnibus Objection to Claims. The Final Judgment in *Wal-Mart Stores v. Mazourek,* Case No. 97-2994, is available from the Clerk of the Circuit Court of the Fifth Judicial Circuit, Hernando County, recorded in O/R Book 1299 at Page 1539. A copy of the Transcript of Testimony and Exhibits is available from Debtor's Co-Counsel Robert E.V. Kelley, Jr., Hill, Ward & Henderson, Tampa, Florida.

　　　　　　　　　　　　　　/s/ *Gaylord A. Wood, Jr.*
　　　　　　　　　　　　　　Law Offices Of WOOD & STUART, P.A.
　　　　　　　　　　　　　　Florida Bar No. 089465
　　　　　　　　　　　　　　Attorney for Property Appraisers of Collier, Hernando, Lake, Martin, Miami-Dade, Palm Beach, Seminole, St. Johns, Sumter and Volusia
　　　　　　　　　　　　　　Post Office Box 1987
　　　　　　　　　　　　　　Bunnell, FL 32110-1987
　　　　　　　　　　　　　　Tel: (386) 437-9400
　　　　　　　　　　　　　　Fax: (386) 437-9414
　　　　　　　　　　　　　　pleadings@woodstuartpa.com


　　　　　　　　By: /s/ *Gaylord A. Wood, Jr.*
　　　　　　　　Attorneys for:

Abe Skinner, as Collier County Property Appraiser
Alvin Mazourek, as Hernando County Property Appraiser
Ed Havill, as Lake County Property Appraiser
Laurel Kelly, as Martin County Property Appraiser
Pedro J. Garcia, as Miami-Dade County Property Appraiser
Gary Nikolits, as Palm Beach County Property Appraiser
David Johnson, as Seminole County Property Appraiser
Sharon Outland, as St. Johns County Property Appraiser
Ronnie Hawkins, as Sumter County Property Appraiser
Morgan Gilreath, as Volusia County Property Appraiser

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | Proceedings under Chapter 11 |
| WINN-DIXIE STORES, INC., et al. | Consolidated Case No. 05-03817-3F1 |
| Debtors. | Jointly Administered |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Allan E. Wulbern and Stephen D. Busey, attorneys for Winn Dixie.

/s/ Gaylord A. Wood, Jr.
Law Offices Of WOOD & STUART, P.A.
Florida Bar No. 089465
Middle District Attorney No.
Attorney for Property Appraisers of Collier, Hernando, Lake, Martin, Miami-Dade, Palm Beach, Seminole, St. Johns, Sumter and Volusia
Post Office Box 1987
Bunnell, FL 32110-1987
Tel: (386) 437-9400
Fax: (386) 437-9414
pleadings@woodstuartpa.com

By:_____
Attorneys for:

Abe Skinner, as Collier County Property Appraiser
Alvin Mazourek, as Hernando County Property Appraiser
Ed Havill, as Lake County Property Appraiser
Laurel Kelly, as Martin County Property Appraiser
Pedro J. Garcia, as Miami-Dade County Property Appraiser
Gary Nikolits, as Palm Beach County Property Appraiser
David Johnson, as Seminole County Property Appraiser
Sharon Outland, as St.Johns County Property Appraiser
Ronnie Hawkins, as Sumter County Property Appraiser
Morgan Gilreath, as Volusia County Property Appraiser

1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | Proceedings under Chapter 11 |
| WINN-DIXIE STORES, INC., et al. | Consolidated Case No. 05-03817-3F1 |
| Debtors. | Jointly Administered |

DEFENDANT'S RESPONSE TO REQUEST TO PRODUCE

GARY NIKOLITS, as Palm Beach County Property Appraiser ("Property Appraiser"), notifies Plaintiff that production of the matters requested may be accomplished at any time between the hours of 9:00 A.M. and 5:00 P.M., Monday through Friday, at the offices of the Property Appraiser, Palm Beach County, and that should Plaintiff desire a copy of any items, copies may be furnished upon Plaintiff's paying the charges provided therefor by law under Chapter 119, the Public Records Act of the State of Florida. Pursuant to Bankruptcy Rule 7034 and Rule 34, Fed.R.Civ.P., the requested documents will be produced as they are kept in the usual course of business and as ordinarily maintained in the office of the Property Appraiser, rather than being organized and labeled to correspond with the categories in the request.

The Property Appraiser objects to the requested place of production in Jacksonville, which would require that the records be removed from the county where they are required to be kept, as this would violate Section 119.021(1)(a), Florida Statutes.

The Property Appraiser objects to the production of any records that are confidential under §§ 192.105, 193.074 or 195.027(3), Florida Statutes, as well as any documents that invade the work product privilege of counsel. In particular, Requests Nos. 23 and 24 call for the production of information which is confidential by the cited statutes. By way of privilege log, Property Appraiser identifies all tangible personal property tax returns and information furnished by other taxpayers in the County to the Property Appraiser's office in response to requests made under Section 195.027, Florida Statutes.

Your attention is respectfully invited to https://taxlaw.state.fl.us, click on "Property Tax Oversight," where you can find the Florida Constitution, the relevant Florida Statutes, the Florida Administrative Code and some case law. Of particular relevance, the Florida Department of Revenue has issued "Standard Measures of Value: Tangible Personal Property Appraisal Guidelines" which may be found at" http://dor.myflorida.com/dor/pdf/paguide.pdf The Barreca study is attached to the Property Appraiser's Response to Fourth Omnibus Objection to Claims. The Final Judgment in *Wal-Mart Stores v. Mazourek,* Case No. 97-2994, is available from the Clerk of the Circuit Court of the Fifth Judicial Circuit, Hernando County, recorded in O/R Book 1299 at Page 1539. A copy of the Transcript of Testimony and Exhibits is available from Debtor's Co-Counsel Robert E.V. Kelley, Jr., Hill, Ward & Henderson, Tampa, Florida.

_____    /s/ *Gaylord A. Wood, Jr.*
Law Offices Of WOOD & STUART, P.A.
Florida Bar No. 089465
Attorney for Property Appraisers of Collier, Hernando, Lake, Martin, Miami-Dade, Palm Beach, Seminole, St. Johns, Sumter and Volusia
Post Office Box 1987
Bunnell, FL 32110-1987
Tel: (386) 437-9400
Fax: (386) 437-9414
pleadings@woodstuartpa.com


By: /s/ *Gaylord A. Wood, Jr.*
Attorneys for:

Abe Skinner, as Collier County Property Appraiser
Alvin Mazourek, as Hernando County Property Appraiser
Ed Havill, as Lake County Property Appraiser
Laurel Kelly, as Martin County Property Appraiser
Pedro J. Garcia, as Miami-Dade County Property Appraiser
Gary Nikolits, as Palm Beach County Property Appraiser
David Johnson, as Seminole County Property Appraiser
Sharon Outland, as St. Johns County Property Appraiser
Ronnie Hawkins, as Sumter County Property Appraiser
Morgan Gilreath, as Volusia County Property Appraiser

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re: | Proceedings under Chapter 11

WINN-DIXIE STORES, INC., et al. | Consolidated Case No. 05-03817-3F1

Debtors. |

-------------------------------- Jointly Administered

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Allan E. Wulbern and Stephen D. Busey, attorneys for Winn Dixie.

/s/ *Gaylord A. Wood, Jr.*
Law Offices Of WOOD & STUART, P.A.
Florida Bar No. 089465
Middle District Attorney No.
Attorney for Property Appraisers of Collier, Hernando, Lake, Martin, Miami-Dade, Palm Beach, Seminole, St. Johns, Sumter and Volusia
Post Office Box 1987
Bunnell, FL 32110-1987
Tel: (386) 437-9400
Fax: (386) 437-9414
pleadings@woodstuartpa.com

By:_____
Attorneys for:

Abe Skinner, as Collier County Property Appraiser
Alvin Mazourek, as Hernando County Property Appraiser
Ed Havill, as Lake County Property Appraiser
Laurel Kelly, as Martin County Property Appraiser
Pedro J. Garcia, as Miami-Dade County Property Appraiser
Gary Nikolits, as Palm Beach County Property Appraiser
David Johnson, as Seminole County Property Appraiser
Sharon Outland, as St.Johns County Property Appraiser
Ronnie Hawkins, as Sumter County Property Appraiser
Morgan Gilreath, as Volusia County Property Appraiser

1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | Proceedings under Chapter 11 |
| WINN-DIXIE STORES, INC., et al. | Consolidated Case No. 05-03817-3F1 |
| Debtors. | Jointly Administered |

DEFENDANT'S RESPONSE TO REQUEST TO PRODUCE

SHARON OUTLAND, as St Johns County Property Appraiser ("Property Appraiser"), notifies Plaintiff that production of the matters requested may be accomplished at any time between the hours of 9:00 A.M. and 5:00 P.M., Monday through Friday, at the offices of the Property Appraiser, St. Johns County, and that should Plaintiff desire a copy of any items, copies may be furnished upon Plaintiff's paying the charges provided therefor by law under Chapter 119, the Public Records Act of the State of Florida. Pursuant to Bankruptcy Rule 7034 and Rule 34, Fed.R.Civ.P., the requested documents will be produced as they are kept in the usual course of business and as ordinarily maintained in the office of the Property Appraiser, rather than being organized and labeled to correspond with the categories in the request.

The Property Appraiser objects to the requested place of production in Jacksonville, which would require that the records be removed from the county where they are required to be kept, as this would violate Section 119.021(1)(a), Florida Statutes.

The Property Appraiser objects to the production of any records that are confidential under §§ 192.105, 193.074 or 195.027(3), Florida Statutes, as well as any documents that invade the work product privilege of counsel. In particular, Requests Nos. 23 and 24 call for the production of information which is confidential by the cited statutes. By way of privilege log, Property Appraiser identifies all tangible personal property tax returns and information furnished by other taxpayers in the County to the Property Appraiser's office in response to requests made under Section 195.027, Florida Statutes.

Your attention is respectfully invited to https://taxlaw.state.fl.us, click on "Property Tax Oversight," where you can find the Florida Constitution, the relevant Florida Statutes, the Florida Administrative Code and some case law. Of particular relevance, the Florida Department of Revenue has issued "Standard Measures of Value: Tangible Personal Property Appraisal Guidelines" which may be found at" http://dor.myflorida.com/dor/pdf/paguide.pdf The Barreca study is attached to the Property Appraiser's Response to Fourth Omnibus Objection to Claims. The Final Judgment in *Wal-Mart Stores v. Mazourek,* Case No. 97-2994, is available from the Clerk of the Circuit Court of the Fifth Judicial Circuit, Hernando County, recorded in O/R Book 1299 at Page 1539. A copy of the Transcript of Testimony and Exhibits is available from Debtor's Co-Counsel Robert E.V. Kelley, Jr., Hill, Ward & Henderson, Tampa, Florida.

/s/ *Gaylord A. Wood, Jr.*
Law Offices Of WOOD & STUART, P.A.
Florida Bar No. 089465
Attorney for Property Appraisers of Collier, Hernando, Lake, Martin, Miami-Dade, Palm Beach, Seminole, St. Johns, Sumter and Volusia
Post Office Box 1987
Bunnell, FL 32110-1987
Tel: (386) 437-9400
Fax: (386) 437-9414
pleadings@woodstuartpa.com


By: /s/ *Gaylord A. Wood, Jr.*
Attorneys for:

Abe Skinner, as Collier County Property Appraiser
Alvin Mazourek, as Hernando County Property Appraiser
Ed Havill, as Lake County Property Appraiser
Laurel Kelly, as Martin County Property Appraiser
Pedro J. Garcia, as Miami-Dade County Property Appraiser
Gary Nikolits, as Palm Beach County Property Appraiser
David Johnson, as Seminole County Property Appraiser
Sharon Outland, as St. Johns County Property Appraiser
Ronnie Hawkins, as Sumter County Property Appraiser
Morgan Gilreath, as Volusia County Property Appraiser

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| In Re: | | Proceedings under Chapter 11 |
|---|---|---|
| WINN-DIXIE STORES, INC., et al. | | Consolidated Case No. 05-03817-3F1 |
| Debtors. | | Jointly Administered |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Allan E. Wulbern and Stephen D. Busey, attorneys for Winn Dixie.

/s/ *Gaylord A. Wood, Jr.*
Law Offices Of WOOD & STUART, P.A.
Florida Bar No. 089465
Middle District Attorney No.
Attorney for Property Appraisers of Collier, Hernando, Lake, Martin, Miami-Dade, Palm Beach, Seminole, St. Johns, Sumter and Volusia
Post Office Box 1987
Bunnell, FL 32110-1987
Tel: (386) 437-9400
Fax: (386) 437-9414
pleadings@woodstuartpa.com

By:_____
Attorneys for:

Abe Skinner, as Collier County Property Appraiser
Alvin Mazourek, as Hernando County Property Appraiser
Ed Havill, as Lake County Property Appraiser
Laurel Kelly, as Martin County Property Appraiser
Pedro J. Garcia, as Miami-Dade County Property Appraiser
Gary Nikolits, as Palm Beach County Property Appraiser
David Johnson, as Seminole County Property Appraiser
Sharon Outland, as St.Johns County Property Appraiser
Ronnie Hawkins, as Sumter County Property Appraiser
Morgan Gilreath, as Volusia County Property Appraiser

1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | Proceedings under Chapter 11 |
| WINN-DIXIE STORES, INC., et al. | Consolidated Case No. 05-03817-3F1 |
| Debtors. | Jointly Administered |

### DEFENDANT'S RESPONSE TO REQUEST TO PRODUCE

DAVID JOHNSON, as Seminole County Property Appraiser ("Property Appraiser"), notifies Plaintiff that production of the matters requested may be accomplished at any time between the hours of 9:00 A.M. and 5:00 P.M., Monday through Friday, at the offices of the Property Appraiser, Seminole County, and that should Plaintiff desire a copy of any items, copies may be furnished upon Plaintiff's paying the charges provided therefor by law under Chapter 119, the Public Records Act of the State of Florida. Pursuant to Bankruptcy Rule 7034 and Rule 34, Fed.R.Civ.P., the requested documents will be produced as they are kept in the usual course of business and as ordinarily maintained in the office of the Property Appraiser, rather than being organized and labeled to correspond with the categories in the request.

The Property Appraiser objects to the requested place of production in Jacksonville, which would require that the records be removed from the county where they are required to be kept, as this would violate Section 119.021(1)(a), Florida Statutes.

The Property Appraiser objects to the production of any records that are confidential under §§ 192.105, 193.074 or 195.027(3), Florida Statutes, as well as any documents that invade the work product privilege of counsel. In particular, Requests Nos. 23 and 24 call for the production of information which is confidential by the cited statutes. By way of privilege log, Property Appraiser identifies all tangible personal property tax returns and information furnished by other taxpayers in the County to the Property Appraiser's office in response to requests made under Section 195.027, Florida Statutes.

Your attention is respectfully invited to https://taxlaw.state.fl.us, click on "Property Tax Oversight," where you can find the Florida Constitution, the relevant Florida Statutes, the Florida Administrative Code and some case law.  Of particular relevance, the Florida Department of Revenue has issued "Standard Measures of Value: Tangible Personal Property Appraisal Guidelines" which may be found at" http://dor.myflorida.com/dor/pdf/paguide.pdf  The Barreca study is attached to the Property Appraiser's Response to Fourth Omnibus Objection to Claims. The Final Judgment in *Wal-Mart Stores v. Mazourek,* Case No. 97-2994, is available from the Clerk of the Circuit Court of the Fifth Judicial Circuit, Hernando County, recorded in O/R Book 1299 at Page 1539. A copy of the Transcript of Testimony and Exhibits is available from Debtor's Co-Counsel Robert E.V. Kelley, Jr., Hill, Ward & Henderson, Tampa, Florida.

         /s/ *Gaylord A. Wood, Jr.*
         Law Offices Of WOOD & STUART, P.A.
         Florida Bar No. 089465
         Attorney for Property Appraisers of Collier, Hernando, Lake, Martin, Miami-Dade, Palm Beach, Seminole, St. Johns, Sumter and Volusia
         Post Office Box 1987
         Bunnell, FL 32110-1987
         Tel: (386) 437-9400
         Fax: (386) 437-9414
         pleadings@woodstuartpa.com


By: /s/ *Gaylord A. Wood, Jr.*
Attorneys for:

Abe Skinner, as Collier County Property Appraiser
Alvin Mazourek, as Hernando County Property Appraiser
Ed Havill, as Lake County Property Appraiser
Laurel Kelly, as Martin County Property Appraiser
Pedro J. Garcia, as Miami-Dade County Property Appraiser
Gary Nikolits, as Palm Beach County Property Appraiser
David Johnson, as Seminole County Property Appraiser
Sharon Outland, as St. Johns County Property Appraiser
Ronnie Hawkins, as Sumter County Property Appraiser
Morgan Gilreath, as Volusia County Property Appraiser

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:  |  Proceedings under Chapter 11

WINN-DIXIE STORES, INC., et al. |  Consolidated Case No. 05-03817-3F1

Debtors.  |

------------------------------    Jointly Administered

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Allan E. Wulbern and Stephen D. Busey, attorneys for Winn Dixie.

/s/ *Gaylord A. Wood, Jr.*
Law Offices Of WOOD & STUART, P.A.
Florida Bar No. 089465
Middle District Attorney No.
Attorney for Property Appraisers of Collier, Hernando, Lake, Martin, Miami-Dade, Palm Beach, Seminole, St. Johns, Sumter and Volusia
Post Office Box 1987
Bunnell, FL 32110-1987
Tel: (386) 437-9400
Fax: (386) 437-9414
pleadings@woodstuartpa.com

By:_____
Attorneys for:

Abe Skinner, as Collier County Property Appraiser
Alvin Mazourek, as Hernando County Property Appraiser
Ed Havill, as Lake County Property Appraiser
Laurel Kelly, as Martin County Property Appraiser
Pedro J. Garcia, as Miami-Dade County Property Appraiser
Gary Nikolits, as Palm Beach County Property Appraiser
David Johnson, as Seminole County Property Appraiser
Sharon Outland, as St.Johns County Property Appraiser
Ronnie Hawkins, as Sumter County Property Appraiser
Morgan Gilreath, as Volusia County Property Appraiser

1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | Proceedings under Chapter 11 |
| WINN-DIXIE STORES, INC., et al. | Consolidated Case No. 05-03817-3F1 |
| Debtors. | Jointly Administered |

DEFENDANT'S RESPONSE TO REQUEST TO PRODUCE

MORGAN B. GILREATH, JR., as Volusia County Property Appraiser ("Property Appraiser"), notifies Plaintiff that production of the matters requested may be accomplished at any time between the hours of 9:00 A.M. and 5:00 P.M., Monday through Friday, at the offices of the Property Appraiser, Volusia County, and that should Plaintiff desire a copy of any items, copies may be furnished upon Plaintiff's paying the charges provided therefor by law under Chapter 119, the Public Records Act of the State of Florida. Pursuant to Bankruptcy Rule 7034 and Rule 34, Fed.R.Civ.P., the requested documents will be produced as they are kept in the usual course of business and as ordinarily maintained in the office of the Property Appraiser, rather than being organized and labeled to correspond with the categories in the request.

The Property Appraiser objects to the requested place of production in Jacksonville, which would require that the records be removed from the county where they are required to be kept, as this would violate Section 119.021(1)(a), Florida Statutes.

The Property Appraiser objects to the production of any records that are confidential under §§ 192.105, 193.074 or 195.027(3), Florida Statutes, as well as any documents that invade the work product privilege of counsel. In particular, Requests Nos. 23 and 24 call for the production of information which is confidential by the cited statutes. By way of privilege log, Property Appraiser identifies all tangible personal property tax returns and information furnished by other taxpayers in the County to the Property Appraiser's office in response to requests made under Section 195.027, Florida Statutes.

Your attention is respectfully invited to https://taxlaw.state.fl.us, click on "Property Tax Oversight," where you can find the Florida Constitution, the relevant Florida Statutes, the Florida Administrative Code and some case law. Of particular relevance, the Florida Department of Revenue has issued "Standard Measures of Value: Tangible Personal Property Appraisal Guidelines" which may be found at" http://dor.myflorida.com/dor/pdf/paguide.pdf The Barreca study is attached to the Property Appraiser's Response to Fourth Omnibus Objection to Claims. The Final Judgment in *Wal-Mart Stores v. Mazourek,* Case No. 97-2994, is available from the Clerk of the Circuit Court of the Fifth Judicial Circuit, Hernando County, recorded in O/R Book 1299 at Page 1539. A copy of the Transcript of Testimony and Exhibits is available from Debtor's Co-Counsel Robert E.V. Kelley, Jr., Hill, Ward & Henderson, Tampa, Florida.

/s/ *Gaylord A. Wood, Jr.*
Law Offices Of WOOD & STUART, P.A.
Florida Bar No. 089465
Attorney for Property Appraisers of Collier, Hernando, Lake, Martin, Miami-Dade, Palm Beach, Seminole, St. Johns, Sumter and Volusia
Post Office Box 1987
Bunnell, FL 32110-1987
Tel: (386) 437-9400
Fax: (386) 437-9414
pleadings@woodstuartpa.com

By: /s/ *Gaylord A. Wood, Jr.*
Attorneys for:

Abe Skinner, as Collier County Property Appraiser
Alvin Mazourek, as Hernando County Property Appraiser
Ed Havill, as Lake County Property Appraiser
Laurel Kelly, as Martin County Property Appraiser
Pedro J. Garcia, as Miami-Dade County Property Appraiser
Gary Nikolits, as Palm Beach County Property Appraiser
David Johnson, as Seminole County Property Appraiser
Sharon Outland, as St. Johns County Property Appraiser
Ronnie Hawkins, as Sumter County Property Appraiser
Morgan Gilreath, as Volusia County Property Appraiser

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | Proceedings under Chapter 11 |
| WINN-DIXIE STORES, INC., et al. | Consolidated Case No. 05-03817-3F1 |
| Debtors. | Jointly Administered |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Allan E. Wulbern and Stephen D. Busey, attorneys for Winn Dixie.

/s/ Gaylord A. Wood, Jr.
Law Offices Of WOOD & STUART, P.A.
Florida Bar No. 089465
Middle District Attorney No.
Attorney for Property Appraisers of Collier, Hernando, Lake, Martin, Miami-Dade, Palm Beach, Seminole, St. Johns, Sumter and Volusia
Post Office Box 1987
Bunnell, FL 32110-1987
Tel: (386) 437-9400
Fax: (386) 437-9414
pleadings@woodstuartpa.com

By:_____
Attorneys for:

Abe Skinner, as Collier County Property Appraiser
Alvin Mazourek, as Hernando County Property Appraiser
Ed Havill, as Lake County Property Appraiser
Laurel Kelly, as Martin County Property Appraiser
Pedro J. Garcia, as Miami-Dade County Property Appraiser
Gary Nikolits, as Palm Beach County Property Appraiser
David Johnson, as Seminole County Property Appraiser
Sharon Outland, as St.Johns County Property Appraiser
Ronnie Hawkins, as Sumter County Property Appraiser
Morgan Gilreath, as Volusia County Property Appraiser

1