# EXHIBIT D

## SMITH HULSEY & BUSEY

ALLAN E. WULBERN
DIRECT 904.359.7814
AWULBERN@SMITHHULSEY.COM

August 4, 2010

Gaylord A. Wood, Jr., Esq.
Wood & Stuart, P.A.
Post Office Box 1987
Bunnell, Florida 32110-1987

  Re: Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 3:05-bk-03817-JAF

Dear Jay:

  We received responses from the Property Appraisers for Collier, Hernando, Lake, Martin, Miami-Dade, Palm Beach, St. Johns, Seminole, Sumter and Volusia counties (the "Property Appraisers") to our requests for production (the "Responses"). We are writing in a good faith attempt to resolve our objections to the Responses without the necessity of filing a motion to compel. Our objections are stated below:

  1. *The Responses do not comply with the requirements of Rule 7034.*

  The Responses do not include an individual response to each request for production. Pursuant to Rule 7034, the Property Appraisers are required to respond to "each" request and state that the documents will be produced or state an objection:

> (2) *Responses and Objections.*
>
>     \*\*\*
>
> (B) *Responding to Each Item.* For *each* item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

ATTORNEYS
225 WATER STREET, SUITE 1800 • P.O. BOX 53315 • JACKSONVILLE, FL 32201-3315
OFFICE 904.359.7700 • FAX 904.359.7708

**EXHIBIT D**

SMITH HULSEY & BUSEY

Gaylord A. Wood, Jr., Esq.
August 4, 2010
Page 2

> (C) *Objections*. An objection to part of a request must specify the part and permit the rest.
>
> Rule 7034(b)(2), Fed. R. Bankr. P.
> (emphasis added).

2. *The Property Appraisers have waived all objections.*

You object to the production of unidentified documents that "invade the work product privilege of counsel." Winn-Dixie served its Requests for Production on May 14. The Property Appraisers' responses to those discovery requests were due on June 17. Pursuant to your request for an extension, Winn-Dixie offered to allow you until July 7 to serve responses. You rejected that offer and served, but did not file, a motion requesting an additional sixty days to respond to Winn-Dixie's discovery. Because you have not received any extensions from Winn-Dixie or the Court beyond July 7, the Responses you served on July 27 are past due, and the Property Appraisers have waived all objections. *See Third Party Verification, Inc. v. SignatureLink*, Inc., 2007 WL 1288361 *3 (M.D. Fla. 2007) ("A party who fails to file timely objections waives *all* objections, *including those based on privilege or work product*.") (emphasis added).

3. *Florida Statutes permit the production of confidential information.*

Request Nos. 23 and 24 ask the Property Appraisers to produce all tax returns and documents submitted by other tax payers that the Property Appraisers considered or relied upon in the process of assessing Winn-Dixie's property. You objected to those requests, asserting that they seek documents that Florida Statutes protect as confidential. We acknowledge that Florida Statutes provide that tax returns and other documents submitted by tax payers are confidential. Nonetheless, the relevant statutes provide that a court can order the production of such documents. *See, e.g.*, Fla. Stat. §§ 192.105(1), 195.027(3) (2009). Because the Property Appraisers have waived all objections, the Property Appraisers should agree to the entry of an order governing the confidentiality of documents responsive to Request Nos. 23 and 24. Winn-Dixie will agree to the redaction of any information that would reveal the identity of tax payers, as permitted by Section 119.07(1)(d), Florida Statutes.

SMITH HULSEY & BUSEY

Gaylord A. Wood, Jr., Esq.
August 4, 2010
Page 3

4. *The Property Appraisers need to produce documents in their possession, custody or control.*

The Responses "invite" Winn-Dixie's attention to a website,[1] the Florida Constitution, the "relevant" Florida Statutes, the Florida Administrative Code, "some case law," the Department of Revenue's guidelines for appraising tangible personal property, a study by Steve Barreca, the Fifth Judicial Circuit Court's Final Judgment in the case of *Wal-Mart Stores v. Mazourek*, and the transcript and exhibits from that case. It is not apparent from the Responses, however, whether *any* of these documents are in the Property Appraisers' "possession custody or control." Rule 7034(a)(1), Fed. R. Bankr. P. For each of the Property Appraisers, please tell us whether the documents to which you have "invited" our attention are in their possession, custody or control. If they are, the Property Appraisers need to produce them. *See* Rule 7034(b)(2)(E)(i), Fed. R. Bankr. P. ("A party *must produce documents...*") (emphasis added).

In addition to the deficiencies in your responses to our requests for production, you have not served your clients' responses to our interrogatories. Those responses are also long over due. Please confirm that by August 6, the Property Appraisers will (i) serve amended responses that respond to each request (without objections), (ii) consent to the entry of an order governing the confidentiality of documents responsive to Request Nos. 23 and 24, and (iii) produce all non-confidential documents responsive to the Requests that are in the Property Appraisers' possession, custody or control, and (iv) serve signed responses to our interrogatories, all by August 11.[2] If we do not receive that confirmation by August 6, we will file a motion to compel and seek attorneys' fees from the Property Appraisers.

Sincerely,

Allan E. Wulbern

By Email and Mail

00715311

---

[1] An Internet website is not a document.

[2] When the Property Appraisers produce documents, please have the documents copied and delivered to our office. Winn-Dixie will reimburse the Property Appraisers for reasonable copy charges, not to exceed 15 cents per page. *See* Fla. Stat. § 119.07(4)(a)1.