**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**ORDER SUSTAINING DEBTORS' OBJECTION TO THE**
**ADMINISTRATIVE CLAIM FILED BY WANDA YATES AND**
**DENYING WANDA YATES' MOTION TO ALLOW LATE FILED CLAIM**

This case came before the Court for hearing on August 16, 2010, on the Debtors' Objection to the Administrative Claim of Wanda Yates (Docket No. 23121) and on the Motion to Allow Late Filed Claim filed by Wanda Yates (Docket No. 23032). Upon the evidence presented at the hearing, the Court finds that:

1. On March 8, 2010, Wanda Yates (the "Claimant") filed an application for administrative expense (Docket No. 23031) (the "Application") and a motion to allow a late administrative expense claim (Docket No. 23032) (the "Late Claim Motion"), based upon a negligence claim that is asserted to have arisen on March 9, 2006, at a Winn-Dixie Store in Broward County, Florida (the "Claim").

2. On April 26, 2010, the Debtors filed an objection to the Application (Docket No. 23121) (the "Objection"), asserting that the Claimant's cause of action is barred under the applicable statute of limitations.

3. The applicable statute of limitations, Section 95.11(3)(a), Florida Statutes, provides a four-year limitations period for claims based upon negligence.

4. The Claimant has not filed a civil action in the appropriate non-bankruptcy forum based upon the Claim. Filing the Application and Late Claim Motion did not preserve the Claim for statute of limitations purposes.

5. Because the Claim arose on March 9, 2006, the Claimant was required under Florida law to commence the prosecution of a civil action by March 10, 2010, to preserve the Claim for statute of limitations purposes.

6. Because the Claimant did not file a civil action to preserve the Claim prior to the expiration of the applicable statute of limitations, Claimant's cause of action is time-barred and the Application must be disallowed. Upon the foregoing, it is

ORDERED:

1. The Objection is sustained.

2. The Application (Docket No. 23031) is disallowed.

3. The Late Claim Motion (Docket No. 23032) is denied as moot.

Dated this 18 day of August, 2010, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copies to be provided via CM/ECF

{00701576}