UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Winn-Dixie Stores, Inc., *et al.*,                    Case No. 05-03817-3F1
                                                       Chapter 11
          Debtors.                                     Jointly Administered
_____\

## DIVERSIFIED'S MAINTENANCE SYSTEM, INC.'S MOTION TO DISMISS COUNTS TWO AND FIVE OF WINN DIXIE'S AMENDED COUNTERCLAIM

Counter-Defendant, Diversified Maintenance Systems, Inc. ("Diversified"), through undersigned counsel, hereby moves the Court to dismiss Counts II and V of Counter-Plaintiff Winn-Dixie Stores, Inc.'s ("Winn Dixie") Amended Counterclaim (Doc. 23393). In support, Diversified states:

1.       In Count II of its Amended Counterclaim, Winn Dixie asserts a cause of action against Diversified for breach of the parties' Agreement for Floor Care/Janitorial Services (the "Agreement"). Winn Dixie asserts in Count II that Diversified breached the Agreement by charging 7% sales tax across the board on all of its charges under the Agreement for the Florida stores,[1] regardless of the sales tax rate for the county in which the store serviced under the Agreement was located.

2.       Count II fails to state a cause of action for breach of contract because the Agreement, in Exhibit E, specifically provides Diversified the right to charge 7% sales tax on all of Diversified's charges for each and every of Winn Dixie's Florida stores, regardless of the

---

[1] In Paragraph 31(a) of Count II, Winn Dixie alleges (incorrectly) that Diversified charged sales tax for the Georgia stores. Because Exhibit E to the Agreement provides that no sales tax will be charged for the Georgia stores, this motion to dismiss is not directed to this small portion of Count II. This portion states a claim for which relief can be granted when referencing only the four corners of the Counterclaim and its attachments and assuming the (incorrect) allegations to be true. Accordingly, this remaining part of Count II will be addressed separately in a motion for summary judgment.

1

county in which the store was located. Because the Agreement gives Diversified the right to charge 7% sales tax across the board, it cannot be a breach of the Agreement for Diversified to have charged that amount.

3.     "A party may not maintain a claim for breach of contract where the plain language of the contract upon which the claim is based unambiguously establishes that the defendant did not breach the duty alleged in the complaint." *Detwiler v. Bank of Central Florida*, 736 So.2d 757 (5th DCA 1999) (citing *Namad v. Salomon, Inc.,* 74 N.Y.2d 751, 545 N.Y.S.2d 79, 543 N.E.2d 722 (1989)). In *Detwiler*, the plaintiff sued Prudential for breach of contract for distributing the proceeds of a joint account to the other joint account holder without the plaintiff's consent. The trial court found that the account agreement specifically allowed Prudential to distribute the account proceeds to either joint account holder without the other's consent and, accordingly, dismissed the claim. The Fifth District agreed, holding that "[t]he trial court correctly recognized that the joint account agreement conclusively established that Prudential was authorized to distribute the account's proceeds to Mr. Marini without Ms. Detwiler's consent. Accordingly, we affirm the trial court's order dismissing the breach of contract claim." *Id.*

4.     The same reasoning applies here. It simply cannot be a breach of the Agreement for Diversified to exercise a right given to Diversified in the Agreement.

5.     In Count V, Winn Dixie asserts another breach of the Agreement, this one based on Diversified's provision of more services than contracted for in the Agreement. Winn Dixie does not cite any particular provision of the Agreement that was breached in this Count.

6.     The Agreement provides that Diversified would perform those services set forth in Exhibit B and would charge an amount reflected in Exhibit D for the services. In Count V,

Winn Dixie alleges that Diversified performed the services in Exhibit B, as required under the Agreement. Winn Dixie alleges, however, that Diversified performed additional services not contracted for in the Agreement and that this additional service amounts to a breach of the Agreement.

7.     Diversified's provision of extra-contractual services cannot be a breach of the Agreement because the Agreement does not prevent Diversified from providing additional, extra-contractual services. Diversified did not assume an obligation to limit the services it provided to Winn Dixie to only those specified in the Agreement. This is of course the reason why Winn Dixie has not identified any specific provision of the Agreement that was breached in its allegation under Count V.

8.     There can be no cause of action for breach of contract "absent an allegation that an express term of the contract has been breached." *Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 So. 2d 787, 792 (Fla. 2d DCA 2005) (quoting *Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc.,* 785 So.2d 1232 (Fla. 4th DCA 2001)). For example, a "duty of good faith performance does not exist until a plaintiff can establish a term of the contract the other party was obligated to perform and did not." *Id.* In this case, there is no allegation that Diversified was obligated to perform any specific obligation that it failed to perform by performing more services than required under the Agreement. Indeed, these additional services merely created a new, separate contractual obligation between the parties and have no bearing on the Agreement. *See King Partitions & Drywall, Inc. v. Donner Enters., Inc.*, 464 So. 2d 715, 716 (Fla. 4th DCA 1985) ("[A] subsequent oral agreement between the parties to perform [extra] work and pay for it, and action in reliance thereon, creates a new contractual undertaking."); *see also, Forest Const., Inc. v. Farrell-Cheek Steel Co., Fla. Diversified Props. Div.*, 484 So. 2d 40,

42 (Fla. 2d DCA 1986) ("[T]he law implies an obligation to pay a reasonable cost for the extras not provided for in a contract, and the price of extras should be computed at a reasonable rate, unless the price is otherwise agreed upon.").

WHEREFORE, Counter-Defendant, Diversified Maintenance Systems, Inc., requests that the Court dismiss Counts II (except the portion of that Count relating to the Georgia stores) and V of Winn Dixie's Amended Counterclaim (Doc. 23339) and order such other relief as the Court deems appropriate.

Dated:   August 19, 2010

Respectfully submitted,


/s/ Paul B. Thanasides
Paul B. Thanasides
Florida Bar No. 0103039
paul@mcintyrefirm.com
McIntyre, Panzarella, Thanasides,
      Eleff & Hoffman, P.L.
6943 E. Fowler Avenue
Tampa, Florida  33617
(813) 899-6059
(813) 899-6069 (Facsimile)
*Attorneys for Diversified Maintenance Systems, Inc.*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 19th day of August, 2009, a true and correct copy of the foregoing was served via facsimile and via the Court's CM/ECF system to: **James H. Post, Esq.**, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida  32202, Fax No.: 904-359-7708.

/s/ Paul B. Thanasides
Attorney