**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**ORDER SUSTAINING DEBTORS' OBJECTION TO THE
ADMINISTRATIVE CLAIM FILED BY WANDA YATES AND
DENYING WANDA YATES' MOTION TO ALLOW LATE FILED CLAIM**

This case came before the Court for hearing on August 16, 2010, on the Debtors' Objection to the Administrative Claim of Wanda Yates (Docket No. 23121) and on the Motion to Allow Late Filed Claim filed by Wanda Yates (Docket No. 23032). Upon the evidence presented at the hearing, the Court finds that:

1. On March 8, 2010, Wanda Yates (the "Claimant") filed an application for administrative expense (Docket No. 23031) (the "Application") and a motion to allow a late administrative expense claim (Docket No. 23032) (the "Late Claim Motion"), based upon a negligence claim that is asserted to have arisen on March 9, 2006, at a Winn-Dixie Store in Broward County, Florida (the "Claim").

2. On April 26, 2010, the Debtors filed an objection to the Application (Docket No. 23121) (the "Objection"), asserting that the Claimant's cause of action is barred under the applicable statute of limitations.

3. The applicable statute of limitations, Section 95.11(3)(a), Florida Statutes, provides a four-year limitations period for claims based upon negligence.

4. The Claimant has not filed a civil action in the appropriate non-bankruptcy forum based upon the Claim. Filing the Application and Late Claim Motion did not preserve the Claim for statute of limitations purposes.

5. Because the Claim arose on March 9, 2006, the Claimant was required under Florida law to commence the prosecution of a civil action by March 10, 2010, to preserve the Claim for statute of limitations purposes.

6. Because the Claimant did not file a civil action to preserve the Claim prior to the expiration of the applicable statute of limitations, Claimant's cause of action is time-barred and the Application must be disallowed. Upon the foregoing, it is

ORDERED:

1. The Objection is sustained.

2. The Application (Docket No. 23031) is disallowed.

3. The Late Claim Motion (Docket No. 23032) is denied as moot.

Dated this 18 day of August, 2010, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copies to be provided via CM/ECF

{00701576}

# CERTIFICATE OF NOTICE

```
District/off: 113A-3            User: pcathy                 Page 1 of 1                  Date Rcvd: Aug 19, 2010
Case: 05-03817                  Form ID: pdfdoc              Total Noticed: 1
```

The following entities were noticed by first class mail on Aug 21, 2010.
aty          +David L Gay,   Smith Hulsey & Busey,   225 Water Street,   Suite 1800,
               Jacksonville, FL 32202-4494

The following entities were noticed by electronic transmission.
NONE.                                                                                                   TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 21, 2010**                     **Signature:**        _Joseph Speetjens_