# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Reorganized Debtors. | Jointly Administered |

NOTICE OF RULE 30(b)(6) DEPOSITION
OF DIVERSIFIED MAINTENANCE SYSTEM, INC.

Please take notice that beginning at 9:00 a.m. (EST) on September 23, 2010, Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, "Winn-Dixie") will take the deposition of Diversified Maintenance System, Inc. ("Diversified") at the offices of Esquire Deposition Solutions, 101 East Kennedy Boulevard, Suite 3350, Tampa, Florida, or a mutually agreeable place to be determined by Winn-Dixie and Diversified, before a certified stenographer reporter authorized by law to administer oaths and take depositions. This deposition is being taken for discovery purposes, for use as evidence, at hearing or trial, or both, and shall continue from day to day until completed.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), as incorporated by Rule 7030, Federal Rules of Bankruptcy Procedure, Diversified is required to designate one or more officers, directors, managing agents, or other persons who consent to do so, who have the most knowledge to testify with particularity on Diversified's behalf concerning the matters set forth in the attached Exhibit A.

SMITH HULSEY & BUSEY

By /s/ James H. Post
James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Counsel for Reorganized Debtors

## Exhibit A

### Definitions

A. "Amended Counterclaim" means Winn-Dixie's Amended Response to and Counterclaim to Motion to Compel Payment Filed by Diversified Maintenance Systems, Inc. (Docket No. 23393).

B. "Appendix C" means the Appendix C filed contemporaneously with the Amended Counterclaim as Docket No. 23341.

C. "Appendix D" means the Appendix D filed contemporaneously with the Amended Counterclaim as Docket No. 23342.

D. "Debtor," "Debtors" or "Winn-Dixie" mean Winn-Dixie Stores, Inc. and its affiliated entities in the jointly administered bankruptcy case styled In re Winn-Dixie, Inc., et. al.; United States Bankruptcy Court, Middle District of Florida; Chapter 11; Case No. 05-03817-3F1, and the officers, directors, agents, servants, attorneys or employees thereof, and anyone acting on their behalf.

E. "Documents" shall have the same meaning as in Rule 34, Federal Rules of Civil Procedure, and shall include, without limiting the generality of the foregoing, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

F. "Electronically Stored Information" or "ESI" shall have the same meaning as in Rule 34, Federal Rules of Civil Procedure, and shall include, without limiting the generality of the foregoing, all electronic, mechanical, magnetic, or optical records or representations of any kind including, without limitation, computer files and programs, tapes, cassettes, discs, recordings, metadata, and information stored on a computer, laptop, hand-held computer device, disk, cd, dvd, and any mechanical recording or production of any oral material.

G. "The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all";

the word "any" means "any and all"; and the word "including" means "including without limitation."

H.      "You," "yours" and "Diversified" mean Diversified Maintenance Systems, Inc., its officers, directors, agents, servants, attorneys, employees or anyone acting on its behalf.

### Areas of Inquiry

### Documents and Information Related to Count 4

1.      All facts, events, documents or ESI which evidence or reflect the approvals or authorizations, if any, that Diversified received from Winn-Dixie to perform the services or bill for the work indentified in the invoices listed in Appendix C on the pages Bates labeled as WD012069 through WD12077.

### Documents and Information Related to Count 5

2.      All facts, events, documents or ESI which evidence or reflect the approvals or authorizations, if any, that Diversified received from Winn-Dixie to perform the services or bill for the work indentified in the invoices listed in Appendix D on the pages Bates labeled as WD012531 through WD012557.

## Certificate of Service

I certify that a copy of the foregoing was served furnished by facsimile and by mail on August 16th, 2010 to Paul Thansides, Esq., 6943 Fowler Avenue, Temple Terrace, Florida 33617.

_____
Attorney

c: Esquire Deposition Solutions
101 East Kennedy Boulevard
Suite 3350
Tampa, Florida

00717754.DOC