# EXHIBIT D

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                    Case No.  05-03817-3F1

                                      )

WINN-DIXIE STORES, INC., et al.,                          Chapter 11

                                      )

      Reorganized Debtors.                      Jointly Administered

_____ )

**NOTICE OF RULE 30(b)(6) DEPOSITION**
**OF DIVERSIFIED MAINTENANCE SYSTEM, INC.**

Please take notice that beginning at 9:00 a.m. (EST) on September 28, 2010,
Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, "Winn-Dixie") will take
the deposition of Diversified Maintenance System, Inc. ("Diversified") at the offices of
Esquire Deposition Solutions, 101 East Kennedy Boulevard, Suite 3350, Tampa, Florida,
or a mutually agreeable place to be determined by Winn-Dixie and Diversified, before a
certified stenographer reporter authorized by law to administer oaths and take
depositions.  This deposition is being taken for discovery purposes, for use as evidence,
at hearing or trial, or both, and shall continue from day to day until completed.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), as incorporated by Rule
7030, Federal Rules of Bankruptcy Procedure, Diversified is required to designate one or
more officers, directors, managing agents, or other persons who consent to do so, who
have the most knowledge to testify with particularity on Diversified's behalf concerning
the matters set forth in the attached Exhibit A.

SMITH HULSEY & BUSEY

By _____
James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Counsel for Reorganized Debtors

**Exhibit A**

**Definitions**

A.     "Debtor," "Debtors" or "Winn-Dixie" mean Winn-Dixie Stores, Inc. and its affiliated entities in the jointly administered bankruptcy case styled In re Winn-Dixie, Inc., et. al.; United States Bankruptcy Court, Middle District of Florida; Chapter 11; Case No. 05-03817-3F1, and the officers, directors, agents, servants, attorneys or employees thereof, and anyone acting on their behalf.

B.     "Documents" shall have the same meaning as in Rule 34, Federal Rules of Civil Procedure, and shall include, without limiting the generality of the foregoing, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

C.     "Electronically Stored Information" or "ESI" shall have the same meaning as in Rule 34, Federal Rules of Civil Procedure, and shall include, without limiting the generality of the foregoing, all electronic, mechanical, magnetic, or optical records or representations of any kind including, without limitation, computer files and programs, tapes, cassettes, discs, recordings, metadata, and information stored on a computer, laptop, hand-held computer device, disk, cd, dvd, and any mechanical recording or production of any oral material.

D.     "The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

E.     "You," "yours" and "Diversified" mean Diversified Maintenance Systems, Inc., its officers, directors, agents, servants, attorneys, employees or anyone acting on its behalf.

**<u>Areas of Inquiry</u>**

1.      All facts, events, documents or ESI relating or referring to Diversified's affirmative defense that the "Debtor has waived its claims presented."

2.      All facts, events, documents or ESI relating or referring to Diversified's affirmative defense that the "Debtor is estopped from asserting its claims presented."

3.      All facts, events, documents or ESI relating or referring to Diversified's affirmative defense that "Diversified is entitled to a setoff in the amount of its unpaid invoices as set forth in its administrative claim filed in this matter."

4.      All facts, events, documents or ESI relating or referring to Diversified's affirmative defense that the "Debtor's claims are barred herein by the doctrine of unjust enrichment."

5.      All facts, events, documents or ESI relating or referring to Diversified's affirmative defense that Winn-Dixie's "claim(s) are barred herein by the doctrine of account stated."

## Certificate of Service

I certify that a copy of the foregoing was served furnished by facsimile and by mail on August _16th_, 2010 to Paul Thansides, Esq., 6943 Fowler Avenue, Temple Terrace, Florida 33617.

_____
Attorney

c:    Esquire Deposition Solutions
      101 East Kennedy Boulevard
      Suite 3350
      Tampa, Florida

00717755.DOC