# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                          Case No. 05-03817-3F1
                                    )
WINN-DIXIE STORES, INC., et al.,                Chapter 11
                                    )
        Reorganized Debtors.                    Jointly Administered
                                    )
_____)

## NOTICE OF RULE 30(b)(6) DEPOSITION
## OF DIVERSIFIED MAINTENANCE SYSTEM, INC.

Please take notice that beginning at 9:00 a.m. (EST) on September 22, 2010,

Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, "Winn-Dixie") will take

the deposition of Diversified Maintenance System, Inc. ("Diversified") at the offices of

Esquire Deposition Solutions, 101 East Kennedy Boulevard, Suite 3350, Tampa, Florida,

or a mutually agreeable place to be determined by Winn-Dixie and Diversified, before a

certified stenographer reporter authorized by law to administer oaths and take

depositions. This deposition is being taken for discovery purposes, for use as evidence,

at hearing or trial, or both, and shall continue from day to day until completed.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), as incorporated by Rule

7030, Federal Rules of Bankruptcy Procedure, Diversified is required to designate one or

more officers, directors, managing agents, or other persons who consent to do so, who

have the most knowledge to testify with particularity on Diversified's behalf concerning

the matters set forth in the attached Exhibit A.

SMITH HULSEY & BUSEY

By _____
        James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Counsel for Reorganized Debtors

**Exhibit A**

**Definitions**

A.    "Amended Counterclaim" means Winn-Dixie's Amended Response to and Counterclaim to Motion to Compel Payment Filed by Diversified Maintenance Systems, Inc. (Docket No. 23393).

B.    "Appendix B" means the Appendix B filed contemporaneously with the Amended Counterclaim as Docket No. 23340.

C.    "Debtor," "Debtors" or "Winn-Dixie" mean Winn-Dixie Stores, Inc. and its affiliated entities in the jointly administered bankruptcy case styled In re Winn-Dixie, Inc., et. al.; United States Bankruptcy Court, Middle District of Florida; Chapter 11; Case No. 05-03817-3F1, and the officers, directors, agents, servants, attorneys or employees thereof, and anyone acting on their behalf.

D.    "Diversified Invoices" means the invoices produced by Diversified to Winn-Dixie, which are Bates labeled as DIVERSIFIED001865 through DIVERSIFIED003265.

E.    "Documents" shall have the same meaning as in Rule 34, Federal Rules of Civil Procedure, and shall include, without limiting the generality of the foregoing, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

F.    "Electronically Stored Information" or "ESI" shall have the same meaning as in Rule 34, Federal Rules of Civil Procedure, and shall include, without limiting the generality of the foregoing, all electronic, mechanical, magnetic, or optical records or representations of any kind including, without limitation, computer files and programs, tapes, cassettes, discs, recordings, metadata, and information stored on a computer, laptop, hand-held computer device, disk, cd, dvd, and any mechanical recording or production of any oral material.

G.    "Invoice Amounts" or "Weekly With Tax Amounts" means the amounts listed on the Diversified Invoices under the column heading "Weekly with Tax."

H.    "The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

I.    "Weekly Contract Prices" or "Ex D Wkly Prices" means the amounts listed under the column heading "Weekly Price" on Exhibit D of the Agreement.

J.    "You," "yours" and "Diversified" mean Diversified Maintenance Systems, Inc., its officers, directors, agents, servants, attorneys, employees or anyone acting on its behalf.

## Areas of Inquiry

### Documents and Information Related to Count 3

1.    All facts, events, documents or ESI that evidence or explain the reason or reasons why the Invoice Amounts were different than the Weekly Contract Prices for each invoice listed in Appendix B on the pages Bates labeled as WD012078 through WD012079.

2.    All facts, events, documents or ESI that evidence or explain the reason or reasons why the Weekly With Tax Amounts were different than the Ex D Wkly Prices for each invoice listed in Appendix B on the pages Bates labeled as WD012080 through WD012530.

3.    All facts, events, documents or ESI that evidence or reflect the approvals or authorizations, if any, that Diversified received from Winn-Dixie to perform the services or bill for the work identified in each invoice listed in Appendix B on the pages Bates labeled as WD012078 through WD012530.

## Certificate of Service

I certify that a copy of the foregoing was served furnished by facsimile and by mail on August 16th, 2010 to Paul Thansides, Esq., 6943 Fowler Avenue, Temple Terrace, Florida 33617.

_____
Attorney

c:    Esquire Deposition Solutions
      101 East Kennedy Boulevard
      Suite 3350
      Tampa, Florida

00717753.DOC