# EXHIBIT F

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

## NOTICE OF DEPOSITION DUCES TECUM

Please take notice that beginning at 10:30 a.m. (EST) on September 13, 2010, the Reorganized Debtors will take the deposition of a representative of Thompson Dunavant, PLC, at the offices of Alpha Reporting, 236 Adams Avenue, Memphis, Tennessee 38103, before an officer authorized by law to take depositions. Thompson Dunavant, PLC is required to produce to counsel for the Reorganized Debtors any materials listed on Exhibit A to the attached subpoena on or before September 2, 2010 at 1:00 p.m.

Thompson Dunavant, PLC is required to designate one or more representatives, to testify on its behalf, most knowledgeable about: (i) the Florida and Georgia sales taxes that Diversified Maintenace Systems, Inc. ("Diversified") collected from its customers, including Winn-Dixie and remitted to either the State of Florida or the State of Georgia, (ii) Thompson Dunavant, PLC's reconciliation of Diversified's total sales in Florida or Georgia and (iii) any audit of Diversified by the Department of Revenue for the State of Florida.

This deposition is being taken for discovery purposes, for use as evidence at trial, or both, and shall continue from day to day until completed.

SMITH HULSEY & BUSEY

By: /s/ James H. Post
James H. Post

Florida Bar No. 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Attorneys for Reorganized Debtors

**Certificate of Service**

I certify that a copy of the foregoing has been furnished by facsimile and mail to Richard J. McIntyre, Esq. and Paul Thanasides, Esq., 6943 Fowler Avenue, Temple Terrace, Florida 33617, this 16th day of August, 2010.

/s/ James H. Post
Attorney

00717013.DOC

B256 (Form 256 - Subpoena in a Case under the Bankruptcy Code)(12/07)

# United States Bankruptcy Court
Western District of Tennessee

In re

WINN-DIXIE STORES, INC., et al.

    Reorganized Debtors

SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE

Case No. *   05-03817-3F1
                (Middle District of Florida)
Chapter    11
               Jointly Administered

**TO:** Thompson Dunavant, PLC
c/o Gordon Thompson, Registered Agent
5100 Poplar Ave., 30th Floor
Memphis, TN 38137

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a videotape deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Esquire Solutions<br>Alpha Reporting<br>236 Adams Avenue<br>Memphis, TN. 38103. | September 13, 2010 @ 10:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **The documents identified in the attached Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202 | September 2, 2010 @ 1:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030 and 9014, Federal Rules of Bankruptcy Procedure.

ISSUING OFFICER SIGNATURE AND TITLE

_[signature]_ Attorneys for the Reorganized Debtors    DATE _August 16, 2010_

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

James A. Post, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202, (904) 359-7700

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 - Subpoena in a Case under the Bankruptcy Code)(12/07)

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy code by Rule 9016, Federal Rules of Bankruptcy Procedure.

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Exhibit A to Subpoena

### Definitions and Instructions

A.   "You," "your," "yours" and "Thompson Dunavant" mean Thompson Dunavant, PLC, its officers, directors, agents, servants, attorneys, employees or anyone acting on its behalf.

B.   "Diversified" means Diversified Maintenance Systems, Inc., its officers, directors, agents, servants, attorneys, employees or anyone acting on its behalf.

C.   "Debtor," "Debtors" or "Winn-Dixie" means Winn-Dixie Stores, Inc. and its affiliated entities in the jointly administered bankruptcy case styled In re Winn-Dixie, Inc., et. al.; United States Bankruptcy Court, Middle District of Florida; Chapter 11; Case No. 05-03817-3F1, and the officers, directors, agents, servants, attorneys or employees thereof, and anyone acting on their behalf.

D.   "Relevant Period" means the period from January 1, 2004 through December 31, 2006.

E.   "Documents" shall have the same meaning as in Rule 34, Federal Rules of Civil Procedure, and shall include, without limiting the generality of the foregoing, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses, or other form of communication is recorded, now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

F.   "Electronically stored information" shall have the same meaning as in Rule 34, Federal Rules of Civil Procedure, and shall include, without limiting the generality of the foregoing, all electronic, mechanical, magnetic, or optical records or representations of any kind including, without limitation, computer files and programs, tapes, cassettes, discs, recordings, metadata, and information stored on a computer, laptop, hand-held computer device, disk, cd, dvd, and any mechanical recording or production of any oral material.

G. Produce electronically stored information in its native form (the form in which it is ordinarily maintained). For all electronically stored information, state the format (the software program or application) of the intended production.

H. If the document or electronically stored information does not now exist, identify the person, date, time, and manner of the disposition.

I. The phrase "relating or referring to" means constituting, comprising, containing, consisting of, setting forth, proposing, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, authorizing, pertaining to, or mentioning, directly or indirectly.

J. The singular includes the plural and the past tense includes the present tense, and vice versa; the words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of this request any documents which might otherwise be construed to be outside its scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including without limitation."

K. In response to this request, you are required to furnish all information and documents in your possession, custody or control, or in the possession, custody or control of your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf. This request specifically includes documents in the possession, custody or control of your past or present attorneys, including in-house counsel and outside counsel.

L. Pursuant to Rule 26(b)(5), Federal Rules of Civil Procedure, identify each document that you withhold from production under any claim of privilege or other immunity, and for each such document please state:

    1. The date of the document;
    2. The author of the document;
    3. The identity of each person who received or was furnished a copy of the document;
    4. The subject matter of the document; and
    5. Each ground upon which the privilege is claimed.

## Documents Requested

1.  All documents and electronically stored information, including accounting records, journal entries or ledgers, that track, record or account for (i) the Florida sales taxes that Diversified collected from its customers, including Winn-Dixie, and (ii) the Florida sales taxes that Diversified remitted to the State of Florida or retained as a result of Florida business transactions during the Relevant Period with Winn-Dixie and other Diversified customers.

2.  All documents and electronically stored information, including accounting records, journal entries or ledgers, that track, record or account for (i) the Georgia sales taxes that Diversified collected from its customers, including Winn-Dixie, and (ii) the Georgia sales taxes that Diversified remitted to the State of Georgia or retained as a result of Georgia business transactions during the Relevant Period with Winn-Dixie and other Diversified customers.

3.  All documents and electronically stored information that you received from Diversified to prepare the monthly Florida sales tax returns, Form DR-15, for the calendar years 2004, 2005, 2006 and 2007, including the "information to prepare the tax returns" that was "prepared by Diversified," as referenced in the letter dated April 7, 2010, a copy of which is attached as Exhibit 1.

4.  For the Relevant Period, all documents and electronically stored information that relate to any reconciliation of Diversified's total sales in Florida or Georgia by week, month or year to (i) Diversified's annual financial statements or (ii) any federal or state tax returns filed by Diversified.

5. All documents and electronically stored information that you sent to Thompson Dunavant to prepare the monthly sales tax returns filed by or on behalf of Diversified, if any, for the calendar years 2004, 2005, 2006 and 2007.

6. All documents and electronically stored information relating or referring to any audit of Diversified by the Department of Revenue for the State of Florida related to any events that occurred or floor care services that were provided by Diversified during the Relevant Period.

00715329.DOC



### THOMPSON DUNAVANT
CERTIFIED PUBLIC ACCOUNTANTS & CONSULTANTS

BY FEDERAL EXPRESS

April 7, 2010

Chris Dix, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

Re: Winn-Dixie Stores, Inc., et al.
Subpoena in a Case under the Bankruptcy Code
Case No. 05-03817-3F1

Dear Mr. Dix:

The purpose of this letter is to respond to your request for sales tax payments remitted to the States of Florida and Georgia in connection with floor care services provided by Diversified Maintenance Systems, Inc. ("Diversified") to Winn-Dixie Stores, Inc. ("Winn-Dixie") for the periods January 1, 2004 through December 31, 2007.

In response to your request, we have enclosed the following information and make the following comments:

1. Monthly Florida sales tax returns, Form DR-15, for the calendar years 2004, 2005, 2006, and 2007.
2. Supporting workpapers are attached to each Florida return, which details the tax amount for each invoice during the month. For confidentiality reasons, we have protected the names of customers other than Winn-Dixie.
3. The information supplied to prepare the tax returns was prepared by Diversified. Diversified is responsible for the accuracy and completeness of this information, and for maintaining supporting records as required by law. We did not audit or otherwise verify this information.
4. Commercial janitorial services are not taxable in Georgia. Therefore, no sales tax returns were filed in Georgia and we have no information available to respond to your request.
5. To the best of our knowledge, we are not aware of any amended returns or refund claims filed by Diversified in the State of Florida.

If you have any questions about the enclosed information, please contact me at the address below.

Best Regards,

*Brian McCuller*

Brian B. McCuller, JD, CPA
Member