UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Case No: 3:05-bk-03817-JAF |
| Reorganized Debtors. | ) | Chapter 11 |
| _____ | ) | |

## WINN-DIXIE STORES, INC.'S SECOND MOTION TO STRIKE DIVERSIFIED MAINTENANCE SYSTEMS, INC.'S AMENDED MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS

Winn-Dixie Stores, Inc. ("Winn-Dixie") files this *second* motion to strike Diversified Maintenance Systems, Inc.'s Amended Motion for Protective Order Regarding September Corporate Representative Deposition Notices and Thompson Dunavant Deposition Duces Tecum (the "Amended Motion for Protective Order") (ECF No. 23512) and says:

### Factual Background

1.     On August 16, 2010, Winn-Dixie served five 30(b)(6) deposition notices on Diversified and a Notice of Taking Deposition Duces Tecum of Diversified's former accounting firm, Thompson Dunavant, PLC (collectively, the "Winn-Dixie Discovery").

2.     On September 1, 2010, Diversified filed a Motion for Protective Order Regarding September Corporate Representative Deposition Notices and Thompson Dunavant Deposition Duces Tecum (ECF 23481) (the "First Motion for Protective Order"), which objected to the Winn-Dixie Discovery. Prior to the filing of the First

Motion for Protective Order, Diversified's counsel made **_no_** effort to confer with Winn-Dixie's counsel regarding the issues raised in the Motion.  As a result, the First Motion for Protective Order did not contain any certification that Diversified had, in good faith, conferred or attempted to confer with Winn-Dixie before filing the First Motion for Protective Order.

3.    On September 1, 2010, Winn-Dixie filed a motion to strike Diversified's First Motion for Protective Order (the "First Motion to Strike") (ECF 23488) because Diversified did not comply with the good faith certification requirement in Rule 26(c), Fed.R.Civ.Pr.

4.    On September 1 at 2:25 p.m., less than 15 minutes after Winn-Dixie electronically filed its First Motion to Strike, Diversified's counsel sent the following e-mail to Winn-Dixie's counsel:

> Jim,
>
> I am receipt of your motion to strike Diversified's Motion for Protective Order.  If you will consent to any of the relief in Diversified's Motion for Protective Order, please let me know by the end of the day today.
>
> Paul
>
> > E-mail from Paul Thanasides, attached as Exhibit 1

5.    On September 2, 2010, less than 24 hours after sending the e-mail attached as Exhibit 1, Diversified filed the Amended Motion for Protective Order, which included the following certification:

> The undersigned certifies that he has attempted to confer with counsel for Winn-Dixie in a good faith effort to resolve this matter without the necessity of Court intervention. Winn Dixie did not respond to counsel's efforts in this regard.
>
> Amended Motion for Protective Order, paragraph 22.

**The Court should strike Diversified's Amended Motion for Protective Order because Diversified did not make a good faith effort to resolve this matter**

6.      Rule 26(c), Federal Rules of Civil Procedure, applicable to this proceeding pursuant to Rules 9014 and 7026, Federal Rules of Bankruptcy Procedure, specifically requires that a motion for protective order "must include a certification that the movant has *in good faith* conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Rule 26(c), Fed. R. Civ. P. (emphasis added).

7.      The purpose of the obligation to confer in good faith is to avoid the necessity of court intervention to resolve matters that might otherwise be resolved consensually. See *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 878 (M.D.Fla. 1996) (interpreting a similar local rule in the District Court for the Middle District of Florida). The term "confer" means "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, 2000 WL 1658575, Footnote 1 (M.D.Fla. 2000).

8.      In this case, Diversified's September 1 e-mail was simply an arrogant demand that Winn-Dixie consent to the relief in the First Motion for Protective Order before the "end of the day today." This e-mail, which was sent less than 24 hours

before Diversified filed its Amended Motion for Protective Order, is contrary to the

spirit and intent of the good faith certification requirement in Rule 26(c),

Fed.R.Civ.Pr.:

> **Subdivision (c).** The revision requires that before filing a motion for a protective order the movant must confer-- **either in person or by telephone**--with the other affected parties in a good faith effort to resolve the discovery dispute without the need for court intervention. If the movant is unable to get opposing parties even to discuss the matter, the efforts in attempting to arrange such a conference should be indicated in the certificate.

> Advisory Committee Notes to the 1993 amendment to Rule 26(c), Fed.R.Civ.Pr. (emphasis added)

> **Letter writing does not comport with the requirement of Rule 26(c)** that the movant confer or attempt to confer (**that is, converse or attempt to converse**), either in person or via telephone with the other affected parties, in a good faith effort to resolve their dispute before seeking judicial intervention.  Accordingly, defendants have not satisfied the prerequisite to making an application for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure and that branch of their motion is denied.

> *Palumbo v. Shulman*, 1998 WL 720668, *2 (S.D.N.Y. 1998) (emphasis added)

Diversified's refusal to confer in good faith is, in fact, part of its effort to delay

and frustrate the legitimate efforts of Winn-Dixie to prosecute this case.   Such

conduct should not be condoned.

WHEREFORE, Winn-Dixie requests that this Court enter an order (i) striking Diversified's Amended Motion for Protective Order, (ii) ordering Diversified to pay sanctions to reimburse Winn-Dixie for the cost of filing the First Motion to Strike and this *second* motion to strike, (iii) requiring Diversified's counsel to confer **in good faith** with Winn-Dixie's counsel prior to requesting any additional protective relief from this Court regarding the Winn-Dixie Discovery and (iv) such other relief as is just.

SMITH HULSEY & BUSEY

By: /s/  James H. Post
        James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.

**Exhibit 1**

## James H. Post

| | |
|---|---|
| **From:** | Paul Thanasides [paul@mcintyrefirm.com] |
| **Sent:** | Wednesday, September 01, 2010 2:25 PM |
| **To:** | James H. Post |
| **Cc:** | Jackie DeShance |
| **Subject:** | Diversified/Winn Dixie |

Jim,

I am in receipt of your motion to strike Diversified's Motion for Protective Order.  If you will consent to any of the relief in Diversified's Motion for Protective Order, please let me know by the end of the day today.

Paul


Paul Thanasides
paul@mcintyrefirm.com
813.412.0393 (mobile)


MCINTYRE | PANZARELLA | THANASIDES
ATTORNEYS AT LAW

McIntyre, Panzarella, Thanasides,
Eleff & Hoffman, P.L.
6943 East Fowler Avenue
Tampa, Florida 33617
813.899.6059 (office)
813.899.6069 (fax)
www.mcintyrefirm.com

Confidentiality Statement: This e-mail transmission, including any attachments, contains information from McIntyre, Panzarella, Thanasides, Eleff & Hoffman, P.L. that is confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this e-mail is prohibited. If you have received this electronic transmission in error, please notify us by telephone at (813) 899-6059 immediately. DISCLAIMER REGARDING UNIFORM ELECTRONIC TRANSACTIONS ACT ("UETA") (FLORIDA STATUTES SECTION 668.50):  If this communication concerns negotiation of a contract or agreement, UETA does not apply to this communication. Contract formation in this matter shall occur only with manually affixed original signatures on original documents.

<u>Certificate of Service</u>

I certify that a copy of the foregoing has been furnished via the CM/ECF electronic notification system to Paul Thanasides, Esq., McIntyre, Panzarella, Thanasides, Eleff & Hoffman, P.L., 6943 East Fowler Avenue, Tampa, Florida 33617, and all parties in interest entitled to receive such notification this 2nd day of September, 2010.

<i>/s/ James H. Post</i><br>
Attorney

00720785.DOC