UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Case No: 3:05-bk-03817-JAF |
| Reorganized Debtors. | ) | Chapter 11 |
| | ) | |

### WINN-DIXIE'S REPLY TO DIVERSIFIED'S OPPOSITION TO WINN-DIXIE'S SECOND MOTION TO STRIKE DIVERSIFIED'S AMENDED MOTION FOR PROTECTIVE ORDER

Winn-Dixie Stores, Inc. ("Winn-Dixie") files this reply to Diversified Maintenance Systems, Inc.'s Opposition to Winn-Dixie's Second Motion to Strike Amended Motion for Protective Order ("Diversified's Response")[1].

**Diversified failed to include in its certification the efforts undertaken to confer with Winn-Dixie**

In its Response, Diversified argues that it satisfied the good faith certification requirement under Rule 26(c) by its e-mail which demanded that Winn-Dixie let Diversified "know by the end of the day today" if Winn-Dixie will consent to the relief requested in Diversified's Amended Motion for Protective Order (ECF No. 23512) (the "Amended Motion for Protective Order"). The argument is contrary to

---

[1] On September 1, 2010, Winn-Dixie filed a motion to strike Diversified's First Motion for Protective Order (the "First Motion to Strike") (ECF No. 23488) because Diversified did not comply with the good faith certification requirement of Rule 26(c), Fed.R.Civ.Pr.

On September 2, 2010, Winn-Dixie filed a second motion to strike Diversified's Amended Motion for Protective Order and for sanctions (the "Second Motion to Strike") (ECF No. 23531) because Diversified, again, did not make a good faith effort to resolve the issues identified in the Amended Motion for Protective Order prior to filing the amended motion with the Court.

the plain language of Rule 26(c) and common sense. Diversified's unilateral ultimatum did not comply with the good faith certification requirements of Rule 26(c).

Moreover, to the extent Diversified is attempting to argue that it tried but was unable to get Winn-Dixie to discuss the matters raised in Diversified's Amended Motion for Protective Order, Diversified failed to describe any such efforts in its Amended Motion for Protective Order as required as part of the good faith certification under Rule 26(c):

> **Subdivision (c).** The revision requires that before filing a motion for a protective order the movant must confer— either in person or by telephone—with the other affected parties in a good faith effort to resolve the discovery dispute without the need for court intervention. ***If the movant is unable to get opposing parties even to discuss the matter, the efforts in attempting to arrange such a conference should be indicated in the certificate.***
>
> Advisory Committee Notes to the 1993 amendment to Rule 26(c), Fed.R.Civ.Pr. (emphasis added)

Accordingly, Winn-Dixie's Second Motion to Strike should be granted due to Diversified's failure to comply with the good faith certification requirements of Rule 26(c).

### Diversified provided no authorities contrary to the persuasive authority cited by Winn-Dixie

Diversified argues in its Response that this Court should disregard some of Winn-Dixie's authorities because "unpublished opinions of magistrate judges" are

2

"non-binding and non-persuasive in this Circuit." (Diversified's Response at 3-6). To the contrary, in the Eleventh Circuit, unpublished opinions may be considered persuasive authority, even if they are not binding precedent:

> Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.
>
> Rule 36-2, United States Court of Appeals for the Eleventh Circuit Rules.

Moreover, even if this Court disregarded some of Winn-Dixie's authorities, Diversified does not provide any contrary authority from any other court.

Diversified also argues that the Advisory Committee Notes to the Federal Rules of Civil Procedure should be disregarded because the rules "were drafted in 1993, before email was commonly used by attorneys." However, Federal Rule 26 has been amended 4 times since 1993 and would presumably have been revised to refer to email if such an amendment was intended or necessary to clarify the existing rule.

**<u>Winn-Dixie's use of email regarding other matters is irrelevant</u>**

Diversified argues in its Response that the prior use of email by counsel for the parties in this case on different occasions somehow excused Diversified from its obligation to confer in good faith prior to filing the Amended Motion for Protective Order. Diversified's Response at 7-17. This argument is irrelevant to the issue raised in Winn-Dixie's Second Motion to Strike – did Diversified comply with its good faith certification requirements under Rule 26(c)?

3

**Counsel for Winn-Dixie and Diversified resolved and
<u>narrowed some disputes in their September 7 conference</u>**

Diversified argues in its Response that a September 7, 2010 telephone call between counsel for the parties did not result in any resolution of the issues identified in the Amended Motion for Protective Order because "Winn-Dixie had no intention on resolving any of the issues in the motion for protective order via conference between the parties." Diversified's Response at 18-21. This is another irrelevant argument.

Moreover, the September 7, 2010 conference call between counsel for the parties did resolve or, at least, narrowed several issues including the following:

(i) the parties agreed to reschedule six depositions, including the deposition of Thompson Dunavant, PLC (Diversified's former accountants);

(ii) Winn-Dixie provided Diversified with an explanation of the relevancy of certain documents subpoenaed from Thompson Dunavant (Diversified's Amended Motion for Protective Order argued that such documents were irrelevant); and

(iii) the parties agreed to (and later did) exchange legal authorities regarding Diversified's assertion of accountant-client privilege with respect to documents subpoenaed from Thompson Dunavant.

Even though Winn-Dixie and Diversified did not agree to resolve *all* of the issues in the Amended Motion for Protective Order, the range of issues to be

4

adjudicated by the Court, if necessary, will be more focused as a direct result of the September 7 conference. Even more progress might have been made if Diversified had conferred with Winn-Dixie *prior* to filing the Amended Motion for Protective Order as required by Rule 26(c).

## **Conclusion**

For the reasons set forth above, Winn-Dixie respectfully requests that this Court enter an order (i) striking Diversified's Amended Motion for Protective Order, (ii) ordering Diversified to pay sanctions to reimburse Winn-Dixie for the cost of filing the motions to strike and this reply, (iii) requiring Diversified's counsel to confer in good faith with Winn-Dixie's counsel ***prior*** to requesting any additional protective relief from this Court regarding the Winn-Dixie Discovery and (iv) such other relief as is just.

SMITH HULSEY & BUSEY

By: /s/  James H. Post
  James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.

6

<u>Certificate of Service</u>

I certify that a copy of the foregoing has been furnished via the CM/ECF electronic notification system to Paul Thanasides, Esq., McIntyre, Panzarella, Thanasides, Eleff & Hoffman, P.L., 6943 East Fowler Avenue, Tampa, Florida 33617, and all parties in interest entitled to receive such notification this 15th day of September, 2010.

                                                      */s/ James H. Post*
                                                        Attorney

00722108.DOC