UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:                                         )

WINN-DIXIE STORES, INC., *et al.*,             )          Case No: 3:05-bk-03817-JAF

            Reorganized Debtors.               )          Chapter 11

_____ )

**WINN-DIXIE'S RESPONSE IN OPPOSITION TO
DIVERSIFIED MAINTENANCE SYSTEMS, INC.'S
AMENDED MOTION FOR PROTECTIVE ORDER**

Winn-Dixie Stores, Inc. ("Winn-Dixie") files this response in opposition to Diversified Maintenance Systems, Inc.'s Amended Motion for Protective Order Regarding September Corporate Representative Deposition Notices and Thompson Dunavant Deposition Duces Tecum (the "Amended Motion for Protective Order") (ECF No. 23512).

**Factual Background**

On August 16, 2010, Winn-Dixie served five 30(b)(6) deposition notices on Diversified Maintenance Systems, Inc. ("Diversified") and a Notice of Taking Deposition Duces Tecum of Diversified's former accounting firm, Thompson Dunavant, PLC (collectively, the "Winn-Dixie Discovery").

On September 1, 2010, Diversified filed a Motion for Protective Order Regarding September Corporate Representative Deposition Notices and Thompson Dunavant Deposition Duces Tecum (ECF No. 23481) (the "First Motion for Protective Order"), which objected to the Winn-Dixie Discovery.

On September 1, 2010, Winn-Dixie filed a motion to strike Diversified's First Motion for Protective Order (the "First Motion to Strike") (ECF No. 23488) because Diversified did not comply with the good faith certification requirements of Rule 26(c), Fed.R.Civ.Pr.

On September 2, 2010, Diversified filed the Amended Motion for Protective Order.  On the same day, Winn-Dixie filed a second motion to strike Diversified's Amended Motion for Protective Order and for sanctions (the "Second Motion to Strike") (ECF No. 23531) because, although Diversified inserted a certification required by Rule 26(c), it did not, in fact, actually make a good faith effort to resolve the issues identified in the Amended Motion for Protective Order prior to filing the amended motion with the Court.

On September 7, 2010, Diversified belatedly and begrudgingly conferred by telephone with counsel for Winn-Dixie regarding the issues raised in the Amended Motion for Protective Order.

During the September 7 conference, Diversified insisted that all five of Diversified's 30(b)(6) depositions be taken in only two days (September 28 and 29). Winn-Dixie agreed to commence the Diversified depositions on the two days identified by Diversified without waiver of Winn-Dixie's rights or objections to the limitations imposed by Diversified as to these depositions.  See e-mail attached as Exhibit A.  During that conference, counsel also agreed to reschedule Winn-Dixie's deposition of Diversified's former accounting firm, Thompson Dunavant, PLC ("Thompson Dunavant").

**Diversified's Amended Motion should be
denied for failure to comply with Rule 26(c)**

As set forth in Winn-Dixie's Second Motion to Strike, Diversified's Amended Motion for Protective Order should be denied because Diversified failed to comply with the good faith certification requirements of Rule 26(c), Fed.R.Civ.Pr. Diversified's late and begrudging participation in the September 7 conference call with Winn-Dixie's counsel does not, as a matter of law, excuse Diversified from its failure to comply with Rule 26(c) before it filed its two motions for protective order.

Accordingly, Diversified's Amended Motion for Protective Order should be denied because Diversified failed to timely comply with the good faith certification requirement of Rule 26(c)

**Alternatively, Diversified's Amended Motion should be denied as premature**

In addition to Diversified's failure to comply with the requirements of Rule 26(c), Diversified's relief requested in the Amended Motion for Protective Order should be denied as premature. Specifically, as a result of the September 7 conference, the depositions of Diversified and Thompson Dunavant have been rescheduled. Accordingly, it is not necessary for this Court at this time to address Diversified's objections to the scope of the areas of inquiry identified by Winn-Dixie because any issues arising out of the depositions of Diversified and Thompson Dunavant can be addressed and narrowed by the parties at the depositions. Thereafter, if necessary, any remaining discovery disputes can be brought to the attention of the Court upon motion and hearing.

Accordingly, Diversified's Amended Motion for Protective Order should be denied as premature because the parties should be afforded opportunity to take the

depositions and thereby narrow, if not eliminate, the "scope of inquiry" and accountant-client privilege issues raised in the Amended Motion for Protective Order.

### The federal rule favoring admissibility of accountant-client communications is controlling over related state law privileges

Federal law does not recognize the confidentiality of accountant-client communications. See *Couch v. U.S.*, 409 U.S. 322, 335 (1973).

In cases where federal *and* state claims are being adjudicated together, the federal rule favoring admissibility is controlling over state law privileges because, among other reasons, it would be impractical to apply two different rules of privilege to the same evidence before the same trier of fact.

> Courts that have confronted this issue in the context of the discoverability of evidence have uniformly held that the federal law of privilege governs even where the evidence sought might be relevant to a pendent state law claim. [citations omitted] We conclude that the generalized rule is persuasive in the context of the admissibility of evidence as well. Not only are rules of privilege generally looked upon with disfavor by the federal courts, *see In re International Horizons, Inc.,* 689 F.2d 996, 1003 (11th Cir. 1982), it also would be impractical to apply two different rules of privilege to the same evidence before a single jury. *Accord, Wm. T. Thompson Co.*, 671 F.2d at 104. We therefore hold that the federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question, even if the witness-testimony is relevant to a pendent state law count which may be controlled by a contrary state law of privilege.
>
> *Hancock v. Hobbs*, 967 F.2d 462, 466-67 (11th Cir. 1992).

In this case, the following federal claims are pending:

  (i)  Diversified's motion to compel payment from Winn-Dixie (ECF No. 21311) pursuant to 11 U.S.C. §503; and

(ii)    Count One of Winn-Dixie's counterclaims seeking declaratory relief pursuant to 28 U.S.C. §2201(a) and 11 U.S.C. §105.

Diversified's motion to compel payment and Winn-Dixie's related counterclaims under state law are set to be tried together and cannot be separated for purposes of determining applicable privileges in this case. See *Wm. T. Thompson Co. v. General Nutrition Corp., Inc.*, 671 F.2d 100, 103-4 (3rd Cir. 1982) ("We hold that when there are federal law claims in a case also presenting state law claims, the federal rule favoring admissibility, rather than any state law privilege, is the controlling rule.").

Accordingly, the federal rule favoring admissibility of Diversified's accountant-client communications is controlling over any state law privileges claimed by Diversified.

**Even if state law governed the applicability of accountant-client privilege in this case, Diversified would not be entitled to protection under either Florida or Tennessee law**

Diversified cites the statutory accountant-client privileges in Florida and Tennessee as a basis for relief in its Amended Motion for Protective Order. However, both statutes have exceptions that are applicable in this case.

The statute creating the accountant-client privilege under state law in Florida does not apply when the accountant's services were obtained to commit what the client knew or should have known was a crime or fraud:

(4) There is no accountant-client privilege under this section when:

> (a) The services of the accountant were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or should have known was a crime or fraud.

> § 90.5055, Florida Statutes (2010).

In this case, Winn-Dixie has alleged that (i) Diversified charged and collected sales tax monies from Winn-Dixie which Diversified (and other Diversified customers) did not, in fact, remit to the State of Florida and (ii) Diversified retained these excess sales tax funds for its own benefit without notice to Winn-Dixie.  See Winn-Dixie's amended counterclaim, paragraphs 31(c) and 32.    Diversified's response that it was entitled to keep excess sales tax collections as compensation would, if true, subject Diversified to criminal sanctions under Florida law for collecting sales taxes which it failed to remit to the State of Florida. See Florida Statute § 212.15(1) and (2).   Therefore, Florida's accountant-client privilege is not applicable in this case.

The statute creating the accountant-client privilege under state law in Tennessee explicitly states that the statute does not modify, change or affect any applicable bankruptcy or criminal laws:

> (b) Information derived as a result of such professional employment is deemed to be confidential, except that nothing in this chapter shall be construed as modifying, changing or affecting the criminal or bankruptcy laws of this state or of the United States.

> § 62-1-116, Tennessee Code (2010).

Applying the Tennessee accountant-client privilege in this case would modify, change or affect the federal rule favoring admissibility in this bankruptcy case because, as described above, federal and state claims are being adjudicated together in this case. Therefore, Tennessee's accountant-client privilege is not applicable in this case.

## Conclusion

For the reasons set forth above, Diversified's Amended Motion for Protective Order should be denied because (i) Diversified failed to comply with the good faith certification requirements of Rule 26(c), (ii) the relief requested by Diversified is premature based on the agreement of the parties to go forward with depositions and (iii) the statutory accountant-client privileges in Florida and Tennessee are not applicable to this case.

SMITH HULSEY & BUSEY


By: */s/  James H. Post*
        James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.

Exhibit A

Tana L. Copeland

| From: | Tana L. Copeland on behalf of James H. Post |
|---|---|
| Sent: | Wednesday, September 08, 2010 2:23 PM |
| To: | Paul Thanasides |
| Subject: | Winn-Dixie/Diversified |

Paul,

      As we discussed yesterday in regard to Winn-Dixie's five pending 30(b)(6) depositions, Diversified has agreed to produce designated representatives for all five deposition notices on September 28 and 29. In response to my concern that two days was not enough time to take these five depositions (which may take 7 hours each), you advised that, by proceeding in this manner, you would not object to the continuation of one or more of these five depositions if the two day period was not sufficient. As a result, we will accommodate your request by taking the depositions at the following times (or pursuant to some other sequence as we may mutually agree):

| 9/28/2010 | 9:30 a.m. | Diversified's Corporate Representative – Tampa, FL re:<br><br>1. Count Two of the Amended Counterclaim<br>2. Count Three of the Amended Counterclaim<br>3. Counts Four and Five of the Amended Counterclaim<br>4. Diversified's Affirmative Defenses<br>5. Call logs, company reports, voicemails and ESI removed by spam filters |
|---|---|---|
| 9/29/2010 | 9:30 a.m. | Diversified's Corporate Representative – Tampa, FL re:<br><br>1. Count Two of the Amended Counterclaim<br>2. Count Three of the Amended Counterclaim<br>3. Counts Four and Five of the Amended Counterclaim<br>4. Diversified's Affirmative Defenses<br>5. Call logs, company reports, voicemails and ESI removed by spam filters |

      As we also discussed, by proceeding in this manner, Winn-Dixie and Diversified are not waiving any of their respective rights or objections with respect to these depositions.

      Please contact me if you have any further comments regarding these depositions.

              Thanks,


              Jim

<u>Certificate of Service</u>

I certify that a copy of the foregoing has been furnished via the CM/ECF electronic notification system to Paul Thanasides, Esq., McIntyre, Panzarella, Thanasides, Eleff & Hoffman, P.L., 6943 East Fowler Avenue, Tampa, Florida 33617, and all parties in interest entitled to receive such notification this 15th day of September, 2010.

<u>           /s/ James H. Post           </u>
Attorney

00722107.DOC