UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administrated |
| | ) | |

## ORDER ON DEBTORS' OBJECTION TO FLORIDA TAX CLAIMS AND MOTION FOR ORDER DETERMINING TAX LIABILITIES TO THE ESCAMBIA COUNTY TAX COLLECTOR

This matter came before the Court on the Debtors' (i) Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities (ECF No. 10046) and (ii) Objection to Florida Tax Collectors' Request for Payment of Administrative Claim (ECF Nos. 10046 and 22892; collectively, the "Objections") as they pertain to the Tax Collector and Property Appraiser for Escambia County, Florida (individually, the "Escambia County Tax Collector" and the "Escambia County Property Appraiser"). Upon consideration of the consent of the parties indicated below, it is ORDERED:

1. The Objections are sustained in part and overruled in part as set forth below.

2. Proof of Claim number 12566 filed by the Florida Tax Collectors, and Florida Tax Collectors' Request for Payment of Administrative Claim (ECF No. 14414; the "Administrative Claim") solely as they relate to the Escambia County Tax Collector, are allowed claims in the aggregate amount of $191,658.26 ("the Total

Allowed Amount") based on the assessed values, corresponding taxes and the interest rates stated in the Partial Settlement Agreement and Stipulation of Facts Between Winn-Dixie and the Escambia County Tax Collector (ECF No. 2172; the "Stipulation") for tax years 2005 and 2006.

3.  On or before October 31, 2010, the Debtors will pay the Escambia County Tax Collector the Total Allowed Amount, as a full and final payment of all unpaid ad valorem real property and tangible personal taxes, and interest thereon, owed by the Debtors to the Escambia County Tax Collector for tax years 2006 and prior (whether delinquent or not), including, without limitation, the accounts listed on Exhibit A, which were or could have been, or may be, raised in any proof of claim or objection to proof of claim or otherwise. If the Debtors fail to pay the Escambia County Tax Collector the Total Allowed Amount by October 31, 2010, interest will continue to accrue at the annual interest rate indicated in the Stipulation. As provided in the Stipulation, the Total Allowed Amount will be paid no later than 60 days from the date of this Order.

4.  Other than as provided for in this Order, the Escambia County Tax Collector will not receive any additional distributions on account of any proofs of claim filed in the Debtors' Chapter 11 cases, including, without limitation, Claim No. 12566 or the Administrative Claim.

5.  The Order resolves all liabilities and obligations arising prior to November 21, 2006, related to (i) all proofs of claim and administrative expense claims filed by the Escambia County Tax Collector in these Chapter 11 cases and (ii)

2

all other pre-effective date claims the Escambia County Tax Collector has or may have against the Debtors and any of their Chapter 11 estates or affiliates. The Debtors shall not be entitled to any further adjustment, reduction or refund of any tax assessment or taxes paid or payable to the Escambia County Tax Collector for tax years 2006 and prior.

6. Notwithstanding anything to the contrary in this order, nothing is intended to affect Claim Number 12566 or the Administrative Claim as they relate to any claims of any Florida Tax Collector other than the Escambia County Tax Collector.

7. This Order does not constitute, and shall not be construed as an adjudication or admission of liability or correctness of any appraisal procedure utilized by any of the parties and shall not be admissible in evidence in any proceedings outside the Winn-Dixie bankruptcy case.

8. Each of the parties shall bear their own costs and attorneys' fees.

9. This Court retains jurisdiction to resolve any disputes arising from this Order.

DATED this __8__ day of October, 2010 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

## Consent

The undersigned parties consent to the entry of the foregoing Order.

PHILIP A. BATES, P.A.

By: _____
  Philip A. Bates

Florida Bar No. 228354
25 West Cedar Street, Suite 550
Pensacola, Florida 32501-5911
(850) 470-0091 Telephone
(850) 470-0441 Facsimile

Attorney for Escambia County Tax Collector

Messer, Caparello & Self, P.A.

By: _____
  Thomas M. Findley, Esq.

Florida Bar No. 797855
Post Office Box 15579
Tallahassee, Florida 32317
(850) 222-0720
(850) 224-4359 (facsimile)
tfindley@lawfla.com

Attorneys for Escambia County Property Appraiser

SMITH HULSEY & BUSEY

By: _____
  Allan E. Wulbern

Florida Bar Number 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.

4

Copies furnished to:

Allan Wulbern, Esq.  
Smith, Hulsey & Busey  
225 Water Street, Suite 1800  
Jacksonville, Florida 32202

Philip A. Bates, Esq.  
Philip A. Bates, P.A.  
25 West Cedar Street, Suite 550  
Pensacola, Florida 32501-5911

Thomas M. Findley, Esq.  
Messer, Caparello & Self, P.A.  
Post Office Box 15579  
Tallahassee, Florida 32317

00712847

## Exhibit A

## Escambia County, Florida

| Tax Year | Account # | Agreed Taxable Value | Allowed Base Tax | Interest @ Stipulated Rate | Total Allowed Amount |
|---|---|---|---|---|---|
| 2005 | 00-2010-368 | $600.00 | $10.55 | $3.05 | $13.60 |
| 2005 | 00-1066-410 | $490,784.00 | $8,630.92 | $2,496.06 | $11,126.98 |
| 2005 | 00-1065-900 | $614,496.00 | $10,806.54 | $3,125.25 | $13,931.79 |
| 2005 | 00-2010-369 | $16,104.00 | $285.74 | $82.63 | $368.37 |
| 2005 | 00-1066-411 | $395,640.00 | $6,957.73 | $2,012.17 | $8,969.90 |
| 2005 | 00-1065-800 | $638,568.00 | $13,982.09 | $4,043.62 | $18,025.71 |
| 2005 | 00-1066-400 | $650,344.00 | $11,436.96 | $3,307.57 | $14,744.53 |
| 2005 | 00-2006-447 | $16,616.00 | $292.22 | $84.50 | $376.72 |
| 2005 | 00-1085-474 | $616,832.00 | $10,847.61 | $3,137.13 | $13,984.74 |
| 2005 | 00-1066-200 | $328,296.00 | $7,188.37 | $2,078.87 | $9,267.24 |
| 2005 | 00-1066-300 | $432,008.00 | $7,597.30 | $2,197.13 | $9,794.43 |
| 2006 | 00-2010-368 | $61,568.00 | $1,074.18 | $263.17 | $1,337.35 |
| 2006 | 00-1066-410 | $502,728.00 | $8,771.10 | $2,148.92 | $10,920.01 |
| 2006 | 00-1065-900 | $546,880.00 | $9,541.42 | $2,337.65 | $11,879.06 |
| 2006 | 00-1066-411 | $373,640.00 | $6,518.90 | $1,597.13 | $8,116.03 |
| 2006 | 00-1065-800 | $571,696.00 | $12,377.22 | $3,032.42 | $15,409.63 |
| 2006 | 00-1066-400 | $570,864.00 | $9,959.86 | $2,440.17 | $12,400.03 |
| 2006 | 00-2006-447 | $13,648.00 | $238.11 | $58.34 | $296.45 |
| 2006 | 00-1085-474 | $536,864.00 | $9,366.67 | $2,294.83 | $11,661.51 |
| 2006 | 00-1066-200 | $346,576.00 | $7,503.37 | $1,838.33 | $9,341.69 |
| 2006 | 00-1066-300 | $446,216.00 | $7,785.13 | $1,907.36 | $9,692.48 |
| | | $8,170,968 | $151,171.95 | $40,486.31 | $191,658.26 |