UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                          )   Case No. 05-03817-3F1
                                                )
WINN-DIXIE STORES, INC., et al.,                )   Chapter 11
                                                )
        Reorganized Debtors.                    )   Jointly Administered

## ORDER ON THE CLAIMS SCHEDULED AND FILED ON BEHALF OF LIBBEY GLASS

This case came before the Court on the Debtors' Amended Objection to the Proof of Claim filed by Libbey Glass (Docket No. 23006). Based upon the consent of the parties, it is

ORDERED:

1. The Order Sustaining the Debtors' Amended Objection to the Claim filed by Libbey Glass (Docket No. 23286) is vacated.

2. Claim No. 1035 filed by Libbey Glass (the "Claimant") is reduced and allowed as a prepetition, non-priority, unsecured Class 14 claim under the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan") in the total amount of $150,000.00 against Winn-Dixie Stores, Inc., and the remainder of Claim Number 1035 is disallowed.

3. As acknowledged below by Amroc Investments, LLC, the agreement between Amroc Investments, LLC, and the Claimant for the transfer of Claim No. 1035 to Amroc Investments, LLC, evidenced by the Notice of Assignment of Claim

filed in this case on June 9, 2005 (Docket No. 1629), has been rescinded. Claimant certifies that Claimant is the owner and holder of Claim No. 1035.

4. Distribution on account of Claim No. 1035 shall be made in accordance with Section 9.2 of the Plan and shall be made to Claimant at the address on the proof of claim for Claim No. 1035.

5. This Order resolves (i) all liabilities and obligations related to Claim No. 1035, (ii) all liabilities and obligations related to Claim No. 35045 scheduled on behalf of the Claimant and (iii) all other prepetition or administrative claims the Claimant has or may have against the Debtors or any of their Chapter 11 estates, officers, employees, agents, successors or assigns, all of which are forever waived, discharged, and released.

6. Logan & Company, Inc., the claims agent appointed in the Debtors' Chapter 11 cases, is directed to make such revisions to the claims register as are necessary to reflect the terms of this Order.

7. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 2nd day of November, 2010, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copies to be provided through CM/ECF

2

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

**STUTSMAN THAMES & MARKEY, P.A.**          **SMITH HULSEY & BUSEY**

By    /s/ Richard R. Thames*                By    /s/ Leanne McKnight Prendergast
     Richard R. Thames                                  Leanne McKnight Prendergast

50 N. Laura Street, Suite 1600              225 Water Street, Suite 1800
Jacksonville, Florida 32202                 Jacksonville, Florida 32202
(904) 358-4000                              (904) 359-7700
(904) 358-4001 (Facsimile)                  (904) 359-7708 (Facsimile)
rrt@stmlaw.net                              lprendergast@smithhulsey.com

Attorneys for Libbey Glass, Inc.            Attorneys for Winn-Dixie Stores, Inc.

\* Counsel has authorized his electronic signature.

## Acknowledgement

Amroc Investments, LLC, acknowledges that the agreement for the transfer to Amroc Investments, LLC, from Libbey Glass, Inc., of Claim No. 1035 filed by Libbey Glass, Inc., in the amount of $245,608.00, evidenced by the Notice of Transfer of Claim filed in this case on June 9, 2005 (Docket No. 1629), has been rescinded and Amroc Investments, LLC, disclaims any interest in Claim No. 1035.

AMROC INVESTMENTS, LLC

By_____
    David S. Leinwand

535 Madison Ave., 15th Floor
New York, NY 10022