**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administrated |
| | ) | |

**ORDER ON DEBTORS' OBJECTION TO FLORIDA TAX**
**CLAIMS AND MOTION FOR ORDER DETERMINING TAX**
**LIABILITIES TO THE FLAGLER COUNTY TAX COLLECTOR**

This matter came before the Court on the Debtors' (i) Objection to Florida Tax Claims and Motion for Order Determining Tax Liabilities (Doc. No. 10046) and (ii) Objection to Florida Tax Collectors' Request for Payment of Administrative Claim (Doc. Nos. 10046 and 22892; collectively, the "Objections") as they pertain to the Tax Collector and Property Appraiser for Flagler County, Florida (individually, the "Flagler County Tax Collector" and the "Flagler County Property Appraiser"). Upon consideration of the consent of the parties indicated below, it is ORDERED:

1. The Objections are sustained in part and overruled in part as set forth below.

2. Proof of Claim number 12566 filed by the Florida Tax Collectors, and Florida Tax Collectors' Request for Payment of Administrative Claim (Doc. No. 14414; the "Administrative Claim") solely as they relate to the Flagler County

Tax Collector, are allowed claims in the aggregate amount of $31,026.18 (the "Total Allowed Amount") based on the assessed values, corresponding taxes and the interest rate reflected on Exhibit A for tax years 2005 and 2006.

3. On or before November 30, 2010, the Debtors will pay the Flagler County Tax Collector the Total Allowed Amount, as a full and final payment of all unpaid ad valorem real property and tangible personal property taxes, and interest thereon, owed by the Debtors to the Flagler County Tax Collector for tax years 2006 and prior (whether delinquent or not), including, without limitation, the accounts listed on Exhibit A, which were or could have been, or may be, raised in any proof of claim or objection to proof of claim or otherwise. If the Debtors fail to pay the Flagler County Tax Collector the Total Allowed Amount by November 30, 2010, interest will continue to accrue at the annual interest rate indicated on Exhibit A.

4. Other than as provided for in this Order, the Flagler County Tax Collector will not receive any additional distributions on account of any proofs of claim filed in the Debtors' Chapter 11 cases, including, without limitation, Claim No. 12566 or the Administrative Claim.

5. The Order resolves all liabilities and obligations arising prior to November 21, 2006, related to (i) all proofs of claim and administrative expense claims filed by the Flagler County Tax Collector in these Chapter 11 cases and (ii) all other pre-effective date claims the Flagler County Tax Collector has or may have against the Debtors and any of their Chapter 11 estates or affiliates. The

Debtors shall not be entitled to any further adjustment, reduction or refund of any tax assessment or taxes paid or payable to the Flagler County Tax Collector for tax years 2006 and prior.

6. Notwithstanding anything to the contrary in this order, nothing is intended to affect Claim Number 12566 or the Administrative Claim as they relate to any claims of any Florida Tax Collector other than the Flagler County Tax Collector.

7. This Order does not constitute, and shall not be construed as, an adjudication or admission of liability or correctness of any appraisal procedure utilized by any of the parties and shall not be admissible in evidence in any proceedings outside the Winn-Dixie bankruptcy case.

8. Each of the parties shall bear their own costs and attorneys' fees.

9. This Court retains jurisdiction to resolve any disputes arising from this Order.

DATED this 5th day of November, 2010 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

## Consent

The undersigned parties consent to the entry of the foregoing Order.

SMITH HULSEY & BUSEY

By: /s/ Allan E. Wulbern
Allan E. Wulbern

Florida Bar Number 175511
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
awulbern@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.

THE LEVY LAW FIRM

By: /s/ Loren E. Levy
Loren E. Levy

Florida Bar Number 814441
1828 Riggins Lane
Tallahassee, Florida 32308-4885
(850) 219-02220
(850) 219-0177 (facsimile)
levylawfirm@comcast.net

Attorneys for Flagler County Property Appraiser and Flagler County Tax Collector

4

Copies furnished to:

Allan Wulbern, Esq.  
Smith, Hulsey & Busey  
225 Water Street, Suite 1800  
Jacksonville, Florida 32202

Brian T. Hanlon, Esq.  
Post Office Box 2500  
Titusville, Florida 32781-2500

Loren E. Levy, Esq.  
1828 Riggins Lane  
Tallahassee, Florida 32308-4885

721280