**Hearing Date: December 15, 2010 at 9:30 a.m.**
                                      **Response Deadline: December 3, 2010 at 4:00 p.m.**

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
|     Reorganized Debtors. | ) | Jointly Administered |

### REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN AGREED ORDER ON THE SETTLEMENT AGREEMENT WITH LINDA LANDRY

Winn-Dixie Stores, Inc., and twenty-three of its reorganized debtor affiliates (collectively, the "Reorganized Debtors"), move the Court for the entry of an Agreed Order on the settlement agreement entered into between the Reorganized Debtors and Linda Landry (the "Claimant"), and in support of this motion, say:

### The Pending Settlement Agreement

1. Upon reaching a settlement agreement with a Claimant, the Debtors' claims agent issues a letter confirming the terms of the settlement to the claimant or, if applicable, the claimant's counsel (the "Settlement Confirmation Letter"). To implement the settlement agreement, counsel for the Debtors thereafter prepares an agreed order and serves it by mail to the claimant or claimant's counsel which the parties execute and submit to the Court. After the Court enters the agreed order, a distribution on the claim is made pursuant to the Plan.

2. Although the Claimant settled her claim with the Debtors and was served with a Settlement Confirmation Letter, the Claimant has failed to return her agreed order.

3. Each Settlement Confirmation Letter reflects a settlement agreement between the Reorganized Debtors and a Claimant which is valid and enforceable as a matter of law. *See State Farm Mutual Auto. Ins. Co. v. Interamerican Car Rental, Inc.*, 781 So. 2d 500, 502 (Fla. 3d DCA 2001)(a settlement agreement does not have to be in writing to be enforceable).

### Relief Requested

By this Motion, the Debtors seek the entry of an Agreed Order to implement the settlement and distribution under the Plan as to the Claimant.

### Conclusion

WHEREFORE, the Debtors respectfully request that the Court enters an Agreed Order in the form attached and grant such other and further relief as is just and proper.

Dated: November 15, 2010

                      SMITH HULSEY & BUSEY

                      By    *s/ Leanne McKnight Prendergast*
                           Leanne McKnight Prendergast

                      Florida Bar Number 59544
                      225 Water Street, Suite 1800
                      Jacksonville, Florida 32202
                      (904) 359-7700
                      (904) 359-7708 (facsimile)
                      lprendergast@smithhulsey.com

                      Counsel for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |
| _____ | ) | |

**AGREED ORDER RESOLVING THE ADMINISTRATIVE**
**CLAIM FILED BY LINDA LANDRY**

This case is before the Court upon the objection of Winn-Dixie Stores, Inc. and its affiliates (collectively, the "Reorganized Debtors") to the administrative claim (the "Claim") of Linda Landry, (the "Claimant") (ECF No. 14307) and the Reorganized Debtors' Motion for the Entry of an Agreed Order on the Settlement Agreement with Linda Landry (ECF No. _____), it is

ORDERED AND ADJUDGED:

ORDERED AND ADJUDGED:

1. The Claim is allowed as an administrative claim in the amount of $49,546.69 under the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, as modified (the "Plan").

2. Distributions will be made on the allowed Claim pursuant to Sections 4.1 and 9.2 of the Plan to the Claimant in care of the person and at the address set forth in the Claimant's application for administrative expense.

3. This Agreed Order resolves (i) all liabilities and obligations related to the Claim and (ii) with the exception of a worker's compensation claim arising on August 22, 2008 and a wrongful termination claim arising on August 25, 2009, all other prepetition or post-petition claims the Claimant has or may have against the Reorganized Debtors

and any of their Chapter 11 estates, officers, employees, agents, successors or assigns, all of which are forever waived, discharged and released.

4.       Except with respect to the workers compensation and wrongful termination claims referenced above, the Claimant will dismiss with prejudice any legal proceeding commenced by Claimant against the Reorganized Debtors in this Court or in any other forum.

5.       The Reorganized Debtors do not, by this Agreed Order, acknowledge the validity of any claim or make any admission of liability.  The Claimant, not the Reorganized Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.

6.       The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____ 2010, in Jacksonville, Florida.


Jerry A. Funk
United States Bankruptcy Judge


Copy to:
Leanne McKnight Prendergast

[Leanne McKnight Prendergast is directed to serve a copy of this order on the Claimant and file a proof of service.]

## Certificate of Service

I certify that a copy of this document has been furnished by mail this 15 day of November, 2010 to:

Joseph Landry
631 St. Charles Avenue
New Orleans, LA 70130

              *s/ Leanne McKnight Prendergast*

00731233.DOC