**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | **CASE NO: 05-03817-3F1** |
| **WINN-DIXIE STORES, INC.**, <u>et al.</u>, | **CHAPTER 11** |
| Debtor. | **Jointly Administered** |

### SECOND RENEWED MOTION OF MARIELA LEIVA, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF MICHAEL LEIVA, FOR ORDER FOR RELIEF FROM DISCHARGE INJUNCTION AND THE ORDER CONFIRMING JOINT PLAN OF REORGANIZATION OF WINN-DIXIE STORES, INC. AND AFFILIATED DEBTORS OR IN THE ALTERNATIVE MOTION FOR REHEARING AND/OR TO VACATE COURT OCTOBER 27, 2010 ORDER DENYING LEIVA'S MOTION

Mariela Leiva, individually and as parent and natural guardian of Michael Leiva (collectively "Leiva"), by and through undersigned counsel, respectfully requests that this Court vacate its October 27, 2010 Order that denied Leiva's previous motion [D.E. 23670], clarify the October 27, 2010 Order and state that the relief was without prejudice or, in the alternative, reset the Status Conference that was held on October 27, 2010 and as grounds in support thereof states as follows:

1. Leiva adopts all of the statements and case law set forth in her previous motion [D.E.s 22216 and 22322]. In the interest of brevity, Leiva does not repeat any of those arguments here, but refers the Court to those motions.

2. Leiva's motion was filed on April 6, 2009. The Debtor noticed the matter for hearing [D.E. 23605] and, in its certificate of service, indicated that the notice was mailed to undersigned counsel. Undersigned counsel did not receive any mail notice of the hearing, although counsel has reviewed his emails and has found, among the several thousand sent in this case that he did receive the email notice.

3.      Due to an internal error in counsel's office, the hearing was not calendared. No one showed up at the October 27, 2010 hearing, which resulted in the entry of the order that Leiva seeks to have vacated and/or clarified.

4.      Leiva readopts all arguments set forth in her previous motions. Again, there has been no prejudice to the Debtor due to Leiva's not appearing at the hearing. The motion was pending for eighteen months before it was set for hearing. The Debtor has noticed additional matters for hearing on upcoming calendars and it is apparent that the case is far from being completed.

5.      Moreover, as cited in Leiva's previous motion, the Eleventh Circuit has found that dismissal of an action with prejudice is a severe sanction and the Court must consider lesser sanctions before imposing dismissal with prejudice. The order the Court entered on October 27, 2010 that was entered on the docket on November 3, 2010 (which makes this Motion timely under Rules 59 and 9023) does not make any findings. It appears that the Court simply denied the motion because no one was present at the hearing.

6.      Such a sanction is harsh and not proper in this instance. There has been no rush by the Debtor to resolve this matter. It is the undersigned's understanding that there are still numerous matters to be resolved in the instant case, which means that there is no time constraint or otherwise to resolve the case. Thus, the more appropriate result is to reschedule the status conference and determine what needs to be done in the case, so that a final hearing can be set.

7.      Undersigned counsel has also learned from his co-counsel that there have been good faith settlement negotiations pending. Thus, the matter may be resolved on its own without the need for further hearing. Having noted the foregoing, and having adopted all previous arguments and citations to case law, Leiva believes that the October 27, 2010 Order is due to be

vacated and set aside, or at a minimum, clarify and determine that the relief granted in the October 27, 2010 Order is without prejudice and that Leiva may refile her initial motion. Alternatively, the Court could vacate the Order, reset the Status Conference and the parties can determine at that point what needs to be done.

WHEREFORE, for the reasons stated herein, Leiva respectfully requests that the Court grant this Motion, vacate its October 27, 2010 order entered on the docket on November 3, 2010 that denied Leiva's motion, clarify the order and state that the denial is without prejudice, or, in the alternative, reset the status conference so that the parties may determine what needs to be resolved in the matter, as well as grant any further relief the Court deems appropriate under the circumstances.

Dated this 17[h] day of November, 2010.

**SLATKIN & REYNOLDS, P.A.**
Attorneys for Leiva
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
    ROBERT F. REYNOLDS
    Fla. Bar No. 174823

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished U.S. Mail, first class, postage prepaid, to Leanne McKnight-Prendergast, Esq., Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 and to all parties entitled to receive notice through the Court's CM/ECF system on this 17th day of November, 2010.

/s/ Robert F. Reynolds
ROBERT F. REYNOLDS