UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

## ORDER SUSTAINING DEBTORS' OBJECTION TO THE ADMINISTRATIVE CLAIM OF CONSTANCE COLELLA

This case came before the Court for hearing on October 27, 2010, on the Debtors' Objection to the Administrative Claim of Constance Colella (Docket No. 23589). Upon the evidence presented at the hearing, the Court finds that:

1. Constance Colella (the "Claimant") filed an application for administrative expense based upon a negligence claim that arose on August 5, 2006, at a Winn-Dixie Store in Port St. Lucie, Florida (Docket No. 13600) (the "Administrative Claim").

2. Section 95.11(3)(a), Florida Statutes, requires that an action founded on negligence must be brought within four years.

3. Claimant has not filed a civil action in the appropriate non-bankruptcy forum based upon the claim. Filing an Administrative Claim did not preserve the claim for statute of limitations purposes.

4. Because the claim arose on August 5, 2006, the Claimant was required under Florida law to commence the prosecution of a civil action by August 5, 2010, to preserve the claim for statute of limitations purposes.

5. Because the Claimant did not file a civil action to preserve the claim prior to the expiration of the applicable statute of limitations, Claimant's cause of action is now time-barred and the claim must be disallowed. Upon the foregoing, it is

ORDERED:

1. The Objection is sustained.

2. The Administrative Claim filed by the Claimant (Docket No. 13600) is disallowed.

3. If the Claimant submits an affidavit on or before November 29, 2010 attesting that she filed a civil action against Winn-Dixie in connection with the Administrative Claim on or before August 5, 2010, the Debtors shall, within 15 days of the filing of such affidavit, submit a proposed agreed order vacating this order.

Dated this 15th day of November, 2010, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:
Leanne McKnight Prendergast
[Leanne McKnight Prendergast is directed to serve a copy of the order on the Interested Parties and file a proof of service.]726666

# CERTIFICATE OF NOTICE

```
District/off: 113A-3          User: pcathy               Page 1 of 1          Date Rcvd: Nov 17, 2010
Case: 05-03817                Form ID: pdfdoc            Total Noticed: 1

The following entities were noticed by first class mail on Nov 19, 2010.
aty          +David L Gay,   Smith Hulsey & Busey,   225 Water Street,   Suite 1800,
               Jacksonville, FL 32202-4494
The following entities were noticed by electronic transmission.
NONE.                                                                                   TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 19, 2010**                    **Signature:**   *Joseph Speetjens*