**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| Reorganized Debtors.[1] | ) Jointly Administered |

**AMENDED EIGHTH DISTRIBUTION
REPORT PURSUANT TO PLAN SECTION 6.17(e)(iii)**

Winn-Dixie Stores, Inc. ("Winn-Dixie"), on behalf of itself and its reorganized subsidiaries, submits the attached report of distributions made or to be made to the holders of allowed claims as required by section 6.17(e)(iii) of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"), with respect to the six-month period ending November 22, 2010.

Consistent with the terms of the Plan, Winn-Dixie has made distributions of cash or stock, depending on plan class treatment, to holders of allowed claims as of the applicable distribution dates. For claims not allowed as of the initial distribution date but thereafter allowed, Winn-Dixie is required to make distributions no later than fifteen days after the end of the quarter in which the claim is allowed. Winn-Dixie has complied with that requirement.

The Plan provides that holders of previously allowed unsecured claims may receive subsequent distributions of stock on a quarterly basis, within 30 days after the end of the quarter,

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are reorganized debtors: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of such reorganized debtors were closed on March 22, 2007.

if the Reorganized Debtors determine that an excess exists in the common stock reserve sufficient to warrant a subsequent distribution. No subsequent distributions have been or will be made with respect to any quarter ended prior to the date hereof, except the subsequent distribution made on June 18, 2010. The Reorganized Debtors will reevaluate the issue following the quarter ending on December 31, 2010. If the Reorganized Debtors then determine that a sufficient excess of shares exists in the common stock reserve, they will make a distribution of such excess shares on or about January 31, 2011 in accordance with the Plan. If they determine that there is not a sufficient excess at that time, they will defer the issue for review following the end of the next quarter.

Dated: December 22, 2010

                                              SMITH HULSEY & BUSEY

                                              By   *s/ James H. Post*
                                                  Stephen D. Busey
                                                  James H. Post
                                                  Cynthia C. Jackson

                                              Florida Bar Number 175460
                                              225 Water Street, Suite 1800
                                              Jacksonville, Florida  32202
                                              (904) 359-7700
                                              (904) 359-7708 (facsimile)
                                              jpost@smithhulsey.com

                                              Counsel for Reorganized Debtors

736270

**Winn-Dixie Stores, Inc.**
**Claim Distribution Status Report Pursuant to Plan Section 6.17(e) as of November 22, 2010**

| Plan Class | Allowed Claims/Distributions Made[5] | | | | Disputed Claims/Distributions to be Made | |
|---|---|---|---|---|---|---|
| | Cash | | Stock | | | |
| | Claims[1] | Cash Distributed[2] | Claims[1] | Shares Distributed | Claims[1] | Distributions to be Made if Allowed |
| Cured Non-Real Property Leases | 75 | $3,828,177 | 0 | N/A | 0 | |
| Cured Real Property Leases | 758 | $14,971,044 | 0 | N/A | 0 | |
| Other Reclamation[3] | 152 | $7,815,240 | 0 | N/A | 0 | |
| Miscellaneous Administrative Claims[4] | 39 | $748,745 | 0 | N/A | 0 | |
| Priority Tax Claims | 199 | $3,924,427 | 0 | N/A | 0 | |
| Bond/Letter of Credit Claims (Class 4) | 23 | $542,011 | 0 | N/A | 0 | |
| Convenience Equal to/Less than $100 (Class 5) | 439 | $25,444 | 0 | N/A | 0 | |
| NCR Purchase Money Security Claim (Class 9) | 2 | $2,740,638 | 0 | N/A | 0 | |
| Secured Tax Claims (Class 10) | 77 | $3,496,346 | 0 | N/A | 0 | |
| Other Secured Claims (Class 11) | 12 | $12,306 | 0 | N/A | 0 | |
| Noteholder Claims (Class 12)[6] | 0 | N/A | 1 | 22,250,490 | 0 | |
| Landlord Claims (Class 13) | 6 | $12,060 | 501 | 13,588,947 | 0 | |
| Vendor / Supplier Claims (Class 14) | 303 | $609,030 | 2,390 | 12,106,757 | 0 | |
| Retirement Plan Claims (Class 15) | 25 | $34,236 | 1,312 | 3,747,183 | 0 | |
| Other Unsecured Claims (Class 16) | 94 | $189,841 | 1,165 | 2,301,199 | 0 | |
| Small Claims (Class 17) | 3,113 | $2,183,829 | 0 | N/A | 0 | |
| **Total Distributed Amount** | **5,317** | **$41,133,374** | **5,369** | **53,994,576**[7] | **0** | |

[1] In addition to filed proofs of claim, "Claims" includes scheduled claims, reclamation demands, cure obligations and other liabilities authorized to be paid by court order. This report excludes claims which were disallowed or withdrawn subsequent to the Plan Section 6.17(e) Distribution Report filed with the Court on November 22, 2010.

[2] Cash payments include those claimants in classes 13, 14, 15 and 16 who elected to reduce their claims to $3,000 and receive a cash payment equal to 67% of $3,000 ($2,010). Cash payments do not include (a) certain claims that were paid through Sedgwick Claims Management Services, the Debtors' outside general liability claims examiners, pursuant to court authorization as part of negotiated settlements with certain prepetition personal injury claimants, (b) critical vendor and similar payments made throughout the bankruptcy case pursuant to an order of the court, (c) reclamation payments made pursuant to court authorization prior to the effective date, and (d) other claims satisfied by application of an offset against monies due to the debtors.

[3] Reclamation claims paid prior to the effective date are not included in this report.

[4] This report does not track applications for allowance of administrative expense filed in response to the administrative claims bar date. The miscellaneous claims identified here are registered in the Logan system.

[5] This report excludes claims that have been reduced, disallowed, terminated, forfeited or withdrawn post-Effective Date through November 22, 2010. In addition, this report also excludes claims where the distribution checks were returned by the claimants with an indication that the claim was satisfied in full as well as undeliverable claims that reverted back to the Reorganized Debtors or the Common Stock Reserve, as applicable, pursuant to Section 8.7 of the Plan of Reorganization.

[6] Distributions were made to the Indenture Trustee who in turn made distributions to the individual noteholders.

[7] This amount does not include shares allocated for various claims that were settled lower than the reserve share amount.