UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al,   Case No. 3:05-bk-03817-JAF
                                   Chapter 11
        Debtors.
_____/

**APPLICATION OF DAVID AND ANTOINETTE CLARK
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM
(POST-PETITION PERSONAL INJURY CLAIM)**

David Clark and Antoinette Clark (the "Clarks"), by undersigned counsel, file this Application (this "Application") for the allowance and payment of certain post-petition claims against Winn-Dixie Stores, Inc. ("Winn-Dixie or the "Debtor") in compliance with the *Order Granting Motion for Summary Judgment* (Adv. Doc. No. 114) (the "Order") and the corresponding *Judgment* (Adv. Doc. No. 115) (the "Judgment").[1] To the extent necessary, the Clarks request this Court enter an order (i) approving this Application and allowing the claims of the Clarks as administrative expenses against Winn-Dixie's bankruptcy estate, and (ii) authorizing and directing Winn-Dixie to pay those claims, without further order of this Court, as and when determined and liquidated by the Tenth Judicial Circuit of the State of Florida, in and for Polk County, Civil Division (the "State Court") in the Clarks' pending state court action against Lawrence Heard and Winn-Dixie (the "State Court Action"). In support thereof, the Clarks state the following:

---

[1] All references to an adversary docket refer to *Clark v. Winn-Dixie Stores, Inc.*, Adv. No. 3:09-ap-569.

{00146064.DOC;5}     1

## BACKGROUND

1.  On February 21, 2005, Winn-Dixie filed Voluntary Petitions under Chapter 11 of the U.S. Bankruptcy Code (the "Petition Date").

2.  The Court confirmed the Debtor's Plan of Reorganization. The effective date of the Plan is November 9, 2006 ("Effective Date").

3.  Between the Petition Date and the Effective Date, the Clarks were injured at a Winn-Dixie store as a result of the negligence of others including, but not limited to, Winn-Dixie. Specifically, on November 8, 2005, Mr. Clark was struck by an automobile as it drove through the front of a store located in Lakeland, Florida leased and operated by Winn-Dixie (the "Incident"). As a result of the Incident, Mr. Clark sustained serious injuries, including the amputation of his leg during the Incident. As a proximate result of the negligence, the Clarks have both suffered damages.

4.  On or about January 16, 2008 the Clarks initiated the State Court Action by filing a Complaint in the State Court.[2]

## PROCEDURAL POSTURE

5.  The Clarks' personal injury claims have not yet been liquidated.

6.  On October 30, 2009, the Clarks filed the *Plaintiffs' Adversary Complaint for Declaratory Relief* (Adv. Doc. No. 1) against the Debtor, seeking (i) a declaratory judgment against Winn-Dixie that certain discharge injunctions do not enjoin the Clarks from suing and obtaining and enforcing a judgment against Winn-Dixie in the State Court

---

[2] The Complaint originally named only Lawrence Heard, the owner of the store location operated by Winn-Dixie at which the Incident occurred. Pursuant to the State Court's order of October 19, 2009, the Clarks subsequently added Winn-Dixie as a co-defendant. *See, Order Approving Joint Stipulation to Permit Plaintiffs to File Amended Complaint.*

{00146064.DOC;5}                                   2

Action for certain claims arising out of injuries suffered by the Clarks or, alternatively, (ii) a judgment modifying the discharge injunctions to permit the Clarks to pursue those claims against Winn-Dixie in the State Court Action.

7. On January 20, 2011, this Court ruled in favor of the Clarks as evidenced by the Order and Judgment. Pursuant to the Order and Judgment, the Clarks were given fifteen (15) days from the date of the Judgment to file an administrative claim in Winn Dixie's bankruptcy case. Thus, this Application is timely filed.

## RELIEF REQUESTED

8. The Clarks are filing this Application in compliance with the Court's Order to ensure their claims are not extinguished by the second decretal paragraph of the Judgment. The Clarks have elected to reserve their rights to exclusively pursue and liquidate their personal injury claims against the Debtor in the State Court Action. The Clarks believe this is consistent with the Court's determination that the "Discharge Injunction under Winn-Dixie's confirmed Chapter 11 plan does not apply to prevent the Clarks from asserting their tort claims against Winn-Dixie in the State Court Action." Respectfully, because the Court has determined the Clarks did not receive the notice required by due process, and thus the discharge injunction does not apply to the Clarks' claims, the Clarks submit that neither this Court nor the District Court have jurisdiction to liquidate these claims, and the proper forum for resolution of the Clarks' claims is the State Court.

9. Without waiving any such arguments, the Clarks request that this Court enter an order (i) allowing their post-petition claims as administrative expenses in this

bankruptcy case,³ but authorizing the adjudication and liquidation of those claims to take place in the State Court Action, and (ii) authorizing that the Clarks pursue and collect on any judgment awarded through the State Court Action, without further application to, hearing before, or order of this Court.

10. The Clarks request that all future pleadings and notices regarding or related to this Application be served upon:

Lisha Bowen
Swope Rodante, P.A.
1234 East 5th Avenue
Tampa, FL 33605

and

Chad S. Bowen
Jennis & Bowen, P.L.
400 N. Ashley Dr., Ste. 2540
Tampa, FL 33602

**WHEREFORE**, the Clarks respectfully request the Court enter an order (i) approving this Application and, to the extent necessary in light of the Order and Judgment, allowing the Clarks' claims against Winn-Dixie as administrative expense claims in this bankruptcy case; (ii) reserving the Clarks' rights and authorizing them to exclusively pursue and liquidate their claims against the Debtor in the State Court Action;

---

³ The Court may award an administrative expense priority under Section 503(b) of the Bankruptcy Code for the "actual, necessary costs and expenses of preserving the estate…." Damages for injuries arising from a post-petition tort committed by a debtor are entitled to administrative expense status. *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *Zilog, Inc. v. Corning (In re Zilog, Inc.)*, 450 F.3d 996, 999 n.1 (9th Cir. 2006) (discrimination claims that arise post-petition but pre-confirmation can be filed as an administrative expense claim against the Debtor's estate); *Gencor Indus., Inc. v. CMI Terex Corp. (In re Gencor Indus., Inc.)*, 298 B.R. 902, 914 (Bankr. M.D. Fla. 2003) (after confirmation, the reorganized debtor is liable to pay only those debts arising under the plan of reorganization and post-petition administrative claims).

(iii) authorizing the Clarks to collect on their claims against Winn-Dixie through the State Court Action, without further action of any party or order from this Court; and (iv) for such further relief as the Court finds just.

DATED this 2nd day of February 2011.

> */s/ Chad S. Bowen*
> Chad S. Bowen
> Florida Bar No. 0138290
> Kathleen L. DiSanto
> Florida Bar No. 0058512
> **Jennis & Bowen, P.L.**
> 400 N. Ashley Dr., Ste. 2540
> Tampa, FL 33602
> Telephone: (813) 229-1700
> Facsimile: (813) 229-1707
> Email: cbowen@jennisbowen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Court's ECF Filing System to **Leanne McKnight Prendergast**, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202, **Lisha Bowen**, Swope Law Group, P.A., 1234 East 5th Avenue, Tampa, FL 33605, and to those parties receiving CM/ECF notice, on this 2nd day of February 2011.

> */s/ Chad S. Bowen*
> Chad S. Bowen