**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors. | ) | Jointly Administered |

**WINN-DIXIE'S RESPONSE AND OBJECTION TO THE APPLICATION OF DAVID AND ANTOINETTE CLARK FOR ALLOWANCE OF ADMINISTRATIVE CLAIM (POST-PETITION INJURY CLAIM)**

Winn-Dixie Stores, Inc. and its reorganized debtor affiliates (collectively "Winn-Dixie"), file this response and objection to the Application of David and Antoinette Clark for Allowance of Administrative Claim (Post-Petition Injury Claim) (ECF No. 23948) (the "Application") and say:

1. Winn-Dixie objects to the Application on the grounds of (i) no liability and (ii) disputed claim amount.

2. The Application should not be allowed unless and until the underlying claims are liquidated to finality in a court of appropriate jurisdiction. *See* 28 U.S.C. § 157(b)(2)(B); 28 U.S.C. § 1334(b); *Sanders v. City of Brady (In re Brady),* 936 F.2d 212, 218 (5th Cir. 1991)(in all matters arising in or related to bankruptcy cases, state courts have concurrent jurisdiction). Indeed, Winn-Dixie is currently defending 32 state court actions involving personal injury claims which are the subject of pending applications for administrative expense, none of which has yet been allowed by this Court. If and when any of these claims, including those asserted by the Clarks, are liquidated to finality in a court of appropriate jurisdiction, they will be paid as

"allowed" administrative claims pursuant to the Joint Plan of Reorganization of Winn-Dixie Stores, Inc., and Affiliated Debtors, as modified.

3.  Pursuant to the Order and Judgment entered by this Court in Adversary No. 3:09-ap-00569-JAF, no further authorization from the Court is required for the prosecution of litigation to liquidate the Clarks' claims in a court of appropriate jurisdiction.

### Conclusion

Winn-Dixie respectfully requests the entry of an order denying the relief sought in the Application, without prejudice, because the Clarks' claims cannot be "allowed" as administrative claims unless and until those claims are liquidated by final order in a court of appropriate jurisdiction.

SMITH HULSEY & BUSEY

By: /s/ Leanne McKnight Prendergast
     Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Attorneys for Winn-Dixie Stores, Inc.

Certificate of Service

I certify that a copy of the foregoing has been furnished electronically through the Court's CM/ECF electronic notification system to Chad S. Bowen, Esq., Jennis & Bowen, P.L., 400 North Ashley Drive, Suite 2540, Tampa, Florida 33602, and Lisha Bowen, Esq., Swope Law Group, P.A., 1234 East 5th Avenue, Tampa, Florida 33605, this 17th day of February, 2011.

               *s/ Leanne McKnight Prendergast*
                  Attorney

00744101