**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |

### DEBTORS' MOTION FOR ENTRY OF FINAL DECREE

Winn-Dixie Stores, Inc., and its reorganized debtor affiliates (collectively, the "Debtors"), move the Court, pursuant to Local Rule 3022-1, 11 U.S.C. §350(a) and Rule 3022, Federal Rules of Bankruptcy Procedure, for the entry of a final decree.

1. On November 9, 2006, the Court entered an order confirming the Joint Plan of Reorganization of Winn-Dixie Stores, Inc., and Affiliated Debtors (as modified, the "Plan") which became effective on November 21, 2006 (the "Confirmation Order") (ECF No. 12440). The Confirmation Order has become final.

2. As set forth in the attached Certificate of Substantial Consummation, the Plan has been substantially consummated and the estate has been fully administered.

3. Quarterly fees due to the United States Trustee are current. Any fees

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities were debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007 (ECF No. 15624).

owed for the first quarter of 2011, which will be due on or about April 15, 2011, will be paid timely.

Wherefore, the Debtors respectfully request that the Court enter a final decree in the form attached closing this case and terminating the services of Logan & Company, Inc. as the official claims, noticing and balloting agent.

Dated: March 10, 2011

          SMITH HULSEY & BUSEY

          By  *s/ Leanne McKnight Prendergast*
                 Leanne McKnight Prendergast

          Florida Bar Number 59544
          225 Water Street, Suite 1800
          Jacksonville, Florida 32202
          (904) 359-7700
          (904) 359-7708 (facsimile)
          lprendergast@smithhulsey.com

          Counsel for Reorganized Debtors

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# <u>JACKSONVILLE DIVISION</u>

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Reorganized Debtors.[1] | ) | Jointly Administered |

## CERTIFICATE OF SUBSTANTIAL CONSUMMATION

I, Timothy L. Williams, General Counsel of Winn-Dixie Stores, Inc., in support of the Debtors' Motion for Entry of Final Decree, certify that the Joint Plan of Reorganization of Winn-Dixie Stores, Inc., and Affiliated Debtors (as modified, the "Plan") has been substantially consummated as follows:

1. The Order confirming the Plan has become final and all matters to be completed upon the Effective Date of the Plan have been completed.

2. A summary of allowed claims by Plan class is attached as Exhibit A.

3. All payments and distributions required to be made under the Plan to date on account of allowed claims have been made. Any payments or distributions

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities were debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc. With the exception of Winn-Dixie Stores, Inc., the related cases of these reorganized debtors were closed on March 22, 2007.

required to be made after this date under the Plan will be made in accordance with the Plan and orders of the Court.

4.  All adversary proceedings, contested matters and objections to claims have been resolved except as follows:

(i)  two motions to allow late lease rejection damages claims (ECF Nos. 5377, 5379), which are set for final hearing on March 30, 2011;

(ii)  an appeal of an order sustaining a claim objection, currently pending before the 11th Circuit Court of Appeals as *IRT Partners, LP and Equity One Hunter's Creek v. Winn-Dixie Stores, Inc., et al.*, Case No. 09-12237-FF;

(iii)  post-judgment motions filed in Adversary No. 3:09-ap-00569-JAF and Adversary No. 3:09-ap-00181-JAF; and

(iv)  32 applications for administrative expense which assert unliquidated personal injury claims, a schedule of which is attached as Exhibit B, which will be paid as "Allowed Administrative Claim[s]" pursuant to Section 4.1(a) of the Plan if and when liquidated by final adjudication in a court of competent jurisdiction or settlement agreement.

5.  The pendency of the foregoing ancillary matters does not obviate the substantial consummation of this case.

6.  All allowed administrative claims and expenses have been paid in full, including fees for professionals to the Debtors in Possession and the Unsecured Creditors Committee.

7.  The Debtors have substantially complied with all reporting requirements. All fees required under 28 U.S.C. §1930 have been paid. Any fees

2

owed for the first quarter of 2011, which will be due on or about April 15, 2011, will be paid timely.

## Declaration

I certify under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct. Executed on March 10th, 2011.

[signature]

## SUMMARY OF ALLOWED CLAIMS BY PLAN CLASS

Approximately 22,000 claims were filed against or scheduled by the Debtors asserting an aggregate liability of approximately $27,377,600,000.00 (this is a consolidated number which includes claims asserted against more than one Debtor but does not include claims asserted in wholly unliquidated amounts). Except as set forth in paragraph 4 above, the Debtors have resolved, through settlement or objection, all pre-petition claims and all administrative expense claims, resulting in allowed claims in the following amounts per class:[1]

| CLASS | TYPE OF CLAIM OR INTEREST | ALLOWED AMOUNT |
|---|---|---|
| Admin | Administrative Claims[2] | $80,457,802.72 |
| Priority Tax | Priority Tax Claims | $4,691,459.93 |
| 1 | Other Priority Claims | $440.80 |
| 2 | MSP Death Benefit Claims | $50,350,414.35 |
| 3 | Workers Compensation Claims | $0.00 |
| 4 | Bond/Letter of Credit Backed Claims | $939,542.05 |
| 5 | Convenience Claims | $34,195.34 |
| 6 | Subsidiary Interests | $0.00 |

---

[1] Claims have been treated in accordance with the Plan and orders of the Court. This summary does not delineate claims as to which, under the Plan and/or Court order, no distributions are required, distributions have been returned as undeliverable or final distributions have not yet been made.

[2] This amount includes cure claims, reclamation claims, claims paid pursuant to First Day Orders and claims paid by set-off; it does not include professionals' fees.

Exhibit A

| CLASS | TYPE OF CLAIM OR INTEREST | ALLOWED AMOUNT |
|---|---|---|
| 7 | AmSouth Bank Collateralized Letter of Credit Claim | $17,000,000.00 |
| 8 | Thrivent/Lutherans Leasehold Mortgage Claim | $0.00 |
| 9 | NCR Purchase Money Security Interest Claim | $2,751,214.22 |
| 10 | Secured Tax Claims | $21,279,768.46 |
| 11 | Other Secured Claims | $12,706.45 |
| 12 | Noteholder Claims | $310,540,582.19 |
| 13 | Landlord Claims | $257,056,045.80 |
| 14 | Vendor/Supplier Claims | $233,301,892.54 |
| 15 | Retirement Plan Claims | $85,307,902.74 |
| 16 | Other Unsecured Claims | $59,613,930.01 |
| N/A | Litigation Claims Paid Pursuant to the Claims Resolution Procedure or Claim Reduction Elections | $2,021,450.47 |
| 17 | Small Claims | $3,689,642.49 |
| 18 | Intercompany Claims | $411,722,402.91 |
| 19 | Subordinated Claims | $0.00 |
| 20 | Non-Compensatory Damages Claims | $11,717.36 |

| CLASS | TYPE OF CLAIM OR INTEREST | ALLOWED AMOUNT |
|:-:|:--|:-:|
| 21 | Winn-Dixie Interests | $316.95 |
| | Total | $1,540,783,427.78 |

| Pending Personal Injury Administrative Claims | |
|---|---|
| **Claimant** | **ECF No.** |
| Gainer, Bennie | 14254 |
| Orazietti, Sharon | 14279 |
| Hilton, Taylor (Minor) | 13328 |
| Bartlett, Sharon and Frank | 13734 |
| Baxmeier, Gerda | 14200 |
| Bergeron, Ronda | 14022 |
| Canady, Aquilla | 13673 |
| Coates, Larry | 13368 |
| Coffarro, Holly | 14214 |
| Cotton, Cherry and John | 14447 |
| Edmonds, Judith | 14396 |
| Gabb, Rachael | 14229 |
| Gibbs, Kevin | 14132 |
| Graham, Cynthia | 13394 |
| Harris, Sandra | 14262 |
| Lee, Latoya | 13854 |
| Major, Joanne | 13683 |

Exhibit B

| Pending Personal Injury Administrative Claims ||
|---|---|
| **Claimant** | **ECF No.** |
| Martin, Doris | 13493 |
| McGee, Angela | 14394 |
| McWhirter, Patricia | 13996 |
| Montero, Mirtha | 13525 |
| Morton, Shirley | 13870 |
| Roman, Olga | 14360 |
| Saylor, David | 14191 |
| Stevens, Lynne | 14073 |
| Thompson, Jacqueline | 14046 |
| Tommaseo, Tina | 14163 & 14309 |
| Wassung, Diane | 14346 |
| Webb, Cathy | 14086 |
| Wendling, Sandy | 13893 |
| Wiltz, Timothy & Gina | 14397 |
| Clark, David & Antoinette | 23948 |

745835

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Reorganized Debtors, *et al.*, | ) | Jointly Administered |
| | ) | |

## FINAL DECREE

This case came before the Court upon the Debtors' Motion for Entry of Final Decree (ECF No. _____) (the "Motion"). A hearing was held on the Motion on March 30, 2011, and it appearing that the Debtors' estates have been fully administered, it is

ORDERED:

1. The Motion is granted.

2. Except as otherwise provided in the plan or order of confirmation, the confirmation vests all property of the estates in the debtors, free and clear of claims of creditors, equity security holders and general partners, irrespective of impairment by or acceptance of the plan. The provisions of 11 U.S.C. § 1141 are incorporated and parties seeking further information are referred thereto.

3. All entities, including creditors who are affected by confirmation of the plan, are enjoined from enforcing any claims in any court, except for rights provided for in the plan, order of confirmation or other order of this Court.

4. The appointment of Logan & Company, Inc. ("Logan") as official claims, noticing and balloting agent for these cases shall be terminated effective

twenty days from the entry of this Decree. Logan shall prepare final claims registers for the Clerk of this Court, shall transmit images of the claims filed in these cases to the Clerk or as directed, and perform all other tasks requested by and agreed to with the Clerk's office. Logan is authorized to shred or otherwise dispose of (i) all original claims filed in these cases and (ii) noticing and other materials in these cases that have been returned as undeliverable by the post office.

5.     Pursuant to 11 U.S.C. § 350(a), this case is closed.

Dated this _____ day of March, 2011, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

00737432.3