# United States Court of Appeals
## For the Eleventh Circuit

No. 09-12237

District Court Docket No.
08-00391-CV-J-12
BKCY No. 05-03817-3F1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Apr 29, 2011
JOHN LEY
CLERK

In Re: WINN DIXIE STORES, INC.,

Debtor.

_____

IRT PARTNERS, L.P.,
EQUITY ONE HUNTER'S CREEK,

      Plaintiffs-Appellants
      Cross-Appellees,

versus

WINN-DIXIE STORES, INC.,

      Defendant-Appellee
      Cross-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

---------------------------------------
Appeals from the United States District Court
for the Middle District of Florida
---------------------------------------

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

      Entered: April 29, 2011
      For the Court: John Ley, Clerk
      By: Gilman, Nancy

ISSUED AS MANDATE
JUN 03 2011
U.S. COURT OF APPEALS
ATLANTA, GA

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 09-12237

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 29, 2011
JOHN LEY
CLERK

D.C. Docket No. 08-00391-CV-J-12
BKCY No. 05-03817-3F1

In Re: WINN-DIXIE STORES, INC.,

Debtor.

IRT PARTNERS, L.P.,
EQUITY ONE HUNTER'S CREEK,

Plaintiffs-Appellants
Cross-Appellees,

versus

WINN-DIXIE STORES, INC.,

Defendant-Appellee
Cross-Appellant.

Appeals from the United States District Court
for the Middle District of Florida

(April 29, 2011)

Before EDMONDSON, HILL and ALARCON,* Circuit Judges.

---

*Honorable Arthur L. Alarcon, United State Circuit Judge for the Ninth Circuit, sitting by designation.

HILL, Circuit Judge:

Appellants, IRT Partners, L.P. and Equity One, Inc., appeal the district court's order affirming the bankruptcy court's decision to sustain the debtor's, Winn-Dixie Stores, Inc., objections to appellants' attempt to amend their claims post-confirmation of the debtor's reorganization plan.[1] For the following reasons, we affirm the district court's order.

I.

This appeal arises out of a Chapter 11 proceeding commenced by Winn-Dixie Stores, Inc. ("Winn-Dixie"), in 2005. During the course of the proceedings, the bankruptcy court authorized Winn-Dixie to reject its leases with both appellants. After Winn-Dixie sent notices of rejection to appellants, each filed a proof of claim with the bankruptcy court on September 14 and October 31, 2005 respectively.[2] Winn-Dixie objected to these claims.

The bankruptcy court ruled on Winn-Dixie's objections, reducing appellants' original claims and disallowing any amounts exceeding the reduced claims, without objection, appearance, or appeal by appellants.

---

[1] Winn-Dixie Stores, Inc., filed a cross-appeal contingent on our reversing the district court. Because we affirm the district court's decision, we do not address the cross-appeal.

[2] Although appellants filed a motion to extend the rejection claims bar date to November 15, 2005, no hearing was sought and no ruling made.

2

After notice to all interested parties, and without objection by either appellant, on November 9, 2006, the bankruptcy court entered an order confirming Winn-Dixie's reorganization plan, which provided that unsecured claims would be paid by distribution of new common stock issued by Winn-Dixie. On December 22, 2006, and January 9, 2007, Winn-Dixie distributed and appellants accepted these shares of stock in satisfaction of their reduced original claims.

On January 5, 2007, each appellant filed an Amended Proof of Claim, which included the reduced original claim amount and additional claims for rejection damages. IRT Partners, L.P.'s original claim was for $20,364.24, reduced to $11,636.71, and its amended claim was for $185,244.67. Equity One, Inc.'s original claim was for $87,498.59, reduced to $16,913.96, and its amended claim was for $878,478.41. Winn-Dixie filed objections to the attempt to amend the reduced claims and the bankruptcy court sustained these objections, disallowing the amended claims.

## II.

In considering Winn-Dixie's objections to appellants' attempts to amend their claims, the bankruptcy court framed the issue as whether the doctrine of *res judicata* barred the amended claims, and held that it did. On appeal to the district court, appellants argued that this framing of the issue was a mistake of law, and

3

that the correct legal question was under what conditions amendments to claims should be allowed under *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir. 1985). Appellants argued that the bankruptcy court's failure to apply *International Horizons'* five-pronged test for determining when a bankruptcy claim may be amended was reversible error.

The district court, however, agreed with the bankruptcy court that the legal issue on appeal was the *res judicata* effect of Winn-Dixie's confirmed reorganization plan. We agree. The question in this case is not when a claim may be amended in the general case – for which *International Horizons* provides a test – but rather whether a confirmed reorganization plan precludes subsequent efforts to amend prior claims – an issue not addressed by *International Horizons* because it did not involve an attempt to amend a claim *post-confirmation.*

Whether Winn-Dixie's confirmed reorganization plan is entitled to the preclusive effect of res judicata is the threshold issue in this case. If Winn-Dixie's reorganization plan is not entitled to *res judicata* effect, then *International Horizons* might provide the applicable test for whether appellants' proposed amendments are permissible in this case. But the first question we must resolve is whether Winn-Dixie's reorganization plan is entitled to *res judicata* and precludes subsequent amendment of claims.

4

Section 4.3(g) of Winn-Dixie's reorganization plan provides that distributions of its reorganized common stock were intended to be "in *full satisfaction, settlement, release, and discharge of* and in exchange of" allowed claims (emphasis added). Section 12.13 of the plan also provides that:

> [A]ll consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims of any nature whatsoever against the Debtors . . . not limited to . . . debts of the kind specified in Section 502 of the Bankruptcy Code [which includes rejection damages] . . . [and] *all Persons shall be precluded from asserting against the Debtors . . . any other or further claims, debts, rights, . . . based upon any act, omission, transaction, occurrence or other activity of any nature that occurred prior to the Effective Date [of the Reorganization Plan]* . . . (emphasis added)

This language makes clear that, upon confirmation, the reorganization plan was intended to satisfy all claims – including those for rejection damages – and that appellants would be "precluded from asserting against the Debtors . . . any other or further claims" based on "any omission" that "occurred prior to the Effective Date of the [Plan]." It is clear that the plan undertook to extinguish all claims, substituting for them a new contractual relationship between Winn-Dixie and its creditors, defined by the terms of the plan itself. The only question is whether the law permits such a result.

At least one circuit has held that it does. In *Holstein v. Brill*, 987 F.2d 1268

5

(7th Cir. 1993), the Seventh Circuit held that confirmation of a reorganization plan is equivalent to a final judgment in an ordinary civil action, which extinguishes the claim and substitutes for it a judgment, which defines the new obligations of the parties. The effect of the confirmation of the plan, the Seventh Circuit wrote, is that "each claimant gets a 'new' claim, based upon whatever treatment is accorded to it in the plan itself." *Id.* at 1270. As a result, reasoned the court, *res judicata* should preclude post-confirmation amendments absent some "compelling reason." *Id.*

We agree with this reasoning and result. Although amendment should be freely granted prior to confirmation – under the guidance of *International Horizons* – amendment of a creditor's claim after confirmation of a plan can render a plan infeasible or alter the distribution to other creditors. Therefore, we hold that post-confirmation amendment – while not prohibited – is not favored, and only the most compelling circumstances justify it. In the absence of such compelling reasons, a confirmed reorganization plan should be accorded *res judicata* effect on a creditor's subsequent attempt to amend his claim.

Therefore, confirmation of the Winn-Dixie reorganization plan precludes appellants' post-confirmation attempt to amend their claims unless there are compelling circumstances that militate in favor of the amendments. We find none.

Appellants attempted to amend their claims after they had been reduced by the Bankruptcy Court *without objection* or appeal by them, and after Winn-Dixie's reorganization plan had been confirmed *without objection* by them. The reorganization plan language explicitly sets forth that acceptance of the new common stock constitutes full satisfaction of a claim. Appellants accepted this stock *without objection*. We find nothing in these facts that compels us to permit appellants to object belatedly and amend their claims.

Appellants argue that their original claims contained language reserving the right to amend and supplement those claims. But such language cannot, as a matter of law, be construed to protect in *perpetuity* appellants' right to amend their claims. Such a construction of this language would truly render illusory all finality achieved by a reorganization plan. We decline to give so broad an interpretation to appellants' purported reservation of rights.

Appellants were in sole possession of the information regarding the amount of their claims and the record reveals no reason for delay in amending those claims.[3] Although appellants assert that they had to mitigate their damages and so

---

[3] It is for this reason that we find *In re Telephone Co.*, 308 B.R. 579 (Bankr. M.D. Fla. 2004) inapposite. In that case, the IRS was permitted a post-confirmation amendment of its claim because it provided adequate notice to the bankruptcy court that the examination of the claim amount was pending and that the debtor was not cooperative, thus producing delay.

7

did not know for some time how much lost rent to claim, they state in their brief on appeal that such efforts were "concluded in late 2006." Nevertheless, they allowed, without objection, the plan to be confirmed on November 9, 2006, and, without objection, their initial claims to be reduced on November 30, 2006. It was not until two months later, on January 5, 2007, that they filed their amended claims. Such tardiness cannot be excused in this case.

We can find no compelling reason that would support amendment of appellants' claims that have been precluded by the *res judicata* effect of Winn-Dixie's confirmed plan. Accordingly, the judgment of the district court upholding the bankruptcy court's decision to sustain Winn-Dixie's objections to amendment of appellants' claims is hereby

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia